IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAMBRIDGE UNIVERSITY PRESS, et al,

Plaintiffs,

vs.

CARL V. PATTON, in his official capacity
as Georgia State University President, et al.,

Defendants.

Civil Action No. 1:08-CV-1425-ODE

# JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

   (a) Describe briefly the nature of this action.

**RESPONSE:**

This is an action for copyright infringement under 17 U.S.C. §§ 101 *et seq.* Plaintiffs Cambridge University Press, Oxford University Press, Inc., and Sage Publications, Inc. ("Plaintiffs") seek a declaration of copyright infringement, permanent injunctive relief, attorneys' fees and costs of this action from and against Defendants Carl V. Patton, in his official capacity as Georgia State University President, Ron Henry, in his official capacity as Georgia State University Provost, Charlene Hurt, in her official capacity as Georgia State University Dean of Libraries,

and J.L. Albert, in his official capacity as Georgia State University Associate Provost for Information Systems and Technology ("Defendants").

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**RESPONSE:**

Plaintiffs are publishers that sell or license various works such as books, articles, journals, and periodicals to college libraries, university libraries, and students throughout the United States. Defendants are professional university administrators that provide oversight to professors, librarians, and others at Georgia State University, a constitutional department in the executive branch of government of the State of Georgia, as set forth in 1983 Ga. Const. Art. VIII, Sec. IV, Par. I ("GSU"), that provides college-level and advanced courses of study. In the provision of such educational services, the GSU library offers students digitized course reading materials through its "Eres" electronic course reserve website. In addition, GSU offers digitized course reading materials through the Blackboard/WebCT Vista course management system, which Defendants contend are merely excerpts. Plaintiffs also allege that course reading materials are provided through faculty and departmental pages on the GSU Internet website, and that students can view, download, and print such materials.

2

Plaintiffs allege that Defendants or individuals in their employ or control or in the employ or control of GSU are infringing Plaintiffs' copyrights by providing students access to Plaintiffs' copyrighted materials through the services and websites described above without permission or licenses. Plaintiffs seek to enjoin the Defendants, and any individuals in their employ or control or in the employ or control of GSU, from providing such access to works without first securing licenses or permission.

Defendants deny that they are infringing Plaintiffs' copyrights or inducing infringement of Plaintiffs' copyrights by providing such access. Defendants contend that GSU's conduct is protected by the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, or permission granted by the copyright holder. Defendants assert additional defenses, including that they are protected by library immunity under 17 U.S.C. § 108, and the doctrines of qualified immunity, sovereign immunity, and Eleventh Amendment immunity.

(c) The legal issues to be tried are as follows:

**RESPONSE:**

> A. Whether Defendants or individuals in their employ or control or in the employ or control of GSU directly infringe Plaintiffs' copyrights in the copyrighted works named in Plaintiffs' Complaint, in violation of 17 U.S.C. § 106;

3

B. Whether Defendants or individuals in their employ or control or in the employ or control of GSU contributorily or vicariously infringe Plaintiffs' copyrights in the copyrighted works named in Plaintiffs' Complaint, in violation of 17 U.S.C. § 106, 501-503, and 505;

C. Whether the complained of use of Plaintiffs' copyrighted materials by Defendants or individuals in their employ or control is protected by the statutory doctrine of fair use;

D. Whether Plaintiffs are entitled to recover their attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

E. Whether Defendants are entitled to recover their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

In addition, Defendants have identified the following as legal issues to be tried:

A. Whether Plaintiffs gave Defendants permission to provide students access to Plaintiffs' copyrighted works through GSU's library services, including its electronic library services;

B. Whether Defendants are immune from suit and/or their conduct is protected under the doctrines of qualified immunity, sovereign immunity, and/or Eleventh Amendment immunity;

C. Whether Plaintiffs are entitled to a permanent injunction irrespective of whether Defendants' conduct is protected under the doctrines of qualified immunity, sovereign immunity, and/or Eleventh Amendment immunity; and

D. Whether Defendants' conduct is protected under 17 U.S.C. § 108, which governs the reproduction or distribution of copyrighted works by libraries.

