IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAMBRIDGE UNIVERSITY PRESS, et al,

        Plaintiffs,

vs.

CARL V. PATTON, in his official capacity
as Georgia State University President, et al, ,

        Defendants.

Civil Action No. 1:08-CV-1425-ODE

## **DEFENDANTS' INITIAL DISCLOSURES**

Defendants CARL V. PATTON, in his official capacity as Georgia State University President, RON HENRY, in his official capacity as Georgia State University Provost, CHARLENE HURT, in her official capacity as Georgia State University Dean of Libraries, and J.L. ALBERT, in his official capacity as Georgia State University Associate Provost for Information Systems and Technology ("University Administrators" or "Defendants"), pursuant to Local Rule 26.1 and Rule 26 of the Federal Rules of Civil Procedure, and without waiving any claim of attorney-client privilege, work product protection, or trade secret protection, respectfully submit their Initial Disclosures to Plaintiffs Cambridge University Press, Oxford University Press, Inc., and Sage Publications, Inc. ("Plaintiffs"). The

University Administrators expressly reserve the right to supplement these disclosures and to introduce additional information in connection with any motion, hearing, or trial as discovery proceeds.

**1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Without conceding the merits of Plaintiffs' claims, and specifically denying them, the University Administrators state that they have been properly identified.

**2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

The University Administrators contend that the Board of Regents of the University System of Georgia ("Board of Regents") is a necessary party who has not been joined. The University Administrators further contend that Carl V. Patton, in his official capacity as Georgia State University President, Ron Henry, in his official capacity as Georgia State University Provost, Charlene Hurt, in her official capacity as Georgia State University Dean of Libraries, and J.L. Albert, in his official capacity as Georgia State University Associate Provost for Information Systems and Technology, are persons improperly named as parties. The Board of Regents is the proper entity to be named, not the individuals.

**3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

The University Administrators refer to their Answer for a factual basis for the defenses of the University Administrators in this matter. Because discovery has not yet begun, the University Administrators reserve the right to supplement this disclosure in accordance with Fed. R. Civ. P. 26. Without limiting the factual and legal defenses available to them stated in their Answer, or limiting their ability to supplement this response as additional facts are developed during discovery or otherwise, the University Administrators offer the following details as a factual basis for their defenses:

The University Administrators deny that they have infringed any valid copyright owned by Plaintiffs. The library at Georgia State University ("GSU") facilitates GSU professors in posting excerpts of supplemental reading materials for particular courses to GSU's electronic reserve systems ("ERes") and assists GSU students in downloading and viewing the posted excerpts. GSU also offers digitized course offerings through ERes, through its Blackboard/WebCT Vista electronic course management system, and through its departmental web pages and hyperlinked online syllabi available on websites and computer servers. Only students who are given a specific password by an instructor can access the excerpts

posted on ERes. The supplemental reading material excerpts offered by the GSU library through ERes are intended to offer students online access to such excerpts held in reserves by the GSU library, and are not digital replacements or substitutes for paper "coursepacks" or "copy packs."

In so doing, GSU relies upon the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 et seq. or permission granted by the copyright holder. The University Administrators assert additional defenses, including that they are protected by library immunity under 17 U.S.C. § 108, that they are immune from suit in federal court pursuant to the doctrines of Eleventh Amendment immunity, qualified immunity, and sovereign immunity, and that Plaintiffs' claims are barred in whole or in part by Plaintiffs' laches and acquiescence, by the applicable statute of limitations, by lack of causation, by the independent-duty doctrine, and by the doctrines of waiver, estoppel and unclean hands. The University Administrators reserve the right to raise any other defenses allowed by law at such time as the allegations are more specifically pled or developed.

**4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

The University Administrators incorporate into their response to this question all of those statutes, codes, legal principles, standards and customs or usages, and illustrative case law that are contained in their answer.

Nevertheless, in addition to the statutes, codes, legal principles, standards and customs or usages that are contained in their answer, the University Administrators contend that the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 et seq., library immunity under 17 U.S.C. § 108, the doctrines of Eleventh Amendment immunity, sovereign immunity, and qualified immunity, and case law and regulatory interpretations thereto, are applicable to this action, including by way of illustration only and without limitation: <u>Williams & Wilkins Co. v. U.S.</u>, 487 F.2d 1345 (Ct. Cl. 1973), <u>Harper & Row v. Nation Enterprises</u>, 471 US 539 (1985), <u>Basic Books, Inc. v. Kinko's Graphics Corp.</u>, 758 F. Supp. 1522 (S.D.N.Y. 1991), <u>Encyclopedia Britannica Educational Corp. v. Crooks</u>, 542 F. Supp. 1156 (W.D.N.Y. 1982), <u>Greenberg v. Nat'l Geographic Society</u>, No. 05-16964, 2008 U.S. App. LEXIS 13832 (11th Cir. Jun. 30, 2008), <u>A.V. v. iParadigms, LLC</u>, 544 F. Supp. 2d 473 (E.D. Va. 2008), <u>Peter Letterese and Associates Inc v. World Institute of Scientology Enterprises Internat'l</u>, No. 05-05129, 2008 U.S. App. LEXIS 14496 (11th Cir. Jul. 8, 2008), <u>American Geophysical Union v. Texaco, Inc.</u>, 60 F.3d 913 (2d Cir. 1994), <u>Assoc.</u>

of American Med. Colleges v. Cuomo, 928 F.2d 519 (2d Cir. 1991), Princeton Univ. Press v. Michigan Doc. Services, Inc., 99 F.3d 1381 (6th Cir. 1996), Nat'l Assoc. of Boards of Pharmacy v. Board of Regents of the Univ. System of Georgia, No. 3:07-cv-084, 2008 U.S. Dist. LEXIS 32116 (M.D. Ga. Apr. 18, 2008) and Ex Parte Young, 209 U.S. 123 (1908).

