IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAMBRIDGE UNIVERSITY PRESS,
OXFORD UNIVERSITY PRESS, INC.,
and SAGE PUBLICATIONS, INC.,

Plaintiffs,

v.

CARL V. PATTON, in his official capacity
as Georgia State University President, et al,

Defendants.

CIVIL ACTION
FILE NO. 1:08-1425-ODE

DUPLICATE

## PLAINTIFFS' INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

This is an action under the United States Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiffs allege that Georgia State University's ("GSU") unauthorized copying, display, and distribution of Plaintiffs' written works to GSU students in electronic format over campus computer systems (as effectuated by Defendants or GSU employees in their control) violates Plaintiffs' exclusive copyright rights in those works. Plaintiffs also allege that Defendants' activities constitute

161287

contributory and vicarious copyright infringement. Plaintiffs seek declaratory and injunctive relief against Defendants to prevent such copying and distribution in the future without permission from the copyright owner and payment of proper license fees.

Georgia State University provides several mechanisms/forums on its campus computer system and University website that allow Georgia State professors and staff to provide students in their courses with electronic copies of course reading material. These include "ERes," or "Electronic Course Reserves," an area of the University Library's internet website where professors and staff can (using the ERes software) upload course reading materials to University servers in digital format, and where each student can download, view and print copies of the posted reading material. These mechanisms also include WebCT Vista, an online "course management system" that similarly allows professors to distribute course reading materials to students through centralized course-specific websites hosted on University servers and accessible through the University website.

Using these mechanisms, as well as faculty and departmental websites (likewise hosted on University servers), Georgia State faculty and other staff have provided, and continue to provide, Georgia State students with electronic copies of course reading materials. They have done so in excess of any privilege provided

by law, without obtaining permission from the copyright holders, and without paying license fees. The unlicensed electronic excerpts include entire articles, multiple chapters of books, and excerpts totaling dozens or even hundreds of pages. The same reading excerpts are sometimes delivered to students in multiple semesters, and are often bundled with other excerpts to create an electronic anthology or coursepack; certain professors have provided students in their courses with as many as 80 course readings in electronic format for a single course. During the Spring 2008 semester, the ERes system at Georgia State listed approximately 6700 works for over 600 courses.

The legal issues to be tried are as follows:

a) Whether the Defendants or individuals in their employ or control or in the employ or control of GSU directly infringe Plaintiffs' copyrights in the copyrighted works named in Plaintiffs' Complaint, in violation of 17 U.S.C. § 106;

b) Whether the Defendants or individuals in their employ or control, or in the employ or control of GSU, contributorily or vicariously infringe Plaintiffs' copyrights in the copyrighted works named in Plaintiffs' Complaint, in violation of 17 U.S.C. §§ 106, 501-503, and 505;

c) Whether the complained of use of the excerpts from Plaintiffs' copyrighted materials by the Defendants or individuals in their employ or control, some of which excerpts are described in detail in Plaintiffs' Complaint, is protected by the statutory doctrine of fair use;

d) Whether Plaintiffs are entitled to recover their attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

e) Whether the Defendants are entitled to recover their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this case.**

Legal authority that the plaintiffs contend to be applicable to this case includes the following:

A) The United States Copyright Act, 17 U.S.C. § 101 *et seq.* (specifically including §§ 106, 501-503, 505).

B) *Princeton Univ. Press v. Michigan Document Servs., Inc.*, 99 F.3d 1381 (6th Cir. 1996).

C) *Basic Books, Inc.* v. *Kinko's Graphics Corp.*, 758 F. Supp. 1522 (S.D.N.Y. 1991).

D) *American Geophysical Union* v. *Texaco Inc.*, 60 F.3d 913 (2d Cir. 1994).

E) *Peter Letterese & Assocs., Inc.* v. *World Institute of Scientology Enters.*, No. 05-15129 (11th Cir., July 8, 2008) (slip. op.).

F) *Harper & Row, Publishers, Inc.* v. *Nation Enters.*, 471 U.S. 539 (1985).

