# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS, et al, <br><br> Plaintiffs, <br><br> -*vs.*- <br><br> CARL V. PATTON, in his official capacity as Georgia State University President, et al, <br> Defendants. | Civil Action No. <br> 1:08-CV-1425-ODE |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD ADDITIONAL DEFENDANTS**

NOW COME defendants CARL V. PATTON, in his official capacity as Georgia State University President, RON HENRY, in his official capacity as Georgia State University Provost, CHARLENE HURT, in her official capacity as Georgia State University Dean of Libraries, and J.L. ALBERT, in his official capacity as Georgia State University Associate Provost for Information Systems and Technology (collectively, "University Administrators" or "Defendants"), and respectfully request the Court to deny -- in part -- Plaintiffs' Motion for Leave to Amend the Complaint to Add Additional Defendants ("the Motion"). In their

Motion, Plaintiffs seek to add the Board of Regents of the University System of Georgia, an agency of the State of Georgia created by O.C.G.A. § 20-3-20 ("Board" or "Board of Regents"), as a defendant in this case. As an agency of the state, the Board of Regents is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution. Because the Board is immune from suit, Plaintiffs' Motion should be denied to the extent it seeks to add the Board as a defendant.[1]

## BACKGROUND

This case involves claims of copyright infringement made by Cambridge University Press, Oxford University Press, Inc., and Sage Publications, Inc. (collectively, "Plaintiffs") against the University Administrators.

Professors at Georgia State University ("GSU") offer excerpts of reading materials for particular courses to students enrolled in such courses via GSU's electronic reserve system and uLearn system. Professors at GSU also offer digitized course information to students via course web pages and faculty web pages. The course reading material excerpts are intended to allow students online access to such excerpts, and are not intended to be digital replacements or substitutes for textbooks or paper "coursepacks." In so doing, the University

---

[1] The University Administrators do not oppose adding as defendants the individual members of the Board in their official capacities.

Administrators rely at least in part upon the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 et seq. or permission granted by the copyright holder.

Plaintiffs move to amend their complaint to add as defendants the Board of Regents and the individual members of the Board in their official capacities. Because the Board is entitled to sovereign immunity under the Eleventh Amendment, the Plaintiffs' motion to amend the complaint, with respect to the Board of Regents, should be denied for the reasons set forth herein.

## ARGUMENT AND CITATION OF AUTHORITIES

### I. The Board of Regents is Immune from Suit Under the Eleventh Amendment

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Under the Eleventh Amendment, a person may not bring suit against a state in federal court. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). This immunity extends to state agencies, instrumentalities, and other arms of the State. See Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp., 208 F.3d 1308, 1311 (11th Cir.

2003) ("It is well established that Eleventh Amendment immunity encompasses not only cases in which the State itself is named as a defendant, but also certain actions against state agents and state instrumentalities.") (citing Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997)).

The Board of Regents is an arm of the State of Georgia. See O.C.G.A. § 20-3-36 (2008) ("The applicability of the doctrine of sovereign immunity to the board of regents is reaffirmed, except to the extent that the General Assembly may expressly provide."); see also Nat'l Ass'n of Bds. of Pharm. v. Bd. of Regents of the Univ. Sys. of Ga., No. 3:07-CV-084, 2008 WL 1805439, at * 3 (M.D. Ga. Apr. 18, 2008) ("Here, the parties do not dispute that the Board is an arm of the State of Georgia."). As an arm of the State, the Board is entitled to full sovereign immunity under the Eleventh Amendment.

## II. The State of Georgia has not Waived its Sovereign Immunity in this Case

A state does not waive its Eleventh Amendment sovereign immunity unless the state voluntarily invokes federal jurisdiction or makes a "clear declaration" that it intends to submit itself to federal jurisdiction. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675-76 (1999). Here, the State of Georgia has neither voluntarily invoked federal jurisdiction, nor manifested a clear intent to submit itself to federal jurisdiction.

According to the Georgia Constitution, the State of Georgia may only waive sovereign immunity "by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. art. I, § II, para. IX. Although the Georgia General Assembly did express a clear intent to waive sovereign immunity for tort cases filed in state courts in the Georgia Tort Claims Act, the General Assembly also made clear that: "The state does not waive any immunity with respect to actions brought in the courts of the United States." Georgia Tort Claims Act, O.C.G.A. § 50-21-23(b). Additionally, the General Assembly has not enacted any statute specifically waiving sovereign immunity for copyright infringement suits in federal courts.

Plaintiffs contend that adding the Board of Regents as a defendant is appropriate because the University Administrators identified the Board as a "necessary party." (Pls. Mot. for Leave to Amend 2). The fact that the University Administrators identified the Board as a necessary party does not constitute a waiver of sovereign immunity. Identifying the State as a necessary party does not invoke federal jurisdiction or indicate a clear intent to waive immunity. In fact, the Federal Rules of Civil Procedure contemplate situations where a person is a necessary party, but nevertheless cannot be joined. Fed. R. Civ. P. 19(b) ("If a person who is required to be joined if feasible cannot be joined, the court must

determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."). Thus, because the State of Georgia did not invoke federal jurisdiction, did not manifest a clear intent to waive immunity, and did not enact a statute waiving sovereign immunity in federal court or in copyright cases, there has been no waiver of sovereign immunity for the Board of Regents.

## **CONCLUSION**

Because the Board of Regents is entitled to Eleventh Amendment immunity as an agency of the State of Georgia, the University Administrators respectfully request that the Court deny Plaintiffs' Motion to the extent it seeks to add the Board of Regents as a defendant.

Respectfully submitted this 9th day of October, 2008.

        THURBERT E. BAKER    033887
        Attorney General

        R. O. LERER    446962
        Deputy Attorney General

        DENISE E. WHITING-PACK  558559
        Senior Assistant Attorney General

        */s/ Mary Jo Volkert*_____
        MARY JO VOLKERT
        Georgia Bar No. 728755
        Assistant Attorney General

*King & Spalding LLP*
Anthony B. Askew
Georgia Bar No. 025300
Special Assistant Attorney General
Stephen M. Schaetzel
Georgia Bar No. 628653
Kristen A. Swift
Georgia Bar No. 702536

**Attorneys for Defendants**

## CERTIFICATE OF COMPLIANCE

I hereby certify, in accordance with Local Rule 7.1(D), that the foregoing memorandum has been prepared using 14 point Times New Roman font.

*/s/ Kristen A. Swift*
Kristen A. Swift
(Ga. Bar No. 702536)

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS, et al,<br><br>       Plaintiffs,<br><br>     *-vs.-*<br><br>CARL V. PATTON, in his official capacity as Georgia State University President, et al,<br>       Defendants. | Civil Action No.<br>1:08-CV-1425-ODE |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 9th day of October, 2008, I have electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD ADDITIONAL DEFENDANTS** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

| | |
|---|---|
| Edward B. Krugman<br>krugman@bmelaw.com<br>Georgia Bar No. 429927<br>Corey F. Hirokawa<br>hirokawa@bmelaw.com | R. Bruce Rich<br>Randi Singer<br>Todd D. Larson<br><br>WEIL, GOTSHAL & MANGES LLP |

Georgia Bar No. 357087

BONDURANT, MIXSON &
ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA  30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*/s/ Kristen A. Swift*
Kristen A. Swift
(Ga. Bar No. 702536)