UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS, et al,<br><br>      Plaintiffs,<br><br>      -vs.-<br><br>CARL V. PATTON, in his official capacity as Georgia State University President, et al,<br><br>      Defendants. | Civil Action No.<br>1:08-CV-1425-ODE |

## STIPULTED PROTECTIVE ORDER

The parties to this action having agreed, through their respective counsel, to the entry of the following stipulated Protective Order ("Protective Order") under Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED THAT:

### Confidential Materials

1.  Plaintiffs Cambridge University Press, Oxford University Press, Inc., and SAGE Publications, Inc. (collectively "Plaintiffs"); and Defendants Carl V. Patton, Ron Henry, Charlene Hurt, and J.L. Albert (collectively "Defendants") in their official capacity as employees of Georgia State University; and any other

party to this action or any nonparty from whom discovery is sought may designate as "CONFIDENTIAL" documents, things, or other information or evidence contemplated under Rules 26-37, and 45 of the Federal Rules of Civil Procedure produced or provided in this case through discovery, including without limitation, deposition testimony, answers to requests for admissions, answers to interrogatories, and documents or things which contain, include, constitute, refer, or relate to confidential, proprietary, or competitively sensitive information or other business information ("Confidential Materials"). Any such designated Confidential Materials shall be deemed "CONFIDENTIAL" and subject to the provisions of this Protective Order. Copies of Confidential Materials and any receiving party's summary, compilation, or expression in another medium of the Confidential Materials are protected under this Protective Order to the same extent as the original Confidential Materials.

2. Any of the Plaintiffs from whom discovery is sought may designate Confidential Materials as "HIGHLY CONFIDENTIAL—OXFORD ONLY," "HIGHLY CONFIDENTIAL—CAMBRIDGE ONLY," or "HIGHLY CONFIDENTIAL—SAGE ONLY" (hereafter referred to as "HIGHLY CONFIDENTIAL") respectively. If a particular Plaintiff applies the "HIGHLY

CONFIDENTIAL" designation to any Confidential Materials, then access to such Confidential Materials shall be restricted according to the provisions of ¶8 below.

3. Whenever a party or nonparty herein designates documents, things, or other information as Confidential Materials, such must be stamped or marked before its release to the receiving party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The protocol for designating deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is set forth in ¶12 below.

4. No party or nonparty shall designate materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" unless counsel for the producing party or nonparty believes in good faith that the designated material is entitled to protection.

5. Each party reserves the right to dispute the designation of Confidential Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by any other party or nonparty in accordance with this Protective Order. The parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court. Any party believing that any information, documents or things have been inappropriately designated by another party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall inform counsel for the party or nonparty making the designation, in writing. If the parties (and nonparty, if applicable) are

unable to resolve the matter informally within ten (10) days of such writing, the party objecting to the designation may then file an appropriate motion with the Court. Until and unless the Court may finally determine that such documents, information, or materials are not properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the same shall continue to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Protective Order. The party requesting Court review has the burden of demonstrating the item of protected subject matter does not contain confidential information of such nature as to justify its designated status.

## Compliance with 20 U.S.C. § 1232g

6. Under the Family Educational Rights and Privacy Act ("FERPA"), Defendants are prohibited from releasing or disclosing information that contains, includes, constitutes, refers, or relates to any private student educational records. *See* 20 U.S.C. § 1232g. This includes any documents or things that contain, include, constitute, refer, or relate to any student transcripts or grade reports or any personally identifiable student information such as student social security numbers, student identification numbers, and individual student gender, race, ethnicity, or nationality information ("FERPA Material"). If Plaintiffs seek through discovery any otherwise discoverable information that also contains non-discoverable

FERPA Material, Defendants shall redact all non-discoverable FERPA Material and shall identify such redactions as "PRIVATE -- FERPA MATERIAL."

### Access To Confidential Materials

7. Access to Confidential Materials that are designated "CONFIDENTIAL" or copies thereof, and the information they contain or reflect, shall be strictly limited to the following persons who agree to be bound by the terms of this Protective Order:

a) Outside counsel for the respective parties and their associates, paralegals, and clerical employees (collectively "Outside Counsel");

b) Designated in-house counsel engaged in the conduct of this action and regular employees of such counsel assigned to and necessary to assist in the conduct of this action;

c) The Office of the Attorney General for the State of Georgia;

d) The Court, court employees, court reporters, stenographic reporters, videographers, and outside copy service providers;

e) Potential witnesses or deponents who are presently or were formerly employed by the party providing the Confidential Materials and who are or were familiar with the content of the Confidential Materials to be disclosed to them during their testimony or deposition, including any witnesses or deponent

who is indicated on the face of the document to be its originator, author, or recipient of a copy of the document;

f) The parties' bona fide independent (i.e., not previously, not presently, or presently planning to become, employed by or affiliated with a party or an affiliated company of a party) outside consultants or experts who are retained solely for the purposes of this litigation and who are not and have no present plans to be employed or engaged by or affiliated with a competitor of the producing party, subject to the provisions of ¶9 below;

g) Employees of Plaintiffs and Defendants, and employees of any companies or institutions affiliated with the Plaintiffs and Defendants, but only if such disclosure is necessary for those employees to assist in the conduct of this action, and in all cases subject to Paragraph 12 below;

h) Any other person to whom Plaintiffs and Defendants agree in writing shall have access;

i) Any other person to whom the Court directs shall have access.

