# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CAMBRIDGE UNIVERSITY PRESS,
OXFORD UNIVERSITY PRESS, INC.,
and SAGE PUBLICATIONS, INC.,

                    Plaintiffs,

        - *vs.* -

CARL V. PATTON, in his official
capacity as Georgia State University
President, RON HENRY, in his official
capacity as Georgia State University
Provost, CHARLENE HURT, in her
official capacity as Georgia State
University Dean of Libraries, J.L.
ALBERT, in his official capacity as
Georgia State University Associate
Provost for Information Systems and
Technology, KENNETH R.
BERNARD, JR., in his official capacity
as member of the Board of Regents of
the University System of Georgia,
JAMES A. BISHOP, in his official
capacity as member of the Board of
Regents of the University System of
Georgia, HUGH A. CARTER, JR., in
his official capacity as member of the
Board of Regents of the University
System of Georgia, WILLIAM H.
CLEVELAND, in his official capacity
as member of the Board of Regents of
the University System of Georgia,
ROBERT F. HATCHER, in his official

Civil Action No. 1:08-CV-1425-ODE

capacity as Vice Chair of the Board of
Regents of the University System of
Georgia, FELTON JENKINS, in his
official capacity as member of the Board
of Regents of the University System of
Georgia, W. MANSFIELD JENNINGS,
JR., in his official capacity as member
of the Board of Regents of the
University System of Georgia, JAMES
R. JOLLY, in his official capacity as
member of the Board of Regents of the
University System of Georgia,
DONALD M. LEEBERN, JR., in his
official capacity as member of the Board
of Regents of the University System of
Georgia, ELRIDGE MCMILLAN,
 in his official capacity as member of the
Board of Regents of the University
System of Georgia, WILLIAM
NESMITH, JR., in his official capacity
as member of the Board of Regents of
the University System of Georgia,
DOREEN STILES POITEVINT, in her
official capacity as member of the Board
of Regents of the University System of
Georgia, WILLIS J. POTTS, JR., in his
official capacity as member of the Board
of Regents of the University System of
Georgia, WANDA YANCEY
RODWELL, in her official capacity as
member of the Board of Regents of the
University System of Georgia, KESSEL
STELLING, JR., in his official capacity
as member of the Board of Regents of
the University System of Georgia,
BENJAMIN J. TARBUTTON, III, in
his official capacity as member of the

Board of Regents of the University System of Georgia, RICHARD L. TUCKER, in his official capacity as Chair of the Board of Regents of the University System of Georgia, and ALLAN VIGIL, in his official capacity as member of the Board of Regents of the University System of Georgia,

Defendants.

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

COME NOW Defendants Carl V. Patton, in his official capacity as Georgia State University President, Ron Henry, in his official capacity as Georgia State University Provost, Charlene Hurt, in her official capacity as Georgia State University Dean of Libraries, J.L. Albert, in his official capacity as Georgia State University Associate Provost for Information Systems and Technology, Kenneth R. Bernard, Jr., in his official capacity as member of the Board of Regents of the University System of Georgia, James A. Bishop, in his official capacity as member of the Board of Regents of the University System of Georgia, Hugh A. Carter, Jr., in his official capacity as member of the Board of Regents of the University System of Georgia, William H. Cleveland, in his official capacity as member of the Board of Regents of the University System of Georgia, Robert F. Hatcher, in his

official capacity as Vice Chair of the Board of Regents of the University System of Georgia, Felton Jenkins, in his official capacity as member of the Board of Regents of the University System of Georgia, W. Mansfield Jennings, Jr., in his official capacity as member of the Board of Regents of the University System of Georgia, James R. Jolly, in his official capacity as member of the Board of Regents of the University System of Georgia, Donald M. Leebern, Jr., in his official capacity as member of the Board of Regents of the University System of Georgia, Elridge McMillan, in his official capacity as member of the Board of Regents of the University System of Georgia, William NeSmith, Jr., in his official capacity as member of the Board of Regents of the University System of Georgia, Doreen Stiles Poitevint, in her official capacity as member of the Board of Regents of the University System of Georgia, Willis J. Potts Jr., in his official capacity as member of the Board of Regents of the University System of Georgia, Wanda Yancey Rodwell, in her official capacity as member of the Board of Regents of the University System of Georgia, Kessel Stelling, Jr., in his official capacity as member of the Board of Regents of the University System of Georgia, Benjamin J. Tarbutton, III, in his official capacity as member of the Board of Regents of the University System of Georgia, Richard L. Tucker, in his official capacity as Chair of the Board of Regents of the University System of Georgia, and Allan Vigil, in

his official capacity as member of the Board of Regents of the University System of Georgia (collectively "Defendants" or "GSU"), by and through the Attorney General, State of Georgia, and as its answer to the Amended Complaint of Plaintiffs, respectfully state as follows:

<u>FIRST DEFENSE</u>

The Amended Complaint fails in whole or in part to state a claim against GSU upon which relief can be granted.

