# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS, et al, <br><br> Plaintiffs, <br><br> -v.- <br><br> MARK P. BECKER, in his official capacity as Georgia State University President, et al, <br> Defendants. | Civil Action File <br> No.1:08-CV-1425-ODE |

## MOTION TO TAKE ADDITIONAL DEPOSITIONS AND SUPPORTING MEMORANDUM

At Defendants' insistence, this case involves twenty-six named Defendants and a new copyright policy designed to delegate the future of copyright compliance at Georgia State University ("GSU") (as well as throughout the entire University System of Georgia) to more than one thousand individual faculty members. Even before they introduced this new copyright policy months into the discovery period, Defendants had identified almost two dozen additional individuals as having information relevant to the action and produced documents from the files of over sixty Defendant custodians. In the face of this avalanche of

438767.1

potential discovery, Plaintiffs Cambridge University Press, Oxford University Press, Inc., and Sage Publications, Inc. ("Plaintiffs") have taken two depositions, have noticed an additional twelve, and anticipate noticing one other – *i.e.*, a mere five more than typically allowed under the Federal Rules of Civil Procedure. Plaintiffs have also suggested that they may need to depose five of the twenty-six named Defendants if Defendants are unwilling to stipulate to a set of basic facts involving the named Defendants' supervisory authority. Plaintiffs' attempts to negotiate a reasonable compromise have been rebuffed; Defendants have categorically refused to allow these limited additional depositions, which are critical to Plaintiffs' case.[1]

In light of Defendants' refusal to stipulate to a modest increase in the number of depositions, Plaintiffs, by and through their undersigned counsel,

---

[1] The Parties conferred by telephone on April 20, 2009 and were unable to resolve this dispute. Defendants' counsel suggested that Plaintiffs take the remaining eight depositions to which they are entitled under the Federal Rules before seeking permission from the Court to take additional depositions. Plaintiffs have scheduled the depositions of two GSU employees, Jim Palmour and Laura Burtle, for April 23-24, 2009. Plaintiffs have also provided Defendants with the names of six faculty members they wish to depose during the week of April 27-May 1, 2009. After these depositions go forward, Plaintiffs will have taken the maximum number of depositions allowed under the Federal Rules without court leave. Fact discovery in the case is currently scheduled to conclude May 25, 2009 (although the Parties are negotiating over an extension of the time for taking depositions).

438767.1

2

respectfully move this Court for the entry of an order permitting Plaintiffs to take a maximum of twenty depositions in this case.[2]

## ARGUMENT

I. **DEFENDANTS' ACTIONS SINCE PLAINTIFFS FILED SUIT HAVE EXPANDED THE SCOPE OF DISCOVERY IN THIS CASE**

   A. **The Addition of the Board of Regents as Necessary Parties and Defendants' Disclosures to Date**

Plaintiffs initially brought this action seeking a declaratory judgment and injunctive relief against four GSU administrators ("University Administrators") in order to end a widespread and on-going practice of copyright infringement at GSU involving the works of Plaintiffs and countless other publishers. In their Rule 26 Disclosures, however, the University Administrators asserted that the members of the Board of Regents of the University System of Georgia ("Board Members") were necessary parties to this action. Univ. Admin.'s Initial Disclosures (Dkt. No. 19) at 2. While Plaintiffs did not necessarily agree with this assessment, in an abundance of caution they nonetheless sought the Court's permission to amend their complaint to add the Board Members as additional defendants. The University Administrators did not oppose that motion, and the Court granted leave.

---

[2] The Parties are presently negotiating over the terms of a joint motion to extend the time for discovery for the limited purpose of scheduling and taking depositions. If these negotiations fail to produce a joint motion, the Parties will independently present proposals to the Court to address scheduling issues.

Plaintiffs then amended their complaint, adding as defendants the twenty-two Board Members.

In those same Initial Disclosures, Defendants listed the four University Administrators, as well as six library and information technology personnel and ten professors as persons who might have information supporting the defenses raised in Defendants' answer. Univ. Admin.'s Initial Disclosures (Dkt. No. 19) at 11-13. In their responses to Plaintiffs' first set of interrogatories to the University Administrators, Defendants identified twelve additional people who would have relevant information concerning the operation of GSU's course management and electronic course reserves systems. University Administrators Responses to Pl.'s 1st Interrogatories Nos. 3-4, excerpts of which are attached hereto as Ex. A. The Board Members' responses to similar interrogatories identified two more individuals with relevant knowledge. Board Members Responses to Pl.'s 1st Interrogatories Nos. 3-4, excerpts of which are attached hereto as Ex. B. In total, then, Defendants themselves have identified fifty-six individuals who possess potentially relevant information.

