FILED IN CHAMBERS
U.S.D.C. -
APR 27 2009
James N. Hatten, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAMBRIDGE UNIVERSITY PRESS,
et al,

        Plaintiffs,

v.

MARK P. BECKER, in his
official capacity as Georgia
State University President,
et al,

        Defendants.

CIVIL ACTION NO.
1:08-CV-1425-ODE

ORDER

This copyright infringement case is before the Court on Defendants' motion for a protective order [Doc. #58]. Defendants seek to limit discovery to their "ongoing and continuous conduct" and object to any inquiry into their past practices and policies. [Doc. #58 at 3]. Plaintiffs have filed a response in opposition to the motion for a protective order, arguing that Defendants' past practices are relevant to their claims and are therefore discoverable. [Doc. #61 at 2-3]. Defendants have filed a reply. [Doc. #77]. For the following reasons, Defendants' motion for a protective order is dismissed without prejudice.

I.   <u>Procedural and Factual History</u>

Plaintiffs, a group of publishers, filed suit against Defendants on April 15, 2008, alleging unauthorized copying and distribution of Plaintiffs' copyrighted works by Georgia State University ("Georgia State"). [Doc. #1 at 2]. Specifically, Plaintiffs allege that Georgia State allows and facilitates the online distribution of Plaintiffs' copyrighted works, without

paying the appropriate compensation to Plaintiffs. Id. at 2-3. Defendants are employees of Georgia State University who are being sued in their official capacities. See id. at 1. Plaintiffs seek declaratory and injunctive relief, as well as attorneys' fees and costs. Id. at 29-30.

Both Georgia State and the University System of Georgia have policies governing the copying and distribution of course materials. See [Doc. #58 at 5]. On February 17, 2009, the University System of Georgia adopted a new copyright policy. Id. at 6. Counsel for Defendants notified Plaintiffs of the new policy in a letter dated February 20, 2009, and, in discussions on February 23, 2009, proposed staying the litigation to enable the parties to evaluate and discuss the new policy. See id.; [Doc. #58 Exh. C]. Plaintiffs agreed to postpone depositions that had been scheduled for the following week, but requested that two members of the Select Committee on Copyright be made available for depositions so that Plaintiffs could learn more about the new policy. [Doc. #61 at 10]. Defendants complied with this request and produced Dr. Nancy Seamans, Georgia State's Dean of Libraries, and Dr. William Potter, chairman of the Select Committee on Copyright, for depositions. Id.; [Doc. #58 at 7]. At these depositions, Plaintiffs inquired into Georgia State's past practices with regard to the copying and distribution of course materials. [Doc. #58 at 7-8].

After the depositions, Defendants' counsel sent a letter to Plaintiffs' counsel asserting Defendants' belief that the adoption of the new copyright policy had rendered any claims regarding Georgia State's past conduct moot, and that future discovery

2

should be limited to Defendants' "ongoing and continuous conduct." [Doc. #58 Exh. B at 1]. Plaintiffs apparently were unwilling to limit their discovery in this manner. See id. Plaintiffs contend, for a variety of reasons, that Defendants' past practices, policies, and guidelines are an appropriate subject for discovery and are relevant to Plaintiffs' claims. See [Doc. #61 at 15 et seq.]. This disagreement about the proper scope of discovery led Defendants to file the instant motion for a protective order. [Doc. #58].

II. Discussion

Defendants filed their motion for a protective order pursuant to Federal Rule of Civil Procedure 26, arguing that discovery regarding their past practices and policies is irrelevant. [Doc. #58 at 3]. Defendants contend that allowing Plaintiffs to obtain discovery on past practices would unnecessarily delay the litigation and cause both parties undue burden and expense. Id. at 9-10. Defendants' motion does not identify which witnesses remain to be deposed or which additional documents, if any, have been requested by Plaintiffs. See id. The motion does not specify how the additional discovery will be burdensome, aside from statements that Plaintiffs inquired into past policies at the depositions of Drs. Seamans and Potter. Id. at 7-8. In short, Defendants' motion requests a broad protective order but offers few specific details supporting the allegation that inquiry into Georgia State's past practices will be burdensome or clarifying how such inquiry would be burdensome.

The Court notes that a limitation on discovery such as the one proposed by Defendants may be warranted in this case. The

3

potential for discovery regarding Defendants' past practices to become extremely burdensome is very real; in one deposition, Plaintiffs asked about a copyright policy from as far back as 1992. Id. at 8. Fielding inquiries into policies and practices from over fifteen years ago could easily become extremely burdensome and expensive, and given that Plaintiffs cannot obtain relief for Defendants' past practices,[1] such inquiries would be wasteful and would unnecessarily delay the litigation. In addition, Defendants could prevail on their fair use defense, making discovery into past practices all the more burdensome and wasteful.

However, the Court simply lacks adequate information to rule on Defendants' motion. Discovery in this case is scheduled to close on May 25, 2009, except that depositions may be scheduled and taken until June 30, 2009. See [Doc. #82]. Defendants have not identified in which remaining discovery (depositions, requests for admissions, documents) there is a likelihood that Plaintiffs

---

[1] Defendants contend that, because Georgia State University is an arm of the State of Georgia, the Eleventh Amendment's guarantee of sovereign immunity applies in this case. [Doc. #58 at 13]. Accordingly, Defendants contend that the only relief Plaintiffs may obtain is injunctive relief pertaining to Georgia State's ongoing and continuous conduct under the Ex parte Young exception to Eleventh Amendment immunity. Id. at 15. While Plaintiffs have not expressly acquiesced to Defendants' stated limitation on the claims that may be brought, they have not challenged it either. See [Doc. #61]. In addition, the Complaint asks only for declaratory and injunctive relief, not monetary damages. See [Doc. #1 at 29-30]. Thus, the parties appear to agree that Plaintiffs may not recover for any past infringement by Defendants.

4

will inquire into Georgia State's past copyright practices in such a manner that it will be unduly burdensome. In addition, Defendants have not filed relevant excerpts of the depositions of Drs. Potter and Seamans. See [Dkt.]. The Court might be able to judge from these depositions the extent to which Plaintiffs' inquiries into Georgia State's past practices could be burdensome. However, without this information, the Court cannot grant relief.

Accordingly, Defendants' motion for a protective order [Doc. #58] is DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this 27 day of April, 2009.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE