# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS, et al., <br><br> Plaintiffs, <br><br> -vs.- <br><br> MARK P. BECKER, in his official capacity as Georgia State University President, et al., <br><br> Defendants. | Civil Action File <br> No. 1:08-CV-1425-ODE |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO TAKE ADDITIONAL DEPOSITIONS

NOW COME defendants MARK P. BECKER, in his official capacity as Georgia State University President, et al. (collectively, "Defendants"), and file this Response in Opposition to Plaintiffs' Motion to Take Additional Depositions (the "Response").

Defendants have been fully cooperative and reasonable throughout discovery, but their cooperation has been met with ever increasing demands for discovery concessions, culminating in the instant Motion. Because the depositions Plaintiffs seek to take in excess of the number allotted by the Federal Rules will be cumulative of each other and of other discovery requests, will likely focus on practices and

procedures under the former copyright guidelines (which are not relevant to Plaintiff's claims for prospective injunctive relief), and will subject Defendants to undue burden, Defendants, by and through their undersigned counsel, respectfully request that this Court deny Plaintiffs' Motion to Take Additional Depositions (the "Motion").

## **BACKGROUND**

This is an action for copyright infringement under 17 U.S.C. §§ 101 et seq., in which Plaintiffs seek a declaration of copyright infringement, permanent injunctive relief, and attorneys' fees and costs from and against Defendants. Specifically, Plaintiffs contend that Georgia State University ("GSU") is infringing Plaintiffs' copyrights by facilitating GSU professors in making digitized excerpts of copyrighted course reading materials available to students via GSU's electronic reserves system ("ERes") and other course management systems.

Defendants seek to focus discovery in this case to ongoing and continuous practices and procedures.[1] With the adoption of the new policy on the use of copyrighted works, practices and procedures pursuant to the former copyright

---

[1] Because the Eleventh Amendment and Ex parte Young only allow Plaintiffs prospective injunctive relief as to Defendants' "ongoing and continuous" conduct (which Plaintiffs do no not appear to dispute), Defendants contend that discovery concerning past procedures is irrelevant to this case and a waste of both parties' time. (See Defs.' Renewed Mot. for Prot. Order [Dkt. No. 87]).

2

guidelines are no longer relevant to the issues in this case. As discussed in Defendants' Renewed Motion for Protective Order [Dkt. No. 87], discovery in this case should be limited to practices and procedures under the new policy. Plaintiffs' Motion is indicative of Plaintiffs' efforts to broaden discovery to irrelevant practices and procedures. Due to the extensive discovery so far in this case, which is detailed below, Defendants seek to focus discovery in order to save time and resources. There is no reason why such focused discovery cannot be accomplished within the 10 depositions provided by the Federal Rules.

## I. Discovery to Date

### A. Defendants' Document Production to Plaintiffs

Since this lawsuit involves a large state university and the Board of Regents for the entire University System of Georgia ("USG"), document discovery in this case has been extensive. In an effort to expedite discovery, Defendants consulted with Plaintiffs regarding the methods to be used to collect documents in Defendants' possession, custody, or control; identified to Plaintiffs a list of custodians with potentially relevant information; and worked with Plaintiffs to select search terms with which Defendants' documents could be narrowed to produce to Plaintiffs the most relevant and responsive documents. To date, Defendants have produced to Plaintiffs thousands of pages of documents from over

60 custodians, including syllabi from numerous professors, documents reflecting the structure and use of ERes, and reports generated by ERes and uLearn (a course management system) identifying works that have been posted on these systems.

B. **Online Access to ERes and uLearn**

In addition to this extensive document production, and at Plaintiffs' insistence, Defendants went to considerable trouble to provide Plaintiffs with live access to ERes and uLearn. Plaintiffs were able to access all of the excerpts of works currently posted on ERes, as well as all ERes reporting capabilities, which allowed Plaintiffs to generate reports identifying every course that ever had an ERes page from the inception of ERes, all documents posted on those ERes pages, and how many times those documents had been accessed or "hit."

