# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS, et al., <br><br> Plaintiffs, <br><br> -*vs.*- <br><br> MARK P. BECKER, in his official capacity as Georgia State University President, et al., <br><br> Defendants. | Civil Action File <br> No.1:08-CV-1425-ODE |

## REPLY IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR PROTECTIVE ORDER

NOW COME defendants MARK P. BECKER, in his official capacity as Georgia State University President, et al. (collectively, "Defendants"), and file this Reply in Support of Defendants' Renewed Motion for Protective Order ("Motion") and in opposition to Plaintiffs' Memorandum of Law in Opposition to Defendants' Renewed Motion for Protective Order ("Response").

The parties have already briefed this issue, and at the Court's invitation, Defendants renewed their Motion to identify Plaintiffs' most recent burdensome discovery requests, including over 1,300 Requests for Admission. Therefore, this Reply will only address Plaintiffs' erroneous contention that Defendants' Motion is

now somehow mooted because the parties have reached a limited agreement concerning possible fact stipulations and the amount of depositions Plaintiffs may take in this case.

Contrary to Plaintiffs' assertions, Defendants' remaining discovery obligations are neither "limited" nor "incremental." (Response at 3, 22). Plaintiffs' *1,351* Requests for Admission are still pending and depositions remain to be taken, in which Plaintiffs will likely continue to focus on GSU's past practices and procedures. Such needless and burdensome discovery has not been mooted by any of the parties' actions and Defendants respectfully request the Court's protection from engaging in the burdensome discovery that remains pending in this case.

## I. Defendants Are Still Obligated to Respond to Plaintiff's 1,351 Requests for Admission

On May 15, 2009, the parties entered into an agreement that addressed several housekeeping discovery issues. (See Letter from Laura Gary to Randi Singer, May 15, 2009, attached hereto as Exhibit A). The agreement defines the "close of discovery" as June 30, 2009, for purposes of dependent deadlines (*e.g.,* summary judgment motions). (Id.) The agreement also provides that the time for Defendants to respond to Plaintiffs' Second Set of Requests for Admission ("Requests for Admission") will be tolled while the parties negotiate stipulations and further provides that Plaintiffs may take 14 depositions in exchange for their response to

certain discovery requests served by Defendants toward the close of discovery. (Id.) Despite this agreement, Defendants are still obligated to respond to the 1,351 Requests for Admission if Plaintiffs are not satisfied with the stipulations, at which time the period for Defendants' response will resume. (Id.) Thus, the agreement does not relieve Defendants from responding to Plaintiffs' burdensome and wasteful Requests for Admission -- *all* of which are directed at past practices. Even Plaintiffs admit that they "*likely* will no longer require responses to the Second RFAs." (Response at 21) (emphasis added).

Additionally, Plaintiffs' claim that these Requests for Admission are *necessary* to "establish the authenticity and accuracy of data collected from the ERes and uLearn systems" is incorrect. (Id. at 20). During the deposition of Laura Burtle, when counsel for Defendants offered to agree to the authenticity of the ERes reports rather than wasting time questioning Ms. Burtle as to each item on the report, counsel for Plaintiffs responded, "I appreciate your position. I'm going to go ahead and ask my questions because it's my deposition." (Burtle Dep. 121:4-122:14, Apr. 24, 2009, attached hereto as Exhibit B). Thus, Plaintiffs have given no indication that their discovery tactics are tailored to obtain certain information or are even necessary to obtain that information. Defendants' Motion is still valid and perhaps even more urgent, since discovery will be closing in a month and Plaintiffs show no signs of

curbing their burdensome discovery tactics.

## II. Defendants Are Still Subject to Seven Remaining Depositions

Because depositions remain to be taken, Defendants seek this Court's protection from needless inquiry into past practices. Contrary to Plaintiffs' unfounded assertion that "Defendants rebuffed Plaintiffs' numerous attempts to reach consensus on fact issues" (Response at 21), Defendants have been more than reasonable in accommodating Plaintiffs' numerous discovery requests. Unfortunately, Defendants' attempts at cooperation have been met with unnecessary motion practice. (See Pls' Mot. to Take Additional Deps.; Pls.' Opp'n Brief to Defs.' Renewed Mot.).

