IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS, *et al.*,<br><br>Plaintiffs,<br><br>- *vs.* -<br><br>MARK P. BECKER, in his official capacity as Georgia State University President, *et al,*<br><br>Defendants. | Civil Action No. 1:08-CV-1425-ODE |

## DEFENDANTS' AMENDED AND SUPPLEMENTAL
## <u>INITIAL DISCLOSURES</u>

Defendants MARK P. BECKER, in his official capacity as Georgia State University President, et al. (collectively, "Defendants"), pursuant to Local Rule 26.1 and Rule 26 of the Federal Rules of Civil Procedure, and without waiving any claim of attorney-client privilege, work product protection, or trade secret protection, respectfully submit their Amended and Supplemental Initial

Disclosures to Plaintiffs Cambridge University Press, Oxford University Press, Inc., and Sage Publications, Inc. ("Plaintiffs"). Defendants expressly reserve the right to supplement these disclosures and to introduce additional information in connection with any motion, hearing, or trial as discovery proceeds.

**1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Without conceding the merits of Plaintiffs' claims, and specifically denying them, Defendants state that they have been properly identified.

**2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Without conceding the merits of Plaintiffs' claims, and specifically denying them, Defendants do not contend there is a question of misjoinder of parties, but reserve the right to supplement their response in accordance with the Federal Rules, the Local Rules, and the Rules and Orders of this Court.

**3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Defendants refer to their Answer for a factual basis for the defenses of the

Defendants in this matter. Because discovery is not yet complete, Defendants reserve the right to supplement this disclosure in accordance with Fed. R. Civ. P. 26. Without limiting the factual and legal defenses available to them stated in their Answer, or limiting their ability to supplement this response as additional facts are developed during discovery or otherwise, Defendants offer the following details as a factual basis for their defenses:

Defendants deny that they have infringed any valid copyright owned by Plaintiffs. The library at Georgia State University ("GSU") facilitates GSU professors in making excerpts of reading materials for particular courses available via GSU's electronic reserve system ("ERes") and facilitates student access to such excerpts. Only students who are given a specific password can access the excerpts on ERes. The course reading material excerpts made available by the GSU library through ERes are intended to allow students online access to such excerpts held in reserves by the GSU library, and are not digital replacements or substitutes for textbooks or paper "coursepacks."

GSU also facilitates professors in making digitized course information available via uLearn (Blackboard/WebCT Vista), course web pages and faculty web pages. Such electronic course management tools may provide syllabi, reading materials, and other course-related information. Only students who are given a

specific password and are registered for an affected course can access the excerpts information for such course on uLearn.  Course web pages and faculty web pages may or may not be password-protected.  Course reading material available via uLearn, course web pages, or faculty web pages, if any, is intended to allow students online access to such material and is not a digital replacement or substitute for textbooks or paper "coursepacks."

GSU also facilitates the provision of individual GSU college or school departmental web pages.  Such web pages provide information related to the particular department, including information pertaining to faculty and courses.  Defendants do not believe that course reading material is intended to be made available or is made available via departmental web pages.

In all of the foregoing, Defendants believe and understand that the University System of Georgia copyright policy is followed.  The policy is in part grounded upon the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 et seq. or permission granted by the copyright holder.  Defendants assert additional defenses, including that they are protected by library immunity under 17 U.S.C. § 108, that they are immune from suit in federal court pursuant to the doctrines of Eleventh Amendment immunity, qualified immunity, and sovereign immunity, and that Plaintiffs' claims are barred in whole or in part

by Plaintiffs' laches and acquiescence, by the applicable statute of limitations, by lack of causation, by the independent-duty doctrine, and by the doctrines of waiver, estoppel and unclean hands. Defendants reserve the right to raise any other defenses allowed by law at such time as the allegations are more specifically pled or developed.

**4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Defendants incorporate into their response to this question all of those statutes, codes, legal principles, standards and customs or usages, and illustrative case law that are contained in their answer.

Nevertheless, in addition to the statutes, codes, legal principles, standards and customs or usages that are contained in their answer, Defendants contend that the statutory doctrine of fair use as set forth in the Copyright Act, 17 U.S.C. §§ 101 et seq., library immunity under 17 U.S.C. § 108, the doctrines of Eleventh Amendment immunity, sovereign immunity, and qualified immunity, and case law and regulatory interpretations thereto, are applicable to this action, including by way of illustration only and without limitation: Williams & Wilkins Co. v. U.S., 487 F.2d 1345 (Ct. Cl. 1973), Harper & Row v. Nation Enterprises, 471 U.S 539

5

(1985), Basic Books, Inc. v. Kinko's Graphics Corp., 758 F. Supp. 1522 (S.D.N.Y. 1991), Encyclopedia Britannica Educational Corp. v. Crooks, 542 F. Supp. 1156 (W.D.N.Y. 1982), Greenberg v. Nat'l Geographic Society, No. 05-16964, 2008 U.S. App. LEXIS 13832 (11th Cir. Jun. 30, 2008), A.V. v. iParadigms, LLC, 544 F. Supp. 2d 473 (E.D. Va. 2008), Peter Letterese and Associates Inc. v. World Institute of Scientology Enterprises Int'l, No. 05-05129, 2008 U.S. App. LEXIS 14496 (11th Cir. Jul. 8, 2008), American Geophysical Union v. Texaco, Inc., 60 F.3d 913 (2d Cir. 1994), Assoc. of American Med. Colleges v. Cuomo, 928 F.2d 519 (2d Cir. 1991), Princeton Univ. Press v. Michigan Doc. Services, Inc., 99 F.3d 1381 (6th Cir. 1996), Nat'l Assoc. of Boards of Pharmacy v. Board of Regents of the Univ. System of Georgia, No. 3:07-cv-084, 2008 U.S. Dist. LEXIS 32116 (M.D. Ga. Apr. 18, 2008) and Ex Parte Young, 209 U.S. 123 (1908).

