FILED IN CHAMBERS
U.S.D.C. - Atlanta

JUN 2 2 2009

James N. Hatten, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARK P. BECKER, in his official capacity as Georgia State University President, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:08-CV-1425-ODE |

## ORDER

This copyright infringement case is before the Court on Defendants' renewed motion for a protective order [Doc. #87]. Defendants filed their initial motion for a protective order on March 17, 2009 [Doc. #58]. In an order dated April 27, 2009, this Court dismissed the motion without prejudice, noting that Defendants may be entitled to the relief they seek, but that the Court lacked adequate information to rule on the motion. [Doc. #83 at 3-4]. Defendants now renew their motion for a protective order. Plaintiffs have filed a response in opposition [Doc. #98], to which Defendants have a filed a reply [Doc. #99]. For the following reasons, Defendants' motion for a protective order is granted.

I. Factual and Procedural History

Plaintiffs, a group of publishers, filed suit against Defendants on April 15, 2008, alleging unauthorized copying and distribution of Plaintiffs' copyrighted works by Georgia State

University ("Georgia State"). [Doc. #1 at 2]. Specifically, Plaintiffs allege that Georgia State allows and facilitates the online distribution of Plaintiffs' copyrighted works, without paying the appropriate compensation to Plaintiffs. Id. at 2-3. Defendants are employees of Georgia State University who are being sued in their official capacities. See id. at 1. Plaintiffs seek declaratory and injunctive relief, as well as attorneys' fees and costs. Id. at 29-30.

Both Georgia State and the University System of Georgia have policies governing the copying and distribution of course materials. See [Doc. #58 at 5]. On February 17, 2009, the University System of Georgia adopted a new copyright policy. Id. at 6. Counsel for Defendants notified Plaintiffs of the new policy in a letter dated February 20, 2009, and, in discussions on February 23, 2009, proposed staying the litigation to enable the parties to evaluate and discuss the new policy. See id.; [Doc. #58 Exh. C]. Plaintiffs agreed to postpone depositions that had been scheduled for the following week, but requested that two members of the Select Committee on Copyright be made available for depositions so that Plaintiffs could learn more about the new policy. [Doc. #61 at 10]. Defendants complied with this request and produced Dr. Nancy Seamans, Georgia State's Dean of Libraries, and Dr. William Potter, chairman of the Select Committee on Copyright, for depositions. Id.; [Doc. #58 at 7]. At these depositions, Plaintiffs inquired into Georgia State's past practices with regard to the copying and distribution of course materials. [Doc. #58 at 7-8].

2

After the depositions, Defendants' counsel sent a letter to Plaintiffs' counsel asserting Defendants' belief that the adoption of the new copyright policy had rendered any claims regarding Georgia State's past conduct moot, and that future discovery should be limited to Defendants' "ongoing and continuous conduct." [Doc. #58 Exh. B at 1]. Plaintiffs apparently were unwilling to limit their discovery in this manner. See id. The parties' inability to agree on the proper scope of discovery prompted Defendants to file their initial motion for a protective order, which this Court dismissed without prejudice on April 27, 2009.

In their renewed motion for a protective order, Defendants identify the recent discovery sought by Plaintiffs that they believe is irrelevant and overly burdensome. [Doc. #87 at 2-4]. Specifically, Defendants point to almost 1300 Requests for Admission that exclusively pertain to enrollment in past classes and the past class readings posted on Georgia State's electronic reserves system. Id. at 3; see [Doc. #87 Exh. A]. Defendants further point to as burdensome Requests for Production of copies of excerpts posted on the electronic reserves system over the past four years and the original books from which the excerpts were taken. [Doc. #87 Exh. G]. Defendants also attached excerpts from four depositions in which Plaintiffs' counsel inquired into Georgia State's past copyright policies and practices. [Doc. #87 Exhs. B-E]. Defendants contend that this requested discovery is irrelevant and overly burdensome, and have renewed their motion for a protective order.

II. Discussion

Defendants argue that discovery should be limited to Georgia State's "ongoing and continuous conduct," and that discovery related to past practices and policies is irrelevant. [Doc. #87 at 1-2]. The basis for this argument is Defendants' contention that, because Georgia State is an arm of the State of Georgia, the Eleventh Amendment's guarantee of sovereign immunity applies in this case. Accordingly, Defendants assert that under the *Ex parte Young* exception to sovereign immunity, the only relief Plaintiffs may obtain is injunctive relief related to Georgia State's ongoing and continuous conduct. Plaintiffs have not expressly agreed with this assertion, but they have not challenged it either. In addition, the Complaint asks only for declaratory and injunctive relief, not monetary damages.

The Court accepts the parties' apparent agreement that Plaintiffs are limited to declaratory and injunctive relief.

Defendants argue that, because Plaintiffs may not recover for past violations, discovery into past practices and policies is irrelevant and overly burdensome. Plaintiffs argue that they are entitled to discovery regarding past practices, that the requested discovery is neither burdensome nor irrelevant, and that the parties' agreement regarding the requested discovery has rendered the issue largely moot.[1]

---

[1] Defendants acknowledge that the parties have reached a limited agreement but contend that the Requests for Admission and several depositions are still pending. [Doc. #99 at 1-2]. Because this discovery is outstanding, the motion for a protective order is not mooted by the parties' agreement.

4

Plaintiffs contend that they are entitled to discovery of Georgia State's past practices because they will have to show past infringement in order to obtain an injunction and because Plaintiffs believe that the new copyright policy fails to address and correct Georgia State's past infringing practices. [Doc. #98 at 4 <u>et seq.</u>]. It is apparent from the parties' filings that Plaintiffs have already obtained a substantial amount of discovery regarding Georgia State's past copyright policy. Some of the deposition excerpts contain references to large-volume printouts of records from the electronic reserve system. <u>See</u> Deposition of James Palmour at 170 [Doc. #87 Exh. B]; Deposition of Laura Burtle at 118 [Doc. #87 Exh. C]. In their Third Requests for Production, Plaintiffs attach a long list of works uploaded to the electronic reserve system from 2005 to Spring 2009 with an indication of the chapter or pages uploaded. [Doc. #87 Exh. G]. Plaintiffs have also deposed two Georgia State library staff members, Laura Burtle and Denise Dimsdale, who testified about the implementation and enforcement of the prior copyright policy. See [Doc. #87 Exh. C at 145-48]; [Doc. #98 at 16].

Plaintiffs have therefore obtained sufficient discovery to present evidence of past infringement in support of a request for an injunction. Additional discovery into these past practices would, at this point, be unduly burdensome. Even if the new copyright policy fails to address the alleged problems in the old policy, Plaintiffs will have had sufficient discovery to argue that there is no significant difference between the two.

As a result, Defendants are entitled to a protective order and the Renewed Motion for Protective Order [Doc. #87] is GRANTED

as set forth below. For all remaining discovery, Plaintiffs may not inquire into practices or policies in existence before February 17, 2009, the date that the new policy was adopted. Plaintiffs may obtain discovery regarding the adoption of the new policy, the committee membership, and the resources consulted by the committee, even if such inquiries pertain to events prior to February 17, 2009. Plaintiffs may also ask about the past copyright policies and practices to the extent that they are asking a Georgia State employee or professor to explain the difference between past policies and practices and the new copyright policy. Independent inquiries into practices and policies before February 17, 2009 are not permitted under the protective order.

SO ORDERED, this __19__ day of June, 2009.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE