# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　　　　-*vs.*-<br><br>MARK P. BECKER, in his official capacity as Georgia State University President, et al.,<br><br>　　　　　Defendants. | Civil Action File<br>No. 1:08-CV-1425-ODE |

**SURREPLY IN FURTHER SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE EXPERT REPORT OF KENNETH D. CREWS**

Plaintiffs argue for the first time in their reply brief (Dkt. No. 112) that Defendants retained Dr. Crews as a testifying expert in January 2009, and suggested that Defendants made a tactical decision to shield his identity from Plaintiffs in order to obtain an extension of the discovery period. Defendants file this surreply to address these new allegations.

Contrary to Plaintiffs' contentions, Defendants engaged Dr. Crews as a non-testifying, consulting expert in October 2008. Defendants then adopted revised copyright guidelines ("Guidelines") in February of 2009. After having the

- 1 -

Guidelines implemented for a few months, Defendants asked Dr. Crews on April 22, 2009 to start preparing a report concerning his opinions about the appropriateness of those Guidelines in an educational setting and the application of those Guidelines by Georgia State University professors. The first draft of that report and opinion was provided to counsel for Defendants in mid-May. On May 19, and only after considering that draft report and opinion, Defendants decided to convert Dr. Crews' status as a non-testifying consulting expert to a testifying expert and to present his report to Plaintiffs as soon as it was completed. That same day, Defendants disclosed Dr. Crews' retention to Plaintiffs. His expert report was subsequently provided to Plaintiffs on June 1. *See* Askew Decl., Dkt. 110, Attach. 1 at ¶¶ 2-6.

Under the Federal Rule of Civil Procedure 26(a)(2)(B), there is no requirement that the identity of and a report concerning opinions of a non-testifying, consulting expert be disclosed and in fact, such information is generally shielded from discovery. Defendants thus were not required to disclose the identity or opinions of Dr. Crews until it was decided that he would be a testifying witness. Such decision was made on May 19, after a review of the draft report and opinion by Dr. Crews -- the Plaintiffs were immediately notified of such decision.

Under the Federal Rule of Civil Procedure 26(a)(2)(C), the parties must disclose the identity of their testifying expert witnesses and the expert's written report "at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures shall be made: (i) at least 90 days before the trial date or the date the case is to be ready for trial. . . [.]" FED.R.CIV.P. 26(a)(2)(C)(i). The Scheduling Order in this case does not specify a sequence for the parties to exchange expert reports or to take expert depositions. The purpose of Rule 26(a)(2) is to ensure opposing parties have a reasonable opportunity to prepare an effective cross examination and, if needed, retain their own expert. The Local Rules require parties to designate their experts sufficiently early "to permit the opposing party the opportunity to depose the expert witness sufficiently in advance of the close of discovery." LR. 26.2(C). Regardless of whether discovery closed on May 25 or June 30, both parties took and continue to take depositions after May 25, and June 30, and even after June 30.

Plaintiffs' complaint is that Dr. Crews was disclosed on May 19, one week before general discovery was scheduled to close and five weeks before deposition discovery was scheduled to expire. No bad faith exists; Dr. Crews was not disclosed earlier because he had not yet been retained as a testifying expert. Nevertheless, Plaintiffs' Motion and Reply failed to present any evidence to

demonstrate that they have been incurably prejudiced by Defendants' alleged failure to disclose their expert earlier. Unsupported claims of prejudice are not sufficient to justify the sanction of excluding evidence. Indeed, there are remedies which the Court can fashion which will mitigate any such prejudice.

Respectfully submitted this 6th day of July, 2009.

        THURBERT E. BAKER    033887
        Attorney General

        R. O. LERER    446962
        Deputy Attorney General

        DENISE E. WHITING-PACK  558559
        Senior Assistant Attorney General

        MARY JO VOLKERT
        Georgia Bar No. 728755
        Assistant Attorney General


*/s/ Katrina M. Quicker/*
King & Spalding LLP
Anthony B. Askew
Georgia Bar No. 025300
Special Assistant Attorney General
Katrina M. Quicker
Georgia Bar No. 590859


***Attorneys for Defendants***

# CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to L.R. 5.1B and 7.1D of the Northern District of Georgia, that the foregoing Surreply In Further Support Of Defendants' Opposition To Plaintiffs' Motion To Exclude The Expert Report Of Kenneth D. Crews Motion complies with the font and point selections approved by the Court in L.R. 5.1B. The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

*/s/ Katrina M. Quicker*
Katrina M. Quicker
(Ga. Bar No. 590859)

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS, et al., <br><br> Plaintiffs, <br><br> -*vs.*- <br><br> MARK P. BECKER, in his official capacity as Georgia State University President, et al., <br><br> Defendants. | Civil Action File <br> No. 1:08-CV-1425-ODE |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 6th day of July, 2009, I have electronically filed the foregoing Surreply In Further Support Of Defendants' Opposition To Plaintiffs' Motion To Exclude The Expert Report Of Kenneth D. Crews Motion with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Edward B. Krugman
krugman@bmelaw.com
Georgia Bar No. 429927
Corey F. Hirokawa
hirokawa@bmelaw.com
Georgia Bar No. 357087
John H. Rains IV
Georgia Bar No. 556052

BONDURANT, MIXSON &
ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA  30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

R. Bruce Rich
Randi Singer
Todd D. Larson

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*/s/ Katrina M. Quicker*_____
Katrina M. Quicker
 (Ga. Bar No. 590859)