FILED IN CHAMBERS
U.S.D.C. - Atlanta
SEP - 3 2009
James N. Hatten, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAMBRIDGE UNIVERSITY PRESS,
et al.,

    Plaintiffs,

v.

CIVIL ACTION NO.
1:08-CV-1425-ODE

MARK P. BECKER, in his
official capacity as Georgia
State University President,
et al.,

    Defendants.

## ORDER

This copyright infringement case is before the Court on Plaintiffs' motion to exclude the expert report of Dr. Kenneth Crews ("Dr. Crews"). [Doc. #106]. Defendants have filed a response in opposition [Doc. #110], to which Plaintiffs have filed a reply [Doc. #112]. Defendants sought and were granted leave to file a surreply [Docs. #114, #115, #116]. For the following reasons, the motion to exclude Dr. Crews' expert report is denied.

### I. Factual and Procedural History

On April 15, 2008, Plaintiffs, a group of publishers, filed suit against Defendants, alleging unauthorized copying and distribution of Plaintiffs' copyrighted works by Georgia State University ("Georgia State"). [Doc. #1 at 2]. Specifically, Plaintiffs allege that Georgia State allows and facilitates the online distribution of Plaintiffs' copyrighted works, without paying the appropriate compensation to Plaintiffs. Id. at 2-3. Plaintiffs' suit focuses on Georgia State's placement of reading materials for particular courses on the university's electronic

reserve system ("ERes"). Students are able to access the excerpted materials from a computer.

Defendants have asserted that, in placing materials on the ERes, they believed they were following the University System of Georgia's policy on copyright and fair use. [Doc. #58 at 5]. The fair use doctrine is therefore at issue in this case.

On February 17, 2009, the University System of Georgia adopted a new copyright policy. Id. at 6. According to Defendants, this policy changes the procedures governing use of copyrighted materials, including placement of material on university electronic reserve systems. See id. at 17-18.

On April 22, 2009, the Court granted the parties' joint motion to extend the time to complete discovery. [Doc. #82]. Under the order, the deadline for the taking of depositions was extended to June 30, 2009, and all other discovery was to be completed by May 25, 2009. Id. Although the parties apparently participated in negotiations in May for another extension of discovery, nothing was filed with the Court as a result of those negotiations. See [Dkt.]. On June 1, 2009, Defendants filed supplemental initial disclosures, disclosing their expert, Dr. Kenneth Crews, and filing his report. [Doc. #104]. Shortly thereafter, Plaintiffs filed the instant motion to exclude Dr. Crews' report.

II. Discussion

Plaintiffs contend that Dr. Crews' report should be excluded for two reasons. First, Plaintiffs argue that the report contains legal opinion and advocacy, which Plaintiffs argue is inadmissible under the Federal Rules of Evidence. Second, Plaintiffs contend

2

that the report was not timely filed, in violation of the Local Rules. Each of these arguments is considered in turn below.

   A.   Exclusion under Federal Rule of Evidence 702

Federal Rule of Evidence 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion." Fed. R. Evid. 702. Under Federal Rule of Evidence 704, opinion testimony that is "otherwise admissible" is not objectionable simply because it "embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). As the United States Court of Appeals for the District of Columbia Circuit has explained:

> Whether expert opinion testimony is "otherwise admissible" depends, in part, on whether it will "assist the trier of fact in either understand[ing] the evidence or . . . determin[ing] a fact in issue." See Fed. R. Evid. 702. Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect, and thus it is not "otherwise admissible."

Burkhart v. Wash. Metro. Area Transit Auth., 112 F.3d 1207, 1212 (D.C. Cir. 1997).

Plaintiffs contend that, under these principles, Dr. Crews' report is inadmissible because it contains legal conclusions and opinions regarding one of the ultimate issues to be decided in this case, namely, whether Georgia State's copyright policy comports with the fair use doctrine. Dr. Crews' report does contain a discussion of copyright law and the fair use doctrine, as well as legal conclusions regarding Georgia State's new

3

copyright policy. However, the report also contains a review of the history and development of university electronic reserves systems and a discussion of copyright policies at other universities. This information will be helpful to the Court in understanding the evidence presented, determining the facts, and crafting relief, if appropriate.[1] Plaintiffs have requested injunctive and declaratory relief in this case. If the Court finds that Plaintiffs are entitled to injunctive relief, expert testimony regarding the policies used by other universities and the functioning of electronic reserves systems will assist the Court in fashioning an appropriate injunction.