(d)     The cases listed below (include both style and action number) are:

**RESPONSE:**

(1) Pending Related Cases: Not applicable.

(2) Previously Adjudicated Related Cases: Not applicable.

2. **The case is complex because it possesses one or more of the features listed below (please check):**

**RESPONSE:**

Defendants contend that the following features of the case apply:

- ☐ (1) Unusually large number of parties
- ☐ (2) Unusually large number of claims or defenses
- ☒ (3) Factual issues are exceptionally complex
- ☒ (4) Greater than normal volume of evidence
- ☒ (5) Extended discovery period is needed
- ☐ (6) Problems locating or preserving evidence
- ☐ (7) Pending parallel investigations or action by government
- ☒ (8) Multiple use of experts
- ☐ (9) Need for discovery outside United States boundaries
- ☐ (10) Existence of highly technical issues and proof

Plaintiffs disagree that features (3), (4), or (8) apply.

3. **Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

**RESPONSE:**

**For Plaintiffs:**
R. Bruce Rich
Edward B. Krugman

**For Defendants:**
Mary Jo Volkert
Anthony B. Askew

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

**RESPONSE:** ☐ Yes (Statement attached)  ☒ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

**RESPONSE:**

Defendants contend that the Board of Regents of the University System of Georgia is a necessary party who has not been joined.

(b) The following persons are improperly joined as parties:

**RESPONSE:**

Defendants contend that Carl V. Patton, in his official capacity as Georgia State University President, Ron Henry, in his official capacity as Georgia State University Provost, Charlene Hurt, in her official capacity as Georgia State

6

University Dean of Libraries, and J.L. Albert, in his official capacity as Georgia State University Associate Provost for Information Systems and Technology, are persons improperly named as parties. Plaintiffs disagree.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**RESPONSE:**

Not applicable.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**RESPONSE:**

Plaintiffs:

Apart from the potential joinder of the Board of Regents of the University System of Georgia, as described above in Section 5, Plaintiffs do not anticipate any amendments to the Complaint at this time. Plaintiffs reserve their right to amend their Complaint consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Defendants:

Investigation is ongoing and discovery has yet to commence. Defendants believe that it is likely that the evidence discovered may warrant amendment of the Answer and as such, Defendants reserve their right to amend their Answer consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

(b) Amendments to the pleadings submitted LATER THAN 60 DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

8

All other motions must be filed WITHIN 30 DAYS after the preliminary report and discovery schedule is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within 20 days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**RESPONSE:**

The parties do not object.

NY1:\1570488\01\XNS_01!.DOC\38985.0007

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**RESPONSE:**

The parties request a scheduling conference to discuss the appropriate length of the discovery period. See paragraph 10 below.

## 10. Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed.

NY1:\1570488\01\XNS_01!.DOC\38985.0007

**RESPONSE:**

Without conceding that the following fall within the proper scope of Rule 26, Plaintiffs currently anticipate seeking discovery on the following:

(1) Issues concerning the operation of the GSU electronic course reserves service, Blackboard/WebCT Vista course management system, and other course management systems and/or websites used to distribute course reading material;

(2) Course reading materials made available to students through the systems described in (1);

(3) Course reading materials made available through other GSU websites;

(4) GSU personnel involved with the systems described in (1);

(5) Issues concerning GSU's licensing of course reading materials in hard-copy formats, including coursepacks; and

(6) Issues concerning Plaintiffs' copyrighted works and GSU's providing access to those works through its electronic course reserves service, Blackboard/WebCT Vista course management system, and other course management systems and websites.

(7) GSU policies, practices and enforcement related to the provision of course reading materials through its electronic course reserves service, Blackboard/WebCT Vista course management system, and other course management systems and websites, including how determinations of fair use and/or the need for licenses are made.

Defendants currently anticipate seeking discovery on the following:

(1) Issues concerning fair use of copyrighted works by GSU and others;

(2) Issues concerning the extent to which GSU's electronic library service causes market harm to the copyrighted works named in Plaintiffs' Complaint;

(3) Issues concerning mechanisms for the licensing of Plaintiffs' copyrighted materials for use in paper coursepacks and electronic distribution systems;

(4) Issues concerning licenses for Plaintiffs' copyrighted materials;

(5) Issues concerning permission by Plaintiffs to provide access to Plaintiffs' copyrighted materials through GSU's library services, including its electronic library service; and

(6) Issues concerning the nature, content, scope and/or validity of the copyrights for Plaintiffs' works.

Other issues may arise as discovery proceeds. Thus, these categories should not be considered to be exhaustive, and the parties are free to seek any discovery that is proper under the Federal Rules of Civil Procedure.

If the parties anticipate that additional time beyond the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**RESPONSE:**

Plaintiffs have stated that there may be as many as 6700 works at issue in this action. Given the highly technical nature of proof and the extensive number of works at issue, Plaintiffs submit that a discovery period of six (6) months is

12

appropriate for completion of discovery and Defendants submit that a discovery period of eight (8) months is appropriate for completion of discovery.

## 11. Discovery Limitation:

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

**RESPONSE:**

Since discovery has yet to commence, the parties are not yet able to determine if changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court. Should the parties, whether separately or jointly, determine changes are necessary, they will promptly notify the Court and make the appropriate filing consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

## 12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**RESPONSE:**

None contemplated at this time.

NY1:\1570488\01\XNS_01!.DOC\38985.0007

13. **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on July 9, 2008, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**RESPONSE:**

For Plaintiffs:

Lead counsel (signature): <u>Edward B. Krugman; R. Bruce Rich</u>

Other participants: <u>Randi Singer, Corey F. Hirokawa, Todd Larson</u>

For Defendants:

Lead counsel (signature): <u>Anthony B. Askew</u>

Other participants: <u>Stephen M. Schaetzel; George S. Zier</u>

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

- ☒ A possibility of settlement before discovery
- ☒ A possibility of settlement after discovery
- ☐ A possibility of settlement, but a conference with the judge is needed
- ☐ No possibility of settlement

14

(c) Counsel ☒ do or ☐ do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The parties have not yet proposed a date for the next settlement conference.

(d) The following specific problems have created a hindrance to settlement of this case.

**RESPONSE:**

Not applicable.

**14. Trial by a Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties ☐ do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this ____ day of _____, 2008.

(b) The parties ☒ do not consent to having this case tried before a magistrate judge of this Court.

15

Respectfully submitted this 25th day of July, 2008.

/s/ Edward B. Krugman
Edward B. Krugman
krugman@bmelaw.com
Georgia Bar No. 429927
Corey F. Hirokawa
hirokawa@bmelaw.com
Georgia Bar No. 357087

BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

R. Bruce Rich
Randi Singer
Todd D. Larson

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Plaintiffs*

THURBERT E. BAKER    033887
Attorney General

R. O. LERER          446962
Deputy Attorney General

DENISE E. WHITING-PACK  558559
Senior Assistant Attorney General

16

Assistant S. Attorney General
40 Capitol Square
Atlanta, Georgia 30334

King & Spalding
1180 Peachtree Street
Atlanta, Georgia 30309

/s/ Mary Joe Volkert
MARY JO VOLKERT
Georgia Bar No. 728755
Assistant Attorney General


Anthony B. Askew
Georgia Bar No. 025300
Special Assistant Attorney General
Stephen M. Schaetzel
Georgia Bar No. 628653
Kristen A. Swift
Georgia Bar No. 702536

*Attorneys for Defendants*

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Schedule form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2008.

_____
United States District Judge

NY1:\1570488\01\XNS_01!.DOC\38985.0007

# CERTIFICATE OF SERVICE AND TYPE

Pursuant to Local Rule 7.1D, the undersigned counsel for Plaintiffs hereby certify that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 25th day of July, 2008, the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY SCHEDULE** as electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

> Mary Jo Volkert, Esq.
> Assistant S. Attorney General
> 40 Capitol Square
> Atlanta, Georgia 30334

And by United States Mail to:

> Anthony B. Askew, Esq.
> King & Spalding
> 1180 Peachtree Street
> Atlanta, Georgia 30309

This 25th day of July, 2008.

/s/Edward B. Krugman

NY1:\1570488\01\XNS_01!.DOC\38985.0007