**5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

The University Administrators have identified the people of whom they are currently aware who are likely to have discoverable information relating to this lawsuit in Attachment A. The University Administrators reserve the right to supplement their response to this question as they gain additional information.

**6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 702, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

The University Administrators have not yet identified the persons that they may use at trial to present evidence under Rules 702, 703, and/or 705 of the Federal Rules of Civil Procedure.

**7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody,**

or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Listed in Attachment C are those documents that the University Administrators may use to support their claims or defenses. The University Administrators reserve the right to supplement their response in accordance with the Federal Rules, the Local Rules, and the Rules and Orders of this Court.

**8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of , or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including material bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

The University Administrators are not claiming any damages at this time, other than their costs and legal fees incurred in defending this action.

**9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

As set forth in response to Item 2 herein above, the University Administrators contend that if there is any liability to Plaintiffs, which is disputed, the Board of Regents is the proper party and not the University Administrators. The charter of the Board of Regents, as modified by an act of the General

Assembly of Georgia in 1931, provides that the government, management and control of the affected member institution, GSU, is vested exclusively with the Board of Regents. The address of the Board of Regents is as follows: Board of Regents of the University System of Georgia, 270 Washington Street, SW, Atlanta, Georgia 30334.

**10)** **Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

The University Administrators do not at this time have any such insurance agreements.

Respectfully submitted this 28th day of July, 2008.

THURBERT E. BAKER   033887
Attorney General

R. O. LERER   446962
Deputy Attorney General

DENISE E. WHITING-PACK  558559
Senior Assistant Attorney General

/s/ Mary Jo Volkert_____
MARY JO VOLKERT
Georgia Bar No. 728755
Assistant Attorney General

*King & Spalding LLP*
Anthony B. Askew
Georgia Bar No. 025300
Special Assistant Attorney General
Stephen M. Schaetzel
Georgia Bar No. 628653
Kristen A. Swift
Georgia Bar No. 702536

***Attorneys for Defendants***

# CERTIFICATE OF SERVICE AND TYPE

Pursuant to Local Rule 7.1D, the undersigned counsel for Defendants hereby certifies that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 28th day of July, 2008, the foregoing **Defendants' Initial Disclosures** as electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

| | |
|---|---|
| Edward B. Krugman | R. Bruce Rich |
| krugman@bmelaw.com | Randi Singer |
| Georgia Bar No. 429927 | Todd D. Larson |
| Corey F. Hirokawa | WEIL, GOTSHAL & MANGES LLP |
| hirokawa@bmelaw.com | 767 Fifth Avenue |
| Georgia Bar No. 357087 | New York, New York 10153 |
| BONDURANT, MIXSON & | Telephone: (212) 310-8000 |
| ELMORE, LLP | Facsimile: (212) 310-8007 |
| 1201 West Peachtree Street NW | |
| Suite 3900 | |
| Atlanta, GA  30309 | |
| Telephone: (404) 881-4100 | |
| Facsimile: (404) 881-4111 | |

**Attachment "A"**

This disclosure lists persons who may have information that University Administrators may use to support their defenses to all of the claims pled in Plaintiffs' Complaint, without regard to the legal merit of those claims. All of the persons listed below may be contacted through the undersigned counsel.

By serving this disclosure, the University Administrators do not waive any of their legal challenges to those claims or acknowledge that any of these persons possess discoverable information. The University Administrators will amend or supplement this disclosure as necessary as this matter proceeds.

| **Name** | **Title** |
|---|---|
| Carl V. Patton | President |
| Ron Henry | Provost |
| J. L. Albert | Associate Provost & CIO |
| Charlene Hurt | Dean of Libraries (retired) |
| Jim Palmour | Info. Sys. Spec. Lead, Library Services Support |

| | |
|---|---|
| Laura Burtle | Assoc. Dean Acad., Library |
| Marjorie Denis Dimsdale | Lib. Assoc. I, Library |
| Denita Hampton | Mgr. Lib. Svcs., Library |
| Paula Christopher | Proj. Mgr., Univ. Educ. Tech. Svcs. |
| Nancy P. Johnson | Law Librarian, Professor |
| Diane D. Belcher | Associate Professor, Applied Linguistics & ESL |
| Jodi Kaufmann | Assistant Professor, Educational Policy Studies |
| James Gordon Emshoff | Associate Professor, Psychology |
| Kim D. Reimann | Assistant Professor, Political Science |
| Nathaniel Leon Orr | Professor, School of Music |
| John David Bunting | Lecturer, Senior, Applied Linguistics & ESL |
| Jeffrey Lewis Lazarus | Assistant Professor, Political Science |

| | |
|---|---|
| Isa Blumi | Assistant Professor, History |
| James F. Darsey | Professor, Communication |
| Patricia Dixon | Associate Professor, African-American Studies |

**Attachment "C"**

This disclosure lists documents that University Administrators may use to support their claims or defenses. By serving this disclosure, the University Administrators do not waive any of their legal challenges to those claims or objections they may have to the relevance and admissibility of these documents.

1. Policies and procedures for digitizing and uploading excerpts on GSU's website;

2. Archived ERes system maintained by library services support group; and

3. Data compilations concerning frequency with which students access digitized course excerpts on ERes.