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

In addition to the named Defendants, Plaintiffs identify the following people as likely to have discoverable information that may be used to support Plaintiffs' claims. Plaintiffs reserve the right to supplement this list should additional individuals be identified in the course of discovery:

The following may be contacted through Plaintiffs' counsel:

| Name | Last Known Address and Telephone Number | Subjects |
| --- | --- | --- |
| Marc Anderson, Rights and Permissions Manager | Cambridge University Press 32 Avenue of the Americas New York, N.Y. 10013 (212) 924-3900 | Ownership and registration of works; direct licensing of works |

5

| | | |
|---|---|---|
| Richard Ziemacki, President | Cambridge University Press<br>32 Avenue of the Americas<br>New York, N.Y. 10013<br>(212) 924-3900 | Harm to business caused by defendant activities |
| Frank Smith, Editorial Director, Academic Books | Cambridge University Press<br>32 Avenue of the Americas<br>New York, N.Y. 10013<br>(212) 924-3900 | Harm to business caused by defendant activities |
| Liza Murphy, Director of Sales & Marketing | Cambridge University Press<br>32 Avenue of the Americas<br>New York, N.Y. 10013<br>(212) 924-3900 | Harm to business caused by defendant activities |
| Mike Robinson, Rights Operations Manager | Oxford University Press, Inc.<br>198 Madison Ave.<br>New York, NY 10016<br>(212) 726-6200 | Ownership and registration of works |
| Fiona Bennett, Director, UK Business Development and Rights | Oxford University Press<br>Great Clarendon St.<br>Oxford OX2 6DP United Kingdom<br>(011) 44 1865 556767 | Direct licensing of works |
| John Challice, Vice President & Publisher, Higher Education | Oxford University Press, Inc.<br>198 Madison Ave.<br>New York, NY 10016<br>(212) 726-6200 | Harm to business caused by defendant activities; finances of business |
| Niko Pfund, Vice President & Publisher, Academic & Trade | Oxford University Press, Inc.<br>198 Madison Ave.<br>New York, NY 10016<br>(212) 726-6200 | Harm to business caused by defendant activities; finances of business |
| Carol Richman, Director of Licensing | SAGE Publications, Inc.<br>2128 E. Baltimore St.<br>Baltimore, MD 21231<br>(410) 327-6808 | Direct licensing of works; harm to business caused by defendant activities |
| Sara Van Valkenburg, Contracts Manager | SAGE Publications, Inc.<br>2455 Teller Road<br>Thousand Oaks, CA 91320<br>(805) 499-0721 | Ownership and registration of works |

| David Horowitz, Vice President, Sales | SAGE Publications, Inc. 2455 Teller Road Thousand Oaks, CA 91320 (805) 499-0721 | Harm to business caused by defendant activities |

(4) **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.**

Plaintiffs will provide the name of any expert they may use at trial at the time such expert is identified.

(5) **Provide a copy of, or a description by category and location of, electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

    a) Contracts and related documents evidencing plaintiff ownership/control of works subject to suit.

    b) Copyright registration certificates for works subject to suit.

    c) Documents sufficient to demonstrate Plaintiffs' licensing and permissions practices.

    d) Documents sufficient to show Plaintiffs' sales and licensing activities in relation to the higher education/academic market.

All such documents are located in hard-copy files or on computer servers in (or accessible from) the Plaintiffs' offices.

7

Plaintiffs reserve the right to identify additional documents related to its claims as discovery continues. Disclosures will be supplemented as required by Rule 26(e).

(6) **In the space provided below, provide a computation of any category of damages claimed by you.**

Plaintiffs seek only injunctive relief in this action. Plaintiffs do, however, seek an award of attorneys' fees.

(7) **Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

N/A

(8) **Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

N/A

Respectfully submitted this 28th day of July, 2008.

Edward B. Krugman
Georgia Bar No. 429927
Corey F. Hirokawa
Georgia Bar No. 357087

BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111
krugman@bmelaw.com
hirokawa@bmelaw.com

          R. Bruce Rich
          Randi Singer
          Todd D. Larson

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
r.bruce.rich@weil.com
randi.singer@weil.com
todd.larson@weil.com

          *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **PLAINTIFFS' INITIAL DISCLOSURES** on counsel of record via hand delivery addressed as follows:

>Anthony B. Askew, Esq.
>King & Spalding
>1180 Peachtree Street
>Atlanta, Georgia 30309

And via United States Mail to:

>Mary Jo Volkert, Esq.
>Assistant S. Attorney General
>40 Capitol Square
>Atlanta, Georgia 30334

This 28th day of July, 2008.

_____
Edward B. Krugman