8. Access to Confidential Materials that are designated "HIGHLY CONFIDENTIAL" or copies thereof, and the information they contain or reflect, shall be strictly limited to the following persons who agree to be bound by the terms of this Protective Order:

a) Outside counsel for the parties;

b) In-house counsel and other employees of the particular Plaintiff designating the Confidential Materials as "HIGHLY CONFIDENTIAL" engaged in the conduct of this action and regular employees of such counsel assigned to and necessary to assist in the conduct of this action;

c) The Office of the Attorney General for the State of Georgia;

d) The Court, court employees, court reporters, stenographic reporters, videographers, and outside copy service providers;

e) Potential witnesses or deponents who are presently or were formerly employed by the particular Plaintiff providing the Confidential Materials and who are or were familiar with the content of the Confidential Materials to be disclosed to them during their testimony or deposition, including any witnesses or deponent who is indicated on the face of the document to be its originator, author, or recipient of a copy of the document;

f) The parties' bona fide independent (i.e., not previously, not presently, or presently planning to become, employed by or affiliated with a party or an affiliated company of a party) outside consultants or experts who are retained solely for the purposes of this litigation and who are not and have no present plans

7

to be employed or engaged by or affiliated with a competitor of the producing party, subject to the provisions of ¶9 below;

g) Any other person to whom the particular Plaintiff designating the Confidential Materials "HIGHLY CONFIDENTIAL," the other Plaintiffs, and Defendants agree in writing shall have access;

h) Any other person to whom the Court directs shall have access.

9. Nothing in ¶¶ 7 or 8 above shall restrict the ability of the public to access and inspect documents or information that Defendants must make open to the public under the Open Records Act. (*See* §§ O.C.G.A. 50-18-70 to 50-18-77).

Use of Confidential Materials

10. If documents or other materials containing or embodying Confidential Materials are filed with the Court, they shall be filed under seal and prominently marked as follows:

> CONFIDENTIAL - FILED UNDER SEAL
> IN ACCORDANCE WITH A PROTECTIVE ORDER ENTERED ON
> [DATE], THE ENCLOSURE(S) SHALL BE TREATED AS
> CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON
> OTHER THAN THOSE PERSONS DESIGNATED IN THE
> PROTECTIVE ORDER;
>
> or
>
> "HIGHLY CONFIDENTIAL" - FILED UNDER SEAL
> IN ACCORDANCE WITH A PROTECTIVE ORDER ENTERED ON
> [DATE], THE ENCLOSURE(S) SHALL BE TREATED AS

CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN THE PROTECTIVE ORDER.

as appropriate.

11. If a question is asked at a deposition that calls for or results in the disclosure of Confidential Materials, counsel for the party claiming such confidentiality may designate the question and answer as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by making, at the deposition, a statement on the record so designating such portions, and shall direct the reporter to place such designated Confidential Materials on separate transcript pages prominently marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate. Regardless of whether notice was given at the deposition, deposition transcripts shall be treated as Confidential Material under this Protective Order for twenty (20) days after delivery of the transcript to the parties. Counsel for the deponent shall have twenty (20) days after receipt of the deposition transcript within which to inform the deposing party of the portions of the transcript (by specific page and line numbers) to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate. Subject to ¶¶15 and 16 below, designation of confidentiality is waived after the expiration of the 20-day period, unless designated at the time of the deposition or within the 20-day period, or

otherwise stipulated or ordered. Any person present at a deposition who has not signed an "Acknowledgement to Be Bound By Protective Order" and is not authorized to receive or otherwise review "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Materials shall not be permitted to hear testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate, and shall be required to leave the deposition during such testimony.

12. Every person, firm, or organization receiving Confidential Materials under this Protective Order shall sign Exhibit A to this Protective Order prior to receiving Confidential Materials and attest that he/she/it (a) shall use the same solely for purposes of this action, (b) shall not use the same for any business, commercial, or competitive purpose, and (c) agrees to subject himself/herself/itself to jurisdiction of this Court for the purpose of any proceeding relating to performance under, compliance with, or violation of this Protective Order. The District Court for the Northern District of Georgia shall retain jurisdiction to enforce this Protective Order even after termination of this action.

13. Nothing contained in this Protective Order shall preclude any attorney for a party from advising his or her client concerning this action provided that Confidential Material is not disclosed to the client.

14. Nothing in this Protective Order shall prejudice any party from seeking amendments to this Protective Order that broaden or restrict the rights of access to and use of Confidential Materials.

15. Except as stated herein, by making documents, things, and other information designated as Confidential Materials available for use in this action, neither Plaintiff nor Defendant has waived or compromised the confidentiality or protectability of the information or documents. Neither the taking of any action in accordance with the provisions of the Protective Order, nor the failure to object thereto, shall in any way prejudice any claim or defense in this proceeding or any right of a third party.

## Inadvertent Production

16. If a producing party realizes it has inadvertently produced a document it considers to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" it may contact the receiving party and notify it of such inadvertent production of Confidential Material. The "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" document will thereafter be treated by the receiving party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and will be subject to the terms of this Protective Order. The producing party shall promptly thereafter produce a marked copy of the document and the receiving party shall return or destroy unmarked copies and

attempt to retrieve any unmarked copies from all individuals who received an unmarked copy. A producing party must notify the receiving party of its inadvertent disclosure before the pretrial conference or the confidentiality of the document will be waived.

17. If a producing party realizes it has inadvertently produced a document it considers to be covered by the attorney-client privilege, work product immunity, or other applicable privilege or immunity it may contact the receiving party and notify it of such inadvertent production. Such inadvertent disclosure shall not constitute a waiver of any privilege or immunity if the producing party:

a) notifies the receiving party in writing of the delivery of the inadvertently produced document; and

b) identifies the produced document

i. by either document production number designation; or

ii. by the date(s) of the document, the name(s) of its author(s), and the name(s) of each person to whom the document was addressed.

Upon the receipt of the written notice required under subparts (a) and (b) of this provision, the receiving party will have ten (10) days within which it shall return to the producing party the inadvertently produced privileged document, and all copies thereof, and all notes made regarding such document must be

immediately destroyed, unless the parties mutually agree upon a longer time for return and destruction of the privileged document. No use shall be made of such inadvertently produced material during a deposition or at trial, nor shall such material be shown to anyone (unless the person has already been given access to it) after the request for its return.

18. If any Defendant discovers that it has inadvertently produced a document that it considers to be FERPA Material, it shall notify the receiving party in writing of the delivery of inadvertently produced document and identify the produced document by either its document production number designation or by the date(s) of the document, the name(s) of its author(s), and the name(s) of each person to whom the document was addressed. Upon the receipt of a Defendant's written notice, the receiving party will have three (3) days within which it shall return to the Defendants the inadvertently produced document, and all copies thereof, and all notes made regarding the FERPA Material contained on such document must be immediately destroyed. The Defendants shall, within three (3) business days of notifying the receiving party of the inadvertent production of FERPA Material shall reproduce the document with the FERPA Material redacted. No use shall be made of such inadvertently produced FERPA Material

during a deposition or at trial, nor shall such material be shown to anyone after the request for its return.

19. If any Plaintiff discovers that it has received or obtained any FERPA Material, Plaintiffs shall immediately notify Defendants of such discovery in writing and identify the produced documents by either document production number designations or by the date(s) of the document(s), the name(s) of its author(s). If Defendants determine that the documents are in fact FERPA Material, Defendants shall request that return of the FERPA Material in accordance with ¶ 19 above.

## Production of Electronic Materials

20. When a party possesses discoverable documents and things that are contained in electronic media such as CDs, DVDs, or server back-up tapes, it may produce to the receiving party the CDs, DVDs, and server back-up tapes (or copies thereof) according to the following procedures:

a) The producing party must place a document production number on each individual CD, DVD, back-up tape, or other electronic media and, as appropriate, a label indicating that the media contains materials that are "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL". In so doing, the producing party need not place a document production number on the underlying

documents or things contained on such CDs, DVDs, back-up tapes, or other electronic media.

b) The receiving party may copy the entire content of any CDs, DVDs, back-up tapes, or other electronic media onto servers or hard drives for the limited purpose of facilitating a review of the documents on any such CDs, DVDs, back-up tapes, or other electronic media, subject to the requirements of Paragraph 20(e) below. Before otherwise copying, using or relying upon any underlying documents or things contained on any CD, DVD, back-up tape, or other electronic media, the receiving party must identify to the producing party which underlying documents or things that it may copy, use or rely upon in this action. The receiving party may not copy, use or rely upon the identified documents or things until the identified documents and things so identified are marked with individual document production numbers.

c) Except for the limited purpose of identifying to the producing party the underlying documents or things that it may use under ¶ 20(b) above or as described in ¶ 20(d) below, the receiving party may not make any individual copies, electronically or otherwise, of any underlying documents or things contained on the CDs, DVDs, back-up tapes, or other electronic media that do not bear a document production numbers.

d) To the extent the underlying documents or things consist of electronic data or information that cannot be legibly or comprehensibly printed in hard-copy form (for example, large spreadsheets or databases), the receiving party may maintain such data electronically in its native format, and the electronic file containing such data shall be named with a unique document production number.

e) After the receiving party has completed its review of any CDs, DVDs, back-up tapes, or other electronic media and has identified which documents it may use under ¶ 20(b) above, it must immediately return all such CDs, DVDs, back-up tapes, or other electronic media to the producing party. In the event the receiving party copied the entire content of any CDs, DVDs, back-up tapes, or other electronic media onto any servers or hard drives to facilitate a review of the documents on any such CDs, DVDs, back-up tapes, or other electronic media, all such content shall be permanently deleted from the servers or hard drives after completing the review with the exception of those documents and or electronic files labeled with document production numbers as described in ¶ 20(b), (c) and (d) above.

## Retention of Documents

21. Within sixty (60) days after conclusion of this action, whether by settlement or by final, non-appealed decision, all materials (except as provided

below) shall be (i) delivered to the party or nonparty that furnished such materials or (ii) in lieu of delivery to the furnishing party or nonparty, destroyed, in which event counsel shall give written certification of such destruction to counsel for the party or nonparty producing the materials. In no event shall a party retain a copy of the materials, except that outside litigation counsel may keep one complete set of pleadings containing materials for archival purposes.

Dated: _____        _____
                                     The Honorable Orinda D. Evans
                                     Senior United States District Judge

Agreed to by:

*signature: Edward B Krugman by JBA with permission*   *signature: Anthony Askew*

| | |
|---|---|
| Edward B. Krugman | Mary Jo Volkert |
| krugman@bmelaw.com | Georgia Bar No. 728755 |
| Georgia Bar No. 429927 | Assistant Attorney General |
| John H. Rains IV | |
| Georgia Bar No. 556052 | Thurbert E. Baker |
| *Bondurant, Mixson & Elmore, LLP* | Georgia Bar No. 033887 |
| 1201 West Peachtree Street NW | Attorney General |
| Suite 3900 | |
| Atlanta, GA 30309 | R. O. Lerer |
| Telephone: (404) 881-4100 | Georgia Bar No. 446962 |
| Facsimile: (404) 881-4111 | Deputy Attorney General |

R. Bruce Rich                              Denise E. Whiting-Pack
Randi Singer                               Georgia Bar No. 558559
Todd D. Larson                             Senior Assistant Attorney General
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue                           *King & Spalding LLP*
New York, New York 10153                   Anthony B. Askew
Telephone: (212) 310-8000                  Georgia Bar No. 025300
Facsimile: (212) 310-8007                  Special Assistant Attorney General
                                           Stephen M. Schaetzel
                                           Georgia Bar No. 628653
                                           Kristen A. Swift
                                           Georgia Bar No. 702536

**Attorneys for Plaintiffs**

**Attorneys for Defendants**

# EXHIBIT A

## ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I am authorized to receive information and/or documents designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OXFORD ONLY, HIGHLY CONFIDENTIAL—CAMBRIDGE ONLY, or HIGHLY CONFIDENTIAL—SAGE ONLY ("CONFIDENTIAL") under the terms of the Protective Order in Civil Action No. 1:08-CV-1425 titled <u>Cambridge University Press et al. v. Patton et al.</u>, the United States District Court for the Northern District of Georgia ("the Court'). I acknowledge receipt of a copy of that Protective Order, and certify that I have read it and that I agree to be bound by the terms and restrictions therein.

I further agree that any information or document designated as confidential pursuant to that Protective Order and which is delivered to me shall be treated as CONFIDENTIAL, will be segregated and kept by me in a safe place (or when applicable, within the offices of Outside Counsel), and will not be made known to others except in accordance with the terms of that Protective Order. I further understand and agree that any summaries or other documents containing information obtained from CONFIDENTIAL documents or information furnished to me shall also be treated by me as confidential. I further agree to notify any stenographic or clerical personnel or employees who are required to assist me of the terms of that Protective Order. I also agree to dispose of all such CONFIDENTIAL documents and information and all summaries or other documents containing information therefrom in such a manner as I may be instructed after completing my services, or in such a manner consistent with the directives outlined in the Protective Order. I acknowledge that the return or subsequent destruction of such documents and information shall not relieve me from any of the obligations imposed by the Protective Order.

I hereby subject myself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order. I further acknowledge that I understand that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with the Protective Order.

Name:_____     Business Address: _____
Date:_____      _____
Occupation:_____ Telephone:_____