<u>SECOND DEFENSE</u>

Defendants are protected by the doctrine of sovereign immunity.

<u>THIRD DEFENSE</u>

Defendants are protected by the doctrine of Eleventh Amendment immunity.

<u>FOURTH DEFENSE</u>

Plaintiffs' claims are barred by the doctrine of fair use pursuant to 17 U.S.C. § 107, including the fact that any alleged use of copyrighted materials was for the purpose of teaching, scholarship or research and for nonprofit educational purposes.

## FIFTH DEFENSE

GSU denies that Plaintiffs have been deprived of any rights, privileges, or immunities secured by the Constitution or laws of the United States or the State of Georgia.

## SIXTH DEFENSE

GSU denies that Plaintiffs are entitled to any declarative or injunctive relief, or any relief.

## SEVENTH DEFENSE

GSU reserves the right to raise any other defenses allowed by law at such time as the allegations are more specifically pled or developed.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' laches and acquiescence.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by lack of causation as Defendants were not the cause of any damage allegedly suffered by Plaintiffs.

## TENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that GSU did not engage in any intentional or willful conduct toward Plaintiffs.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' Amended Complaint alleges liability based on the doctrine of *respondeat superior* or any other theory of vicarious liability.

## THIRTEENTH DEFENSE

With regard to the request for injunctive relief, Plaintiffs are not faced with any threat of harm and Plaintiffs have an adequate remedy at law.

## FOURTEENTH DEFENSE

Plaintiffs are not entitled to declaratory judgment relief because no case or controversy exists between the parties.

## FIFTEENTH DEFENSE

Plaintiffs themselves have unclean hands and are not entitled to equitable relief.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the independent-duty doctrine.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the provisions of 17 U.S.C. § 108.

## ANSWER

GSU further responds to the enumerated paragraphs of the Amended Complaint as follows:

## NATURE OF THIS ACTION

### 1.

GSU denies the allegations contained in Paragraph 1 of the Amended Complaint.

### 2.

GSU denies the allegations contained in Paragraph 2 of the Amended Complaint to the extent that they set forth legal conclusions. GSU denies that Plaintiffs have made repeated attempts to reach an amicable and mutually acceptable solution without the need for litigation and that all such efforts have been flatly rebuffed by Georgia State. GSU admits that it continues to offer

digitized course excerpts through its library electronic course reserves service, through its Blackboard/WebCT Vista electronic course management system, and through its departmental web pages and hyperlinked online syllabi available on websites and computer servers. In so doing, GSU relies on the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 *et seq.* or permission granted by the copyright holder. GSU denies the remaining allegations in this paragraph.

3.

GSU denies the allegations contained in Paragraph 3 of the Amended Complaint to the extent that they set forth legal conclusions. GSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 3. GSU admits that students enrolled in a particular course were able to download, view, and print materials listed in the library electronic course reserves system for that particular course. In so doing, GSU relies on the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 *et seq.* or permission granted by the copyright holder.

4.

GSU denies the allegations contained in Paragraph 4 of the Amended Complaint.

5.

GSU denies the allegations contained in Paragraph 5 of the Amended Complaint to the extent that they set forth legal conclusions. GSU denies that it is infringing Plaintiffs' copyrights in its copyrighted works. GSU denies the remaining allegations in Paragraph 5 of the Amended Complaint.

**JURISDICTION AND VENUE**

6.

GSU admits the allegations in Paragraph 6 of the Amended Complaint.

7.

GSU denies the allegations of Paragraph 7 of the Amended Complaint and asserts its Eleventh Amendment immunity from suit in federal court.

8.

GSU asserts its Eleventh Amendment immunity from suit in federal court. GSU admits that, if the Court has subject matter jurisdiction, this Court has personal jurisdiction over the individual defendants. GSU denies the remaining allegations in Paragraph 8.

9.

GSU asserts its Eleventh Amendment immunity from suit in federal court. GSU admits that, if the Court has subject matter jurisdiction, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(a).

**PARTIES**

10.

GSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the allegations of this paragraph.

11.

GSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the allegations of this paragraph.

12.

GSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the allegations of this paragraph.

13.

GSU denies that Georgia State University is a not-for-profit corporation.  By way of clarification, Georgia State University is not an incorporated entity. Georgia State University is a unit of the Regents of the University System of

Georgia, an agency of the State of Georgia created by O.C.G.A. § 20-3-20.  GSU admits the remaining allegations in Paragraph 13.

14.

GSU admits the allegations in Paragraph 14.

15.

GSU admits the allegations in Paragraph 15.

16.

GSU admits the allegations in Paragraph 16.

16A.

GSU denies that the Board of Regents of the University System of Georgia is a party to this action.  GSU admits the remaining allegations in Paragraph 16A.

16B.

GSU admits the allegations in Paragraph 16B.

16C.

GSU admits the allegations in Paragraph 16C.

16D.

GSU admits the allegations in Paragraph 16D.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### Plaintiffs and Their Infringed Copyrighted Works

17.

GSU is without information sufficient to form a belief as to the allegations in Paragraph 17.

18.

GSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 18. Specifically, GSU has no knowledge of: (i) the extent to which sales and licensing revenue is critical to the Plaintiffs' ability to continue developing and publishing works for the academic community; (ii) exactly how many books and journal articles of GSU professors that Plaintiffs have published; or (iii) the extent to which GSU professors look to publishers to help fund the research and publishing.

19.

GSU denies the allegations contained in Paragraph 19 of the Amended Complaint to the extent that they set forth legal conclusions. GSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

<u>Georgia State's Digital Distribution of Course Reading Materials</u>

20.

GSU denies the allegations in Paragraph 20 as stated. GSU admits that some of its faculty members provide to students enrolled in a course access to digital excerpts from articles, book chapters and other copyrighted works through GSU's electronic course reserves system. GSU admits that each of these excerpts is available to students enrolled in the course during the semester for downloading, viewing, and printing. GSU admits that in some instances, the same excerpts were listed for the same course in multiple semesters. In placing the referenced excerpts on its electronic reserve system, GSU relies on the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 *et seq.* or permission granted by the copyright holder. GSU denies the remaining allegations in this paragraph.

21.

GSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.

GSU admits that for certain courses, students may download, view, and print excerpts from works owned or controlled by Plaintiffs in this action and that, for such excerpts, no permission for such activities was required or has been obtained.

GSU denies that the distributed excerpts constitute the "very heart" of the work at issue. GSU further denies that these excerpts are compiled together with numerous other excerpts to create for students a "digital course pack" not unlike the collections and anthologies in hard-copy course packs. GSU admits that students in the Spring 2007 term of Professor Belcher's course "Qualitative Research" (AL8961) were given access to five digital excerpts from the second edition of the Handbook of Qualitative Research, edited by Norman Denzin and Yvonna S. Lincoln and published by Plaintiff SAGE Publications. GSU admits that the Handbook excerpts included "Paradigmatic Controversies, Contradictions, and Emerging Confluences" (Ch. 6) by Yvonna S. Lincoln & Egon G. Guba, "Case Studies" (Ch. 16) by Robert Stake, "Ethnography and Ethnographic Representation" (Ch. 17) by Barbara Tedlock, "Grounded Theory: Objectivist and Constructivist Methods" (Ch. 19) by Kathy Channaz, and "The Interview: From Structured Questions to Negotiated Text" (Ch. 24) by Andrea Fontana & James H. Frey, that these five excerpts totaled over 130 pages, and that permission was not required and was not obtained from SAGE publications. GSU admits that students enrolled in the Spring 2007 term of this course were also given access to more than 20 digital excerpts from other works. GSU denies that the digital distribution of excerpts from the identified collective work infringes any copyright for such

collective work. In placing the referenced excerpts on its electronic reserve system, GSU relies on the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 *et seq.* or permission granted by the copyright holder. GSU denies the remaining allegations in Paragraph 22.

23.

GSU admits that students enrolled in Professor Kaufman's Spring 2008 course "Qualitative/Interpretive Research in Education I" (EPS8500) were given access to the excerpts alleged in Paragraph 23 of the Amended Complaint. GSU denies that students were provided with a digital compilation. GSU denies that the digital distribution of excerpts from the identified collective work infringes any copyright for such collective work. In placing the referenced excerpts on its electronic reserve system, GSU relies on the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 *et seq.* or permission granted by the copyright holder. GSU denies the remaining allegations in this paragraph.

24.

GSU denies the allegations in Paragraph 24 as stated. GSU admits that students in Professor Emshoff's Fall 2006 and Fall 2007 course "Introduction to Community Psychology" (PSYC8200) were given access to digital excerpts of two chapters from Milan J. Dluhy's <u>Changing the System: Political Advocacy for</u>

Disadvantaged Groups, published by SAGE. GSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 24 that SAGE complained to GSU about said use. In addition, in placing the referenced excerpts on its electronic reserve system, GSU relies on the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 *et seq.* or permission granted by the copyright holder. GSU denies the remaining allegations of this paragraph.

25.

GSU admits that students enrolled in the Fall 2006 semester of Professor Reimann's course "The Political Economy of Japan" were able to download, view, and print digital excerpts from Ethan Scheiner's book Democracy without Competition in Japan, a book published by Plaintiff Cambridge University Press. GSU admits that students enrolled in the Summer 2008 semester of Professor Orr's course "Baroque Music" were given access to digital excerpts from The Cambridge Companion to the Organ, including one chapter by Patrick Russill and one chapter by Geoffrey Webber, and Graydon Beek's essay "Handel's Sacred Music," which appears in Plaintiff Cambridge's anthology Cambridge Companion to Handel. GSU denies that the digital distribution of excerpts from the identified collective work infringes any copyrights in such collective work. In placing the

referenced excerpts on its electronic reserve system, GSU relies on the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 *et seq*. or permission granted by the copyright holder. GSU denies the remaining allegations in Paragraph 25 as stated.

26.

GSU admits that the individual excerpts cited in Paragraph 26 and Exhibit 1 were made available to students enrolled in the respective courses for the respective semesters cited in Paragraph 26 and Exhibit 1. GSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 26 that Cambridge complained to Georgia State about its failure to properly license digital course material and that Professor Lazurus has published two recent articles in journals sponsored by Plaintiff SAGE Publications. GSU denies that the digital distribution of excerpts from the identified collective work infringes any copyrights in such collective work. In placing the referenced excerpts on its electronic reserve system, GSU relies on the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 *et seq.* or permission granted by the copyright holder. GSU denies the remaining allegations in Paragraph 26.

27.

GSU denies that it has infringed Plaintiff Oxford University Press's copyright rights, or those of its authors. GSU admits that the individual excerpts cited in Paragraph 27 and Exhibit 1 were made available to students enrolled in the respective courses for the respective semesters cited in Paragraph 27 and Exhibit 1. GSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 27 that Oxford approached Georgia State to complain of its unlicensed activities. In placing the referenced excerpts on its electronic reserve system, GSU relies on the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 *et seq.* or permission granted by the copyright holder. GSU denies the remaining allegations in Paragraph 27.

28.

GSU denies the allegations in Paragraph 28.

29.

GSU denies the allegations in Paragraph 29.

30.

GSU denies the allegations in Paragraph 30.

<u>The Electronic Course Reserves Functionality at GSU</u>

31.

GSU admits the allegations in Paragraph 31.

32.

GSU admits the first two sentences in Paragraph 32. GSU denies the third sentence in Paragraph 32 as stated. By way of further response, when the Course Number for an entry is clicked, the viewer must both enter a password for the course and click an "accept" button before being delivered to the Course Reserves Page.

33.

GSU admits the first two sentences in Paragraph 33. GSU is without information sufficient to form a belief that files on the electronic reserve for a particular course are redistributed in printed form or through electronic transmission. GSU denies the remaining allegations in Paragraph 33 as stated. Specifically, GSU denies that its electronic reserve excerpts compete with the publisher's sales.

34.

Since GSU is not aware of when Plaintiffs first visited its "ERes" website, it is without information sufficient to form a belief as to whether, at that time, no

password was required to view the Course Reserves Pages described above. GSU admits that a software mistake was discovered in May/June 2007 and that this software mistake enabled viewers without a password to access Course Reserves Pages through clicking one or more of the other columns on a Course Reserve Index page (not the Course Number). GSU contacted the software vendor to repair the mistake so that only students who are given a specific password by the instructor can access the pages. GSU denies the remaining allegations in Paragraph 34. Specifically, GSU denies that it attempted to "stymie" Plaintiffs' ability to view the electronic reserves. GSU further denies any "massive infringement" and that there is "ongoing and systematic infringement" of Plaintiffs' works.

35.

GSU admits the allegations in Paragraph 35 but denies that users without a password can view any of the documents found in searches.

36.

GSU denies the allegations in Paragraph 36 as stated. By way of further response, many excerpts available on the electronic reserve system are obtained in digital form or linked in digital form and are not digitized by a professor, a person working under the professor's direction, or a library staff member. Library staff

members typically do not digitize excerpts for posting on the electronic reserves system, though an information systems staff member does digitize excerpts for posting on the electronic reserves system.

37.

GSU admits the first two sentences in Paragraph 37. GSU denies the allegations in the third sentence of Paragraph 37 as stated.

38.

GSU is without information sufficient to form a belief as to whether faculty at Georgia State have posted and distributed electronic excerpts of Plaintiffs' copyrighted course materials on Blackboard/WebCT Vista. GSU denies the remaining allegations in Paragraph 38.

The Longstanding Permissions Market for Paper Coursepacks<br>and Distribution of Electronic Copies

39.

GSU denies the allegations contained in Paragraph 39.

40.

GSU denies Paragraph 40 as stated. GSU denies that the process described in Paragraph 40 is "efficient," "easy" or "user-friendly." GSU denies the remaining allegations in Paragraph 40.

41.

GSU denies Paragraph 41 as stated. GSU admits that the Copyright Clearance Center provides the academic community, among others, licenses for copyrighted works. GSU denies the remaining allegations in Paragraph 41.

42.

GSU denies Paragraph 42 as stated. GSU admits that CCC's Academic Permissions Service offers a mechanism for obtaining per-use copyright permission for *some* content in copyrighted works. GSU admits the second sentence in Paragraph 42. GSU is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42.

43.

GSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.

GSU denies the first sentence of Paragraph 44. GSU is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44.

45.

GSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.

GSU denies the truth of the allegations in Paragraph 46.

## CLAIMS FOR RELIEF

First Claim
Direct Copyright Infringement in Violation of 17 U.S.C. § 106
(Against All Defendants)

47.

Paragraphs 1 through 46 above are incorporated by reference as if set forth fully herein.

48.

GSU denies the allegations set forth in Paragraph 48.

49.

GSU denies the allegations set forth in Paragraph 49.

50.

GSU denies the allegations set forth in Paragraph 50.

51.

GSU denies the allegations set forth in Paragraph 51.

<u>Second Claim</u>
<u>Contributory Copyright Infringement</u>
<u>(Against All Defendants)</u>

52.

Paragraphs 1 through 51 above are incorporated by reference as if set forth

fully herein.

53.

GSU denies the allegations set forth in Paragraph 53.

54.

GSU denies the allegations set forth in Paragraph 54 as stated.

55.

GSU denies the allegations set forth in Paragraph 55.

56.

GSU denies the allegations set forth in Paragraph 56.

57.

GSU denies the allegations set forth in Paragraph 57.

<u>Third Claim</u>
<u>Vicarious Copyright Infringement</u>
<u>(Against All Defendants)</u>

58.

Paragraphs 1 through 57 above are incorporated by reference as if set forth fully herein.

59.

GSU denies the allegations set forth in Paragraph 59.

60.

GSU denies the allegations set forth in Paragraph 60.

61.

GSU denies the allegations set forth in Paragraph 61.

62.

GSU denies the allegations set forth in Paragraph 62.

63.

GSU denies the allegations of each and every paragraph of the Amended Complaint other than those allegations and averments which are specifically admitted.

WHEREFORE, GSU prays that this petition be dismissed, that judgment be entered in its favor, and that it recover all costs, reasonable attorneys' fees, and expenses allowable by law.

Respectfully submitted this 2nd day of January, 2008.

THURBERT E. BAKER 033887
Attorney General

R. O. LERER 446962
Deputy Attorney General

DENISE E. WHITING-PACK 558559
Senior Assistant Attorney General

*/s/ Mary Jo Volkert* _____
MARY JO VOLKERT
Georgia Bar No. 728755
Assistant Attorney General


*King & Spalding LLP*
Anthony B. Askew
Georgia Bar No. 025300
Special Assistant Attorney General
Stephen M. Schaetzel
Georgia Bar No. 628653
Kristen A. Swift
Georgia Bar No. 702536

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR**

**DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** with the Clerk

of the Court using the CM/ECF system which will automatically send e-mail

notification of such filing to the following attorneys of record:

Edward B. Krugman
krugman@bmelaw.com
Georgia Bar No. 429927
Corey F. Hirokawa
hirokawa@bmelaw.com
Georgia Bar No. 357087

BONDURANT, MIXSON &
ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA  30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

R. Bruce Rich
Randi Singer
Todd D. Larson

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*/s/ Kristen A. Swift*
Kristen A. Swift
Georgia Bar No. 702536