As discovery has progressed, the number of potential deponents has expanded even further. To date, Defendants have produced tens of thousands of documents from more than sixty custodians, many of which support the allegations

438767.1

4

Plaintiffs raised in their complaint. Depositions of all of these individuals would be justified to authenticate and explore the full meaning of these documents, but in an attempt to limit the expense and burden of this litigation, Plaintiffs seek to depose only fifteen individuals.

B. **The Adoption of a New Copyright Policy**

On February 17, 2009 – after months of discovery into the policies and practices in effect at the time this action was filed and just days before Plaintiffs were scheduled to begin taking depositions in this case – Defendants unveiled a new university-system wide copyright policy.[3] At Defendants' request, Plaintiffs postponed their previously noticed depositions and instead took the depositions of two members of the committee that formulated the new copyright policy, William Potter, the chairman of the committee and the University Librarian at the University of Georgia, and Nancy Seamans, the new Dean of Libraries at GSU and a named Defendant in this action. Although unexpected, these depositions were crucial to understanding the process, motivations, and substance of the new copyright policy.

---

[3] Additional factual and procedural background information may be found in Plaintiffs' Memorandum of Opposition filed in response to Defendants' Motion for a Protective Order. *See* Dkt. No. 61 (Apr. 3, 2009).

438767.1

5

At the heart of the policy is the notion that each one of GSU's more than one thousand faculty members is in the best position to make determinations about whether a particular work may be distributed electronically to students without permission or the payment of license fees. For reasons discussed in more detail below, the new GSU policy has therefore made it absolutely necessary to depose at least a sample of GSU professors. Having made the ability of individual faculty members to apply copyright law to their own course reading assignments central to their defense, Defendants should not be permitted to shield those decision-makers from discovery.

## II. PLAINTIFFS ARE ENTITLED TO TAKE MORE THAN TEN DEPOSITIONS

### A. More Than Ten Depositions are Justified Under Rule 30(a)

Under Federal Rule of Civil Procedure 30(a), to take more than ten depositions without a stipulation by all parties, a "party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2)(A)(i). Rule 26(b)(2) requires the Court to consider whether: (1) taking the additional depositions would be "unreasonably cumulative or duplicative"; (2) the discovery is obtainable "from some other source that is more convenient, less burdensome, or less expensive"; (3) the party "has had ample opportunity to obtain the information by discovery in the action"; and (4) "the

burden or expense of the proposed [depositions] outweighs [their] likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the [depositions] in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Each of the additional depositions Plaintiffs propose to take (in addition to the two Regents Committee members already deposed) easily passes muster under Rule 26(b)(2) and is not duplicative or cumulative.

<u>GSU/Board of Regents Library and Information Technology Employees</u>

Jim Palmour, Laura Burtle, Paula Christopher, George Hernandez, Cory Schlotzhauer, and Denise Dimsdale are GSU employees who each perform relatively unique functions regarding the day-to-day preparation, approval, and electronic dissemination of copyrighted works at GSU, and each is positioned to provide unique testimony that cannot be obtained by any other means. Documents produced by Defendants show that Ms. Burtle, the associate librarian principally responsible for electronic course reserves at GSU's main library, has communicated the new copyright policy to GSU faculty and been involved with the development of GSU websites providing information about the policy. Moreover, during her deposition, GSU's librarian and named Defendant Nancy Seamans, indicated that Ms. Burtle was actually best positioned to answer many of

the questions posed to Seamans. Deposition of Nancy Seamans ("Seamans Dep.") at 13:5-14, 92:3-18, 103:6-9, 114:23-115:7, and 175:12-22, excerpts of which are attached hereto as Ex. C

Jim Palmour, who is responsible for both electronic reserves and print course packs at GSU, interfaces regularly with faculty regarding electronic reserves, scans materials for posting on GSU's electronic reserves system, tracks statistics and usage of electronic reserves at GSU, and is the system administrator for the electronic reserves software. Paula Christopher fulfills a parallel role with respect to uLearn, GSU's course management system, which plays an emerging and growing role in the distribution of electronic course reading materials at GSU. Because uLearn is provided statewide and operated in part out of the offices of the Board of Regents, Plaintiffs also intend to notice the deposition of George Hernandez, a Database Analyst in the Board of Regents Office of Information and Instructional Technology;[4] according to Defendants' interrogatory responses, Mr. Hernandez "is familiar with uLearn reporting capabilities respecting the number of times particular files posted on uLearn have been accessed." Board Members Responses to Pl.'s 1st Interrogatories No 6.

---

[4] To date, Plaintiffs have not noticed the deposition of George Hernandez. If the Court grants Plaintiffs leave to take additional depositions, Plaintiffs will work with Defendants to schedule this deposition for a mutually convenient date and time.

438767.1

Finally, Denise Dimsdale and Cory Schlotzhauer are library employees directly involved in scanning and posting material to the electronic course reserves system. Under GSU's new copyright policy, which places enormous discretion in the hands of faculty members, these library employees may be the only safeguard against infringing uses of Plaintiffs' and other publishers' works. Ascertaining what training these individuals have had with respect to the new policy, as well as their role in monitoring faculty fair use determinations going forward, is critical information to which Plaintiffs are entitled.

In addition to their day-to-day involvement with the complained-of activities, the fact that Defendants have identified these six individuals in their discovery responses and disclosures as potential witnesses who possess relevant information and could be called at trial, *see* Exs. A and B, weighs heavily in favor of allowing them to be deposed. *See Price v. Gwinnett Family Dental Care, LLC*, No. 06-CV-2659-BBM-GGB, 2007 WL 3477771, at *4 (N.D. Ga. Oct. 31, 2007) ("Most of the witnesses Plaintiff seeks to depose, however, have been identified by Defendant as possible witnesses in this case. . . . To the extent the individuals Plaintiff seeks to depose remain potential witnesses for the defense, the Court finds that Plaintiff is entitled to inquire into their knowledge of the relevant facts to avoid surprise at trial.").

Professors

The remaining seven deponents noticed to date by Plaintiffs are GSU faculty members and these faculty depositions have been noticed for a half-day each.   In a filing with this Court on April 16, 2009, Defendants asserted that "the professor is the ***only individual*** with the necessary information regarding the context for her proposed use and is the individual ***best equipped*** to make the fair use determination."   Def.'s Reply Br. (Dkt. No. 77) at 7-8 (emphasis in original). This position echoes Dean Seamans's testimony that a fair use determination can only be made by an individual professor, and that Defendants have no plan in place to review the fair use decisions faculty members make.   Seamans Dep. at 35:15–36:6, 112:2–8, 113:19–114:3, 167:23, 168:2.   Because GSU has made its faculty members the final arbiters of copyright law at GSU, it is not possible to obtain the necessary discovery in any other fashion; rather, it is necessary to depose at least a limited number of professors to gain any insight into how GSU's new copyright policy will affect its longstanding practice, if at all.

Professors Dixon, Meyers, Belcher, Lazarus, and Kauffman have each posted multiple and lengthy excerpts from Plaintiffs' works on GSU's ERes electronic course reserve system.   They have posted the same materials in several different semesters and were identified in Exhibit 1 to Plaintiffs' Complaint.

438767.1

Ascertaining how these professors intend to make fair use determinations with respect to these works under the new copyright policy bears directly on the allegations in the Complaint, and according to Defendants, can only be discovered by asking the professors themselves.

Professors Davis and Reifler have distributed lengthy excerpts from Plaintiffs' works using GSU's uLearn course management system, which is separate from the electronic course reserves system. Plaintiffs seek discovery from these professors with regard to the uLearn course management system.

The proposed professor deponents are exemplary of the many ways in which GSU faculty currently infringe on Plaintiffs' copyrights. Because Defendants claim that only faculty can apply the so-called fair use checklist Defendants have promulgated, Plaintiffs are entitled to discovery on how these fair use determinations will be made. A sample of seven out of over one thousand will provide only a small glimpse of the future of purported copyright compliance under GSU's new policy. But that sample is the essence of Defendants' defense of this case and Plaintiffs are entitled to test the defense through depositions before trial. The burden and expense imposed by these depositions should be minimal. Plaintiffs expect the professors' depositions to take no more than a half-day each, and have agreed to take the depositions within walking distance of GSU's campus.

Named Defendants

Finally, although Plaintiffs hope to avoid deposing them, the named Defendants in this action clearly possess information relevant to the action and unique to their own position within the University hierarchy: their responsibility for GSU copyright policy; their authority over GSU library personnel and their control over the software used to disseminate Plaintiffs' works electronically; their supervisory responsibilities; and their ability to enforce the terms of any injunction that may be eventually ordered by the Court. If it is necessary to take these depositions, Plaintiffs plan to avoid duplication by deposing only the three remaining named University Administrators (Becker, Henry, and Albert) and two representative members of the Board of Regents.

**B.     Plaintiffs Have Taken Reasonable Steps to Limit the Number of Depositions**

Despite the large number of individuals with relevant knowledge, and Defendants' assertion that copyright policy going forwarded at GSU will be implemented by a diffuse group of over one thousand people, Plaintiffs have taken proactive steps to avoid duplication and limit the number of depositions needed to complete discovery.

First, to avoid the delay and expense of bringing this matter before the Court, Plaintiffs sought a stipulation from Defendants that would have allowed

438767.1

each side to take a maximum of twenty-five depositions.  *See* Letter from Edward Krugman to Anthony Askew, April 13, 2009 ("Krugman Letter"), attached hereto as Ex. D.  Defendants rejected this proposal.  *See* Letter from Kristen Swift to Edward Krugman, April 16, 2009 ("Swift Letter"), attached hereto as Ex. E.

Second, Plaintiffs noticed the depositions of only seven professors for a half-day each – despite the fact that Plaintiffs' complaint identifies more than twenty professors who have infringed Plaintiffs' copyrights.  This limited number of depositions is particularly reasonable in light of the fact that discovery to date (including reports of ERes activity) has identified hundreds of additional professors who post readings that infringe Plaintiffs' copyrights, and that decision-making authority as to what qualifies as fair use will lie with individual faculty members across the University under the new policy.  Moreover, of the twenty or so library and technical personnel identified by Defendants in their initial disclosures and interrogatory responses as possessing potentially relevant information, Plaintiffs seek depositions of only *six – i.e.*, only those with clear day-to-day involvement and responsibility for the provision of course reading materials through the e-reserves and course management systems at GSU.

In an attempt to further expedite discovery, Plaintiffs served a set of Requests for Admission on Defendants seeking information about the duties and

responsibilities of the named Defendants that could obviate the need to take the depositions of the named Defendants (apart from Dean Seamans). *See* Krugman Letter (Ex. D). Alternatively, Plaintiffs offered to withdraw those requests if Defendants would confer with Plaintiffs to stipulate to facts that would eliminate the need to take those depositions. *Id.* Defendants responded that they would file a timely response to the requests, but have thus far taken no concrete steps to negotiate over the language of stipulations. Swift Letter (Ex. E).

To be clear, although Plaintiffs ask the Court to allow a total of twenty depositions, Plaintiffs need only take fifteen depositions if Defendants admit or stipulate to facts that make the depositions of the named Defendants unnecessary. Whether these depositions are ultimately necessary is thus within Defendants' control; they can be avoided through the simple expedient of stipulating to some basic administrative facts that should not be in dispute. For purposes of this motion, Plaintiffs simply wish to be able to take the depositions of five of the twenty-six named Defendants – President Becker, Provost Henry, Associate Provost Albert, and two members of the Board of Regents – should it become necessary, without having to seek permission from the Court at the eleventh hour.

## **CONCLUSION**

Plaintiffs respectfully request that this Court enter an order allowing them take a maximum of twenty depositions in this case.

Respectfully submitted this 21st day of April, 2009.

       /s/ John H. Rains IV
       Edward B. Krugman
       Georgia Bar No. 429927
       John H. Rains IV
       Georgia Bar No. 556052

BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111
krugman@bmelaw.com
rains@bmelaw.com

       R. Bruce Rich (*pro hac vice*)
       Randi Singer (*pro hac vice*)
       Todd D. Larson (*pro hac vice*)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
r.bruce.rich@weil.com
randi.singer@weil.com
todd.larson@weil.com

       *Attorneys for Plaintiffs*

438767.1

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that this document was prepared in Times New Roman 14 point font.

/s/ John H. Rains IV
John H. Rains IV

438767.1

# **CERTIFICATE OF SERVICE**

I hereby certify that I have this day by hand delivery served the foregoing **MOTION TO TAKE ADDITIONAL DEPOSITIONS AND SUPPORTING MEMORANDUM** on the following attorneys of record:

Anthony B. Askew, Esq.
Stephen M. Schaetzel, Esq.
Kristen A. Swift, Esq.
King & Spalding
1180 Peachtree Street
Atlanta, Georgia 30309

Mary Jo Volkert, Esq.
Assistant S. Attorney General
40 Capitol Square
Atlanta, Georgia 30334

This 21st day of April, 2009.

/s/ John H. Rains IV
John H. Rains IV

438767.1