Unlike ERes, uLearn is controlled and operated by the Board of Regents in Athens, Georgia, and uLearn has live class components (i.e., students can take tests on uLearn and professors can post student grades on uLearn). Thus, providing Plaintiffs access to uLearn presented additional difficulties. Mindful of Defendants' obligations under the Family Educational Rights and Privacy Act ("FERPA"), Defendants agreed to provide a list of all courses with current uLearn pages, of which Plaintiffs could select 200 courses. The Board of Regents IT personnel then spent significant man-hours creating and configuring Plaintiffs' live

access to these courses, including the creation of individual "student" login IDs for Plaintiffs, to provide Plaintiffs with live access to all of the course information currently available on uLearn, including syllabi and any excerpts of works posted on uLearn.

### C. Depositions

On March 9 and 10, 2009, Plaintiffs deposed Dr. William Potter, the chairman of the copyright committee appointed by the Chancellor of the Board of Regents to update the former guidelines, and Dr. Nancy Seamans, the Dean of Libraries at GSU, respectively. During both of these depositions, Plaintiffs' counsel covered the same grounds and questioned the witnesses for significant periods of time regarding practices and policies no longer in effect.

In the weeks following these depositions, Plaintiffs noticed an additional *12* depositions (for a total of 14), including depositions of 7 professors and 5 GSU library and IT personnel. On or around the time Plaintiff noticed these depositions, Plaintiffs requested that Defendants agree to a total of *25* depositions. (See Letter from Edward B. Krugman to Anthony B. Askew, dated Apr. 13, 2009, attached hereto as Exhibit A). Plaintiffs claimed that the number of defendants and document custodians in this case necessitated *15* depositions beyond the 10 permitted by the Rules, particularly if Defendants could not satisfactorily respond

to Plaintiffs' First Requests for Admission served in conjunction with Plaintiffs' request for additional depositions. (Id.)  Because Defendants had not yet responded to the Requests for Admission and because Plaintiffs did not adequately explain why the same discovery could not be obtained from 10 deponents, Defendants objected to any depositions in excess of the 10 allotted by the Federal Rules.  (See Letter from Kristen A. Swift to Edward B. Krugman, dated Apr. 16, 2009, attached hereto as Exhibit B).

In an April 17, 2009 phone conference on the matter, Plaintiffs offered a compromise of 15 depositions.  Defendants proposed that Plaintiffs instead proceed with eight additional depositions (since they had already taken two), and that, "upon completion of [Plaintiffs'] ten depositions, [Defendants] will be prepared to discuss with [Plaintiffs] compelling reasons for an increase in the number of depositions.  If [the parties] are unable to reach agreement as to an increase (if any) in the number of depositions, it seems that would be the appropriate time to request relief from the Court."  (See Email from Anthony B. Askew, dated April 17, 2009, attached hereto as Exhibit C).  Plaintiffs refused Defendants' proposal and moved forward with the instant Motion.

So far, Plaintiffs have deposed a total of four witnesses -- most recently, James Palmour and Laura Burtle.  During those depositions, Plaintiffs again spent

an extensive amount of time inquiring into past practices and policies (such as works posted on ERes) under the former copyright guidelines.  Notably, Plaintiffs questioned both Mr. Palmour and Ms. Burtle extensively regarding the same ERes reports.  Thus, Plaintiffs have so far taken four depositions, and seek *16* more, even though the four they have already taken have been largely duplicative of each other.

### D. Additional Burdensome Discovery

This duplicative, cumulative discovery is not limited to depositions. Plaintiffs have also served Defendants with over *1,300* requests for admission (almost all of which focus on practices under the former copyright guidelines) and a third set of requests for the production of documents (directed at documents which Defendants contend are no longer relevant to this case following the adoption of the new copyright policy).  Both of these discovery requests are directed at information that can easily be obtained from the ERes reports Defendants have already produced.  Additionally, Plaintiffs have stated that, if Defendants are unable to answer the 1,351 Requests for Admission, Plaintiffs intend "to notice and depose large numbers of faculty members." (Letter from John H. Rains IV to Kristen A. Swift, dated April 22, 2009, attached hereto as Exhibit D).

Defendants sought the relief of this Court to stop Plaintiffs' burdensome and wasteful discovery efforts by filing a Motion for Protective Order on March 17, 2009. (See generally Defs.' Mot. for Prot. Order [Dkt. No. 58].) On April 27, 2009, this Court entered an Order dismissing Defendants' motion without prejudice and explaining that a limit on discovery may be warranted in this case but that the Court lacked adequate information to rule on Defendants' motion at this time. (See Order [Dkt. No. 83] at 3-4.) Defendants have since renewed their Motion for Protective Order. (See Defs.' Mot. For Prot. Order [Dkt. No. 87].)

Prior to the Court's Order, and in keeping with Plaintiffs' oppressive approach to discovery, Plaintiffs filed this Motion seeking leave of Court to take a total of twenty depositions in this case -- double the number provided for under the Federal Rules of Civil Procedure. (See Mot. at 3, 15.) Defendants file this Response in Opposition and respectfully request the Court to deny Plaintiffs' request to depose twice as many witnesses as contemplated by the Federal Rules.

## ARGUMENT AND AUTHORITIES

Under the Federal Rules of Civil Procedure, the presumptive limit to the number of depositions that any party may take is ten. See Fed. R. Civ. P. 30(a)(2)(A); Price v. Gwinnett Family Dental Care, LLC, Civil Action No. 1:06-

CV-2659-BBM-GGB, 2007 WL 3477771, at *4 (N.D. Ga. Oct. 31, 2007). Rule 30(a)(2)(A) provides that

> [a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): (A) if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs . . . .

Fed. R. Civ. P. 30(a)(2)(A). Moreover, "Rule 30(a)(2)(A) clearly contemplates that a party has already taken ten depositions before a motion is filed seeking leave of court for a 'proposed deposition [that] would result in more than ten depositions being taken under this rule ....'" Mazur v. Lampert, No. 04-61159-CIV, 2007 WL 676096, at *2 (S.D. Fla. Feb. 28, 2007). Here, Plaintiffs have asked this Court, without sufficient justification and after having deposed only ***two*** witnesses, to double the number provided by the Federal Rules and allow them twenty depositions in this case -- a number that well exceeds what this case needs.[2] (See Mot. at 3, 14.)

---

[2] While Plaintiffs have argued that the amount of documents and custodians with relevant information justifies exceeding the number of depositions allowed under the Federal Rules, Courts have generally held that "the mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each individual." Dixon v. Certainteed Corp., 164 F.R.D. 685, 692 (D. Kan. 1996); see also Medcorp, Inc. v. Pinpoint Techs., Inc., Civil Action No. 08-cv-00867-MSK-KLM, 2009 WL 1049758, at *6 (D. Col. Apr. 20, 2009) (rejecting "[p]laintiff's contention that it is entitled to depose every individual listed in a party's disclosures as potentially having relevant information").

9

A court should deny depositions in excess of the permitted number if it determines that

> (i) the discovery sought is ***unreasonably cumulative or duplicative***, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the ***burden or expense of the proposed discovery outweighs its likely benefit***, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C) (emphasis added). Courts have generally held that "the moving party must make a particularized showing why extra depositions are necessary." Mazur, 2007 WL 676096, at *1 (citing Barrow v. Greenville Indep. School Dist., 202 F.R.D. 480, 482 (N.D. Tex. 2001); Archer Daniels Midland Co. v. Aon Risk Servs., Inc., 187 F.R.D. 578, 586 (D. Minn. 1999)); Baker County Med. Servs. Inc. v. Summit Smith, L.L.C., No. 3:05-cv-541-J-33HTS, 2007 WL 114000, at *1 (M.D. Fla. Jan. 10, 2007) (citing Bituminous Fire and Marine Ins. Corp. v. Dawson Land Dev. Co., Inc., No. 3:02-CV-793-J-21TEM, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003)). Because Plaintiffs have failed to make the requisite showing warranting a departure from the Federal Rules of Civil Procedure's presumptive limit of ten depositions, their Motion should be denied.

## I. The Additional Ten Depositions Plaintiffs Seek Would Be Unreasonably Cumulative and Duplicative

As of the date of this Response, Plaintiffs have taken four depositions: Nancy Seamans, William Potter, James Palmour and Laura Burtle. Plaintiffs have noticed an additional ten depositions, including a GSU technology services project manager, Paula Christopher; two GSU library employees, Denise Dimsdale and Cory Schlotzhauer; and seven GSU professors, Marian Meyers, Patricia Dixon, Jodi Kaufmann, Jason Reifler, Diane Belcher, Jeffrey Lazarus, and Marni Davis. Plaintiffs also have indicated that they intend to notice George Hernandez, an IT employee for the Board of Regents. (See Mot. at 8.) In addition to these fifteen witnesses, Plaintiffs contend in their Motion that they need five more depositions: three of the named defendants who serve as GSU university administrators, Mark Becker, Ron Henry, and J.L. Albert; and two unnamed members of the Board of Regents. To date, then, Plaintiffs have requested a total of twenty depositions -- double the number allowed under the Federal Rules, hardly the "modest increase" described by Plaintiffs in their Motion. (See Mot. at 2, 12.)

Nowhere in Plaintiffs' Motion do they explain why Plaintiffs need to take depositions of *multiple* library employees, *multiple* uLearn/IT personnel, *multiple* professors, and *multiple* named defendants. There is clear overlap among these witnesses, making their testimony unreasonably cumulative and duplicative. For

11

example, Ms. Burtle, an Associate Dean, assists Dr. Seamans, the Dean of Libraries, and merely implements policies set by Dr. Seamans. Deposing both of these witnesses who work side-by-side at GSU and have similar, if not identical, knowledge regarding library operations and the new copyright policy is unnecessary and wasteful. Similarly, Mr. Schlotzhauer and Ms. Dimsdale are both ERes staff members with comparable knowledge regarding library operations and ERes, so deposing both would be duplicative.

Plaintiffs also seek to depose seven professors from GSU, a number well beyond what is necessary for this case. (See Mot. at 10-12.) The professors noticed by Plaintiffs use GSU's ERes and uLearn systems in similar fashions and thus are likely to provide similar testimony regarding their use of GSU's online systems. While it may be true that Plaintiffs need to depose at least one or two professors because of their roles in applying the new copyright policy at GSU, Defendants submit that a sample of far less than seven professors would be sufficient to obtain the desired discovery.

These depositions will be particularly cumulative given the extensive discovery that Defendants have already provided to Plaintiffs, including interrogatory responses, a significant production of documents, and live access to ERes and uLearn. Because Plaintiffs have failed to make the required showing

12

that the extra depositions they seek are necessary, and because depositions already taken have been duplicative of each other, the additional depositions they seek will be unreasonably cumulative and their Motion should be denied.

## II. Plaintiffs Have Had Ample Opportunity to Discover The Evidence They Now Seek in an Additional Ten Depositions

Much of the discovery that Plaintiffs seek through an extra ten depositions is already available in Defendants' document production, interrogatory responses, ERes reports, and uLearn reports. Also, Plaintiffs have had multiple opportunities to obtain this information through other discovery devices within the limits set by the Federal Rules. As of the date of this Response, Plaintiffs have only taken four depositions out of the ten allowed under the rules. Three more depositions are scheduled (and several more are being scheduled) in the days following the filing of this Response.

Defendants are willing to cooperate with Plaintiffs on the remaining depositions -- for example, to make sure that Plaintiffs may take the depositions of a representative sample of university professors. Also, Defendants will provide further discovery to Plaintiffs through Defendants' responses to the 1,351 requests for admission served by Plaintiffs in late April. Despite these opportunities for discovery, Plaintiffs request more depositions, but do so without setting forth sufficient legal or factual bases as to why this case warrants exceeding the normal

discovery limitations. Because Plaintiffs have ample opportunity to obtain the evidence sought in their Motion elsewhere in discovery, Plaintiffs' Motion should be denied.

**III. The Burden and Expense of Additional Depositions Would Outweigh the Depositions' Likely Benefit**

Plaintiffs' Motion seeks double the number of depositions provided for in the Federal Rules, creating considerable burden and expense for Defendants. First, twice as many depositions requires at least twice as much deposition preparation and diligence by Defendants' counsel than was anticipated in this case. Second, the seven GSU professors noticed by Plaintiffs are reaching the end of one semester and preparing for the start of another. The time in which Plaintiffs want to depose these professors comes at the busiest time of the school year. These professors are grading exams, calculating final grades, and preparing materials and lectures for new classes of students. While Plaintiffs have noticed these depositions for half-days near GSU's campus, the depositions are still a disruption, inconvenience, and loss of valuable time for each professor. (See Mot. at 10.) Likewise, the depositions of other GSU and Board of Regents employees interrupts daily activities, decreases productivity, and wastes state funds.

Moreover, aside from repeatedly asserting that they are entitled to twenty depositions, Plaintiffs do little to articulate a level of benefit to them that would

14

outweigh the immense burden and expense to Defendants.  See <u>Siegel v. Truett-McConnell Coll.</u>, 13 F. Supp. 2d 1335, 1338 (N.D. Ga. 1994) (denying Plaintiff's motion for additional discovery as burdensome and disruptive to defendants).  Since the new copyright policy has only been in effect since February 2009, most (if not all) of the professors Plaintiffs seek to depose will have had ***no*** experience with the new copyright policy.  Also, since implementation of the new policy is still underway, the library, uLearn, and IT staff members Plaintiffs seek to depose will also have had little to no experience with the new policy.

Thus, since this lawsuit concerns only the "ongoing and continuous" conduct of Defendants under the new policy, any additional depositions at this time will be of little benefit to Plaintiffs so soon after the adoption of the new copyright policy.  Though Defendants have offered to stay the litigation for six months so that faculty and staff can gain experience with the new policy before Plaintiffs resume taking depositions, Plaintiffs have not yet accepted Defendants' proposal, and instead moved forward with requesting additional depositions.  As such, the onerous burden that these additional depositions will impose on Defendants clearly outweighs any benefit they would have at this time.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion be denied in its entirety.

Respectfully submitted this 5th day of May, 2009.

        THURBERT E. BAKER    033887
        Attorney General

        R. O. LERER    446962
        Deputy Attorney General

        DENISE E. WHITING-PACK  558559
        Senior Assistant Attorney General

        MARY JO VOLKERT
        Georgia Bar No. 728755
        Assistant Attorney General


        */s/ Kristen A. Swift*
        King & Spalding LLP
        Anthony B. Askew
        Georgia Bar No. 025300
        Special Assistant Attorney General
        Stephen M. Schaetzel
        Georgia Bar No. 628653
        Kristen A. Swift
        Georgia Bar No. 702536

        ***Attorneys for Defendants***

# CERTIFICATE OF COMPLIANCE

I hereby certify, in accordance with Local Rule 7.1(D), that the foregoing memorandum has been prepared using 14 point Times New Roman font.

>	*/s/ Kristen A. Swift*_____
>	Kristen A. Swift
>	  (Ga. Bar No. 702536)

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS, et al., <br><br> Plaintiffs, <br><br> -*vs.*- <br><br> MARK P. BECKER, in his official capacity as Georgia State University President, et al., <br><br> Defendants. | Civil Action File <br> No. 1:08-CV-1425-ODE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 5th day of May, 2009, I have electronically filed the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO TAKE ADDITIONAL DEPOSITIONS** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| Edward B. Krugman<br>krugman@bmelaw.com<br>Georgia Bar No. 429927<br>Corey F. Hirokawa<br>hirokawa@bmelaw.com<br>Georgia Bar No. 357087<br>John H. Rains IV<br>Georgia Bar No. 556052<br><br>BONDURANT, MIXSON &<br>ELMORE, LLP<br>1201 West Peachtree Street NW<br>Suite 3900<br>Atlanta, GA 30309<br>Telephone: (404) 881-4100<br>Facsimile: (404) 881-4111 | R. Bruce Rich<br>Randi Singer<br>Todd D. Larson<br><br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 |

                                        */s/ Kristen A. Swift*_____
                                        Kristen A. Swift
                                          (Ga. Bar No. 702536)