Although there may no longer be any dispute regarding the number of depositions to be taken, there is still a valid dispute as to the proper scope of the seven remaining depositions. Since the filing of Defendants' Motion, Plaintiffs have taken an additional three depositions. Each one of these depositions spent a significant amount of time addressing past practices that are no longer relevant to GSU's ongoing and continuous conduct. (See e.g., Kaufmann Dep. 102:22-107:13, May 6, 2009, attached hereto as Exhibit C (questioning Professor Kaufmann as to previous syllabi from over three years ago)); Belcher Dep. 57:18-73:18, May 7, 2009, attached hereto as Exhibit D (questioning Professor Belcher as to previous syllabi,

some from as far back as Fall 2004)); Dimsdale Dep. 74:24-87:2; 103:22-108:32; 165:12-167:2, May 13, 2009, attached hereto as Exhibit E (spending a significant amount of time on ERes web pages that were clearly created years before the adoption of the new copyright policy)).[1]  Given Plaintiffs' continuing discovery tactics, Defendants have every reason to believe that the remaining seven depositions will focus on irrelevant past practices and procedures.

The Eleventh Amendment only allows Plaintiffs prospective injunctive relief as to Defendants' ongoing and continuous conduct. See Ex parte Young, 209 U.S. 123 (1908).  The case cited by Plaintiffs in their Response, Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 736 F. Supp. 267 (N.D. Ga. 1990), does not hold otherwise and is, in fact, inapposite to the facts of this case.  In Alcock, the issue before this Court was whether the case was moot because the defendants *said* they

---

[1] Defendants briefly respond to Plaintiffs' mischaracterization of Professors Kaufmann's and Belcher's testimony regarding changes resulting from the adoption of the new policy.  Both professors in fact testified that, under the new policy, they would no longer offer the same excerpts via ERes.  (See Belcher Dep. 124:13-18 ("Well, this is just hypothetical in a way because you're asking me about something that I would probably not now put on EReserve given my understanding, more complex and fuller understanding of fair use."); Kaufmann Dep. 51:8-52:13, 97:2-99:10 (explaining that, under the new policy, Professor Kaufmann would cut down on the amount of readings posted on ERes and would also link to journal articles legally available through the GSU library)).

5

would adopt a new policy at some unidentified time in the future.[2]  Id. at 274.  Here, Defendants have adopted a new policy that is currently in effect and only seek the Court's protection from burdensome and unnecessary discovery into past practices, not a dismissal of Plaintiffs' claims based on mootness.

Because Defendants are still subject to numerous and extremely burdensome discovery obligations regarding past practices, Defendants respectfully request that this Court limit discovery into past practices, since such discovery will only serve to delay this litigation further and cause Defendants undue burden and expense.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter a protective order limiting the scope of allowable discovery to Defendants' "ongoing and continuous" conduct pursuant to the current University System of Georgia copyright policy.

Respectfully submitted this 27th day of May, 2009.

---

[2] Additionally, the Court in Alcock granted the defendants' motion for protective order to limit discovery.  Id. at 274-75.

THURBERT E. BAKER 033887
Attorney General

R. O. LERER 446962
Deputy Attorney General

DENISE E. WHITING-PACK 558559
Senior Assistant Attorney General

MARY JO VOLKERT
Georgia Bar No. 728755
Assistant Attorney General

 /s/Kristen A. Swift_____

*King & Spalding LLP*
Anthony B. Askew
Georgia Bar No. 025300
Special Assistant Attorney General
Stephen M. Schaetzel
Georgia Bar No. 628653
Kristen A. Swift
Georgia Bar No. 702536
Laura Gary
Georgia Bar No. 595907

***Attorneys for Defendants***

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, in accordance with Local Rule 7.1(D), that the foregoing memorandum has been prepared using 14 point Times New Roman font.

                                                s/ *Kristen A. Swift*
                                                Kristen A. Swift
                                                 (Ga. Bar No. 702536)

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS, et al,<br><br>Plaintiffs,<br><br>-*vs.*-<br><br>CARL V. PATTON, in his official capacity as Georgia State University President, et al,<br><br>Defendants. | Civil Action No.<br>1:08-CV-1425-ODE |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 27th day of May, 2009, I have electronically filed the foregoing **REPLY IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

| | |
|---|---|
| Edward B. Krugman<br>krugman@bmelaw.com<br>Georgia Bar No. 429927<br>John H. Rains IV<br>rains@bmelaw.com<br>Georgia Bar No. 556052 | R. Bruce Rich<br>Randi Singer<br>Todd D. Larson<br><br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153 |

BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA  30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*/s/ Kristen A. Swift*
Kristen A. Swift
(Ga. Bar No. 702536)