**5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

Defendants have identified the people of whom they are currently aware who are likely to have discoverable information relating to this lawsuit in Attachment A.  Defendants reserve the right to supplement their response to this question as they gain additional information.

**6)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

Defendants may use Dr. Kenneth D. Crews at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  The Expert Report of Kenneth D. Crews is attached as Exhibit B.

**7)     Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Listed in Attachment C are those documents that Defendants may use to support their claims or defenses.  Defendants reserve the right to supplement their response in accordance with the Federal Rules, the Local Rules, and the Rules and Orders of this Court.

**8)     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or**

Defendants are not claiming any damages at this time, other than their costs and legal fees incurred in defending this action.

**9)	If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Defendants are not aware at this time of any other persons or entities who may be liable to Plaintiffs.

**10)	Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Defendants do not at this time have any such insurance agreements.

Respectfully submitted this 1st day of June, 2009.

THURBERT E. BAKER 033887
Attorney General

R. O. LERER 446962
Deputy Attorney General

DENISE E. WHITING-PACK 558559
Senior Assistant Attorney General

MARY JO VOLKERT
Georgia Bar No. 728755
Assistant Attorney General

/s/ *Kristen A. Swift*
King & Spalding LLP
Anthony B. Askew
Georgia Bar No. 025300
Special Assistant Attorney General
Stephen M. Schaetzel
Georgia Bar No. 628653
Kristen A. Swift
Georgia Bar No. 702536

***Attorneys for Defendants***

# CERTIFICATE OF SERVICE AND TYPE

Pursuant to Local Rule 7.1D, the undersigned counsel for Defendants hereby certifies that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 1st day of June, 2009, the foregoing **Defendants' Amended and Supplemental Initial Disclosures** as electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

Edward B. Krugman
krugman@bmelaw.com
Georgia Bar No. 429927
John H. Rains IV
rains@bmelaw.com
Georgia Bar No. 556052
BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

R. Bruce Rich
Randi Singer
Todd D. Larson
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

/s/ *Kristen A. Swift*
Kristen A. Swift
Georgia Bar No. 702536

**Attachment "A"**

This disclosure lists persons who may have information that Defendants may use to support their defenses to all of the claims pled in Plaintiffs' Amended Complaint, without regard to the legal merit of those claims. All of the persons listed below may be contacted through the undersigned counsel.

By serving this disclosure, Defendants do not waive any of their legal challenges to those claims or acknowledge that any of these persons possess discoverable information. Defendants will amend or supplement this disclosure as necessary as this matter proceeds.

| Name | Title |
|---|---|
| Mark P. Becker | President |
| Ron Henry | Provost |
| J. L. Albert | Associate Provost & CIO |
| Nancy Seamans | Dean of Libraries (retired) |
| Jim Palmour | Info. Sys. Spec. Lead, Library Services Support |

| | |
|---|---|
| Laura Burtle | Assoc. Dean Acad., Library |
| Marjorie Denise Dimsdale | Lib. Assoc. I, Library |
| Denita Hampton | Mgr. Lib. Svcs., Library |
| Paula Christopher | Proj. Mgr., Univ. Educ. Tech. Svcs. |
| Zoe Salloom | Project Manager, University Education Technology Services |
| Nancy P. Johnson | Law Librarian, Professor |
| Diane D. Belcher | Associate Professor, Applied Linguistics & ESL |
| Jodi Kaufmann | Assistant Professor, Educational Policy Studies |
| James Gordon Emshoff | Associate Professor, Psychology |
| Kim D. Reimann | Assistant Professor, Political Science |
| Nathaniel Leon Orr | Professor, School of Music |
| John David Bunting | Lecturer, Senior, Applied Linguistics & ESL |

| | |
|---|---|
| Jeffrey Lewis Lazarus | Assistant Professor, Political Science |
| Isa Blumi | Assistant Professor, History |
| James F. Darsey | Professor, Communication |
| Patricia Dixon | Associate Professor, African-American Studies |
| Doug Hyche | IT Program Director, Board of Regents Office of Information and Instructional Technology |
| George Hernandez | Database Analyst Staff Specialist |

## Attachment "B"

The expert report of Dr. Kenneth D. Crews is attached as Exhibit B.

## Attachment "C"

This disclosure lists documents that Defendants may use to support their claims or defenses. By serving this disclosure, Defendants do not waive any of their legal challenges to those claims or objections they may have to the relevance and admissibility of these documents.

1) Policies and procedures for digitizing and uploading excerpts on GSU's website;

2) Archived ERes system maintained by library services support group;

3) Data compilations concerning frequency with which students access digitized course excerpts on ERes;

4) Copyright policies and procedures for the University System of Georgia; and

5) Procedures for maintenance, support, and use of uLearn.