Additionally, in a bench trial, there is no danger that the jury might give too much weight to the opinion of a legal expert. Flores v. Arizona, 516 F.3d 1140, 1166 (9th Cir. 2008). The Court is capable of disregarding the portions of Dr. Crews' report that impinge on its responsibility to determine and apply the law.

---

[1] Plaintiffs have not requested a trial by jury in this case. See [Doc. #1]. Although the docket entry for Defendants' Answer states "Answer to Complaint with Jury Demand," the Answer itself does not contain a jury demand. See [Doc. #14]. Defendants appear to assume that, if this case proceeds to trial, it would be a bench trial. See [Doc. # at 10]. Additionally, because Plaintiffs have only sought declaratory and injunctive relief in this case, their entitlement to a jury trial is doubtful. See Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 852-53 (11th Cir. 1990 ) ("[I]n an equitable copyright infringement action seeking only minimum statutory damages and injunctive relief, there is no constitutional or statutory right to a jury trial.") (internal quotation marks omitted).

4

Accordingly, the Court will not exclude Dr. Crews' report under Federal Rule of Evidence 702.

B. <u>Exclusion for Untimeliness</u>

Plaintiffs also argue that Dr. Crews' report should be excluded because it was filed after the close of discovery, in violation of Local Rule 26.2. Local Rule 26.2 states that

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.
> Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

Local Rule 26.2(C), N.D. Ga. In this case, Defendants filed Dr. Crews' report on June 1, 2009, after the close of discovery on May 25, 2009.[2] Plaintiffs argue that the report should therefore be excluded.

---

[2] Defendants state that the parties reached an agreement to clarify the dates in the April 22, 2009 scheduling order. [Doc. #110 at 12 <u>et seq.</u>; Exh. E]. Under the agreement, the "close of discovery" was construed to be June 30, 2009. [Doc. #110, Exh. E at 1]. Both parties signed the agreement, but another motion to extend discovery was never filed with the Court. <u>See</u> [Dkt.]. Under the Local Rules, the court has the discretion to alter the discovery period, but there is no provision permitting the parties to do so. <u>See</u> Local Rule 26.2(B), N.D. Ga. Therefore, consistent with the April 22, 2009 scheduling order, the Court concludes that, for the purposes of this order, discovery in this case closed on May 25, 2009, with the time for taking depositions extended to June 30, 2009. The parties have since filed, and the Court has granted, a Motion for Scheduling Order that the extends discovery deadlines. See [Docs. #119, #120].

5

The Court finds that Defendants' failure to comply with the Local Rule was justified, and declines to exclude Dr. Crews' report on the basis of untimeliness. A number of unusual factors warrant this conclusion. First, the report was filed after the close of discovery, but before the time for depositions had expired. Plaintiffs therefore had time in which to depose Dr. Crews, although it was an admittedly limited period. The cases to which Plaintiffs cite in support their argument for exclusion involved untimeliness of a more egregious nature. See, e.g., The Lamar Co., LLC v. City of Marietta, 538 F.Supp.2d 1366, 1378 (N.D.Ga. 2008) (excluding an expert report that was filed eleven days after the discovery deadline for taking depositions had ended); Nestlehutt v. Am. Indus. Chemical Corp., 2005 WL 6033021 ** 1, 10 (N.D.Ga. 2005) (excluding expert report filed only two weeks before the close of discovery when the need for such a report had been apparent since the filing of the complaint).

Second, Dr. Crews' report focuses on the copyright and fair use policy adopted by Georgia State in February 2009. Defendants wanted Dr. Crews to write his report after the new policy had been in place for a few months. [Doc. #116 at 2]. Because the February 2009 policy and its implementation is at the heart of this case, the delay in the preparation of Dr. Crews' report is not unreasonable.

Finally, even though the Court has found that, for the purposes of this order, discovery ended on May 25, 2009, the parties did have an agreement extending the deadline to June 30, 2009. [Doc. #110 Exh. E]. Permitting Plaintiffs to take refuge under the Local Rules when they signed an agreement extending the

6

close of discovery is inequitable. Accordingly, the Court finds that Dr. Crews' report was not timely filed, but that the untimeliness was justified.

III. Conclusion

The Court has carefully considered the parties' filings. Plaintiffs' motion to exclude the expert report of Dr. Kenneth Crews is DENIED.

SO ORDERED, this 2 day of September, 2009.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE