# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA,
## ATLANTA DIVISION

CAMBRIDGE UNIVERSITY PRESS,
OXFORD UNIVERSITY PRESS, INC.,
and SAGE PUBLICATIONS, INC.,

                    Plaintiffs,

                *-vs.-*

MARK P. BECKER, in his official capacity as
Georgia State University President, et al.,

                    Defendants.

Civil Action No.
1:08-CV-1425-ODE

## DEFENDANTS' OBJECTIONS AND RESPONSES TO
## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

    Defendants MARK P. BECKER, in his official capacity as Georgia State University President, et al. (collectively, "Defendants") respond and object to Plaintiffs' First Set of Requests for Admission ("First Requests for Admission") as follows:

### <u>GENERAL OBJECTIONS</u>

    1.    Defendants object to the First Requests for Admission to the extent they call for disclosure of information which reflect or constitute in full or in part privileged communications between attorney and client. ("Privilege Objection").

    2.    Defendants object to the First Requests for Admission to the extent they call for identification of documents which have been prepared either in anticipation of litigation or for hearing or trial, or which constitute the mental impressions, conclusions, opinions, or legal theories of counsel for Defendants. ("Work Product Objection").

3.      Defendants object to the First Requests for Admission to the extent they call for (a) information which is not within the applicable scope of discovery in this action, or (b) information which is not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence.  Defendants further object to the First Requests for Admission to the extent they call for information which is not within the possession, custody, or control of Defendants or are equally so available to Defendants and Plaintiffs.  ("Scope Objection").

4.      Defendants object to the First Requests for Admission to the extent that they are overly broad or overly inclusive or call for extensive research, investigation, information, or identification of information which would subject Defendants to annoyance, embarrassment, oppression, or undue burden or expense.  ("Burden Objection").

5.      Defendants object to the First Requests for Admission to the extent that they are vague, indefinite, uncertain, or ambiguous and cannot be reasonably answered.   ("Vague Objection").

6.      Defendants object to the First Requests for Admission to the extent they seek or purport to impose obligations different from or exceeding the obligations imposed by the Federal Rules of Civil Procedure.

7.      Defendants' response to the First Requests for Admission is hereby made without in any way waiving or intending to waive, but rather, to the contrary, by preserving and intending to preserve:

(a)      All questions as to the competence, relevance, materiality, and admissibility as evidence for any purpose of the information or documents, or the subject matter thereof,

in any aspect of this action or any other action or judicial or administrative proceeding or investigation;

(b)     The right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this action or any other action or judicial or administrative proceeding or investigation;

(c)     The right to object at any time for any further response to this or any other request for information or production of documents; and

(d)     The right at any time to supplement this response.

8.     Defendants have conducted a reasonable search for information responsive to these requests by searching in those locations where responsive information is reasonably believed or expected to be located.  To the extent that the Plaintiffs seek Defendants to take further action in responding to these requests, Defendants object to the First Requests for Admission as subjecting Defendants to annoyance, oppression or undue burden or expense because such requests are overly broad or overly inclusive or call for extensive research, investigation, information or identification of information.

**RESPONSES TO FIRST REQUESTS FOR ADMISSION**

***Requests for Mark P. Becker, in his official capacity as GSU President (hereinafter "President Becker")***

**REQUEST FOR ADMISSION NO. 1:**     Admit that pursuant to Article II, § 1 of the Georgia State University Statutes, President Becker is the head of the University and its chief administrative officer.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 2:**     Admit that President Becker has supervisory authority over the administrators of the GSU Library and the GSU Information Systems and Technology department.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 3:**     Admit that President Becker has the authority to order that copyrighted works may be distributed electronically at GSU only if done so in compliance with policies set by (a) the State of Georgia Board of Regents; (b) Georgia State University; or (c) a court-ordered injunction.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 4:**     Admit that President Becker is aware of the existence of the ERes system.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 5:**     Admit that President Becker is aware that GSU faculty place Course Reading Materials on the ERes system for students to access and read.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that the GSU library makes the ERes system available for faculty to place excerpts of course material that satisfy a fair use analysis in accordance with the USG Policy on Copyright in Education and Research.

**REQUEST FOR ADMISSION NO. 6:**     Admit that President Becker has the authority to order that library personnel produce a report of ERes activity for a given time period (within the limits of the standard reporting functions of ERes) if so ordered by the Court in order to monitor compliance with any court-ordered injunction.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 7:**     Admit that President Becker has the authority to direct library staff to block access to or remove specific materials on the ERes system, or specific course pages on the ERes system, including if required to do so by the Court.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 8:**     Admit that President Becker has the authority to order that library personnel produce reports of uLearn activity for a given time period (within the limits of the standard reporting functions of uLearn) if so ordered by the Court in order to monitor compliance with any court-ordered injunction.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 9:** Admit that President Becker is responsible for enforcement of University policies, and has the authority to discipline University faculty and staff for violations of such policies.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 10:** Admit that President Becker is responsible for enforcement of Board of Regents policies within the University, and has the authority to discipline University faculty and staff for violations of such policies.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 11:** Admit that President Becker is responsible for preparing the annual budget of the University.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 12:** Admit that President Becker is responsible for the enforcement of, and compliance with, any court orders that pertain to GSU.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 13:** Admit that the annual GSU budget includes funds for (a) computer servers and equipment used on the GSU campus; (b) the computer servers and other equipment used to operate the ERes system; (c) fees paid to the vendor of the ERes software/system for its use at GSU; (d) the computer servers and other equipment used to operate

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that the annual GSU budget includes funds for (g) salaries and benefits paid to GSU library staff; (h) other library expenses; (i) expenditures by the GSU Information Systems and Technology (IST) department; and (j) salaries and benefits paid to GSU IT staff; and (k) professor and instructor salaries. With respect to items (a) - (f), Defendant admits only that the annual GSU budget contains line items for Equipment and/or Books, which may or may not include computer servers and equipment used on the GSU campus, the computer servers and other equipment used to operate the ERes system, fees paid to the vendor of the ERes software/system for its use at GSU, the computer servers and other equipment used to operate the uLearn system, license fees paid by the university libraries, and book purchases by the GSU libraries. Defendant denies the rest and remainder of the request.

**REQUEST FOR ADMISSION NO. 14:**     Admit that University Provost Ron Henry, University Dean of Libraries Nancy H. Seamans, and University Associate Provost for Information Systems and Technology J.L. Albert report to and serve at the pleasure of President Becker.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that University Provost Ron Henry and University Dean of Libraries Nancy H. Seamans serve at the pleasure of President Becker in their administrative capacities, but not in their capacities as tenured faculty members. Defendant admits that University Associate Provost for Information Systems and Technology J.L. Albert serves at the pleasure of President Becker in all capacities.

**REQUEST FOR ADMISSION NO. 15:**    Admit that President Becker has direct supervisory authority over University Provost Ron Henry, University Dean of Libraries Nancy H. Seamans, and University Associate Provost for Information Systems and Technology J.L. Albert.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that President Becker has direct supervisory authority over University Provost Ron Henry and denies that he has direct supervisory authority over University Dean of Libraries Nancy H. Seamans, and University Associate Provost for Information Systems and Technology J.L. Albert.

**REQUEST FOR ADMISSION NO. 16:**    Admit that President Becker is responsible in part for decisions regarding promotions and tenure of faculty.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 17:**    Admit that President Becker has been furnished with and read a copy of the Amended Complaint in this action, including all exhibits.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that he has been furnished with a copy of the Complaint, has reviewed the Complaint, and has been informed by counsel regarding the substance therein.

***Requests for Ron Henry, in his official capacity as GSU Provost (hereinafter "Provost Henry")***

**REQUEST FOR ADMISSION NO. 18:** Admit that pursuant to Article III of the Georgia State University Statutes, Provost Henry is responsible for monitoring "the functions and officials of the University's academic administration and correct any conduct not consistent with the professional and legal fulfillment of the University's purposes and objectives."

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 19:** Admit that Provost Henry's responsibilities delineated in the previous Request include responsibility for correcting noncompliance with federal copyright law.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 20:** Admit that Provost Henry is responsible for preparing the annual academic budget of the University.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 21:**    Admit that the annual academic budget of the University includes funds for: (a) library services; (b) computer hardware and/or software necessary to provide and/or operate (in part or in whole) the ERes system at GSU; (c) computer hardware and/or software necessary to provide (in part or in whole) faculty and departmental web pages; (d) library staff salaries; and (e) faculty/instructor salaries.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that the annual GSU budget includes funds for library staff salaries, the library services department, and for other departments that may or may not include funds for (b) computer hardware and/or software necessary to provide and/or operate (in part or in whole) the ERes system at GSU; (c) computer hardware and/or software necessary to provide (in part or in whole) faculty and departmental web pages; and (e) faculty/instructor salaries.  Defendant denies the rest and remainder of the request.

**REQUEST FOR ADMISSION NO. 22:**    Admit that Provost Henry has supervisory authority over the administrators of the GSU Library and the GSU Information Systems and Technology department.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits he has supervisory authority over University Dean of Libraries Nancy H. Seamans and University Associate Provost for Information Systems and Technology J.L. Albert..

**REQUEST FOR ADMISSION NO. 23:**    Admit that Provost Henry is aware of the existence of the ERes system.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 24:**    Admit that Provost Henry is aware that GSU faculty place Course Reading Materials on the ERes system for students to access and read.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that the GSU library makes the ERes system available for faculty to place excerpts of course material that satisfy a fair use analysis in accordance with the USG Policy on Copyright in Education and Research.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Provost Henry has the authority to order that copyrighted works may be distributed electronically at GSU only if done so in compliance with policies set by (a) the State of Georgia Board of Regents; (b) Georgia State University; or (c) a court-ordered injunction.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 26:**    Admit that Provost Henry is responsible for GSU's compliance with any court orders that may pertain to the dissemination of copyrighted materials at GSU.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that President Becker may delegate to Provost Henry responsibility for GSU's compliance with any court orders that may pertain to the dissemination of copyrighted materials at GSU.

**REQUEST FOR ADMISSION NO. 27:**    Admit that Provost Henry has the authority to order that library personnel produce a report of ERes activity for a given time period if so ordered by the Court, including reports to monitor compliance with any court-ordered injunction.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 28:**    Admit that Provost Henry has the authority to direct library staff to block access to specific materials on the ERes system, or to specific course pages on the ERes system, including if required to do so by the Court.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 29:**    Admit that Provost Henry is responsible for enforcement of University policies, and has the authority to discipline University faculty and staff for violations of such policies.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits he has the authority to discipline University faculty and staff for violations of University policies but denies he is responsible for enforcement of such policies.

**REQUEST FOR ADMISSION NO. 30:**    Admit that Provost Henry is responsible for enforcement of Board of Regents policies within the University, and has the authority to discipline University faculty and staff for violations of such policies.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits he has the authority to discipline University faculty and staff for violations of Board of Regents policies but denies he is responsible for enforcement of such policies.

**REQUEST FOR ADMISSION NO. 31:**    Admit that Provost Henry has supervisory authority over University Dean of Libraries Nancy H. Seamans, and University Associate Provost for Information Systems and Technology J.L. Albert.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 32:**    Admit that Provost Henry is responsible in part for decisions regarding promotions and tenure of faculty.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 33:**    Admit that Provost Henry reports directly to President Becker.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 34:**    Admit that pursuant to Article III(A)(9) of the Statutes of Georgia State University, Provost Henry 's appointment of Associate Provosts is subject to the approval of the Board of Regents.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 35:**     Admit that pursuant to Article III(A)(8) of the

Statutes of Georgia State University, Provost Henry is responsible for implementation of

"applicable academic policies of the Board of Regents," including the Board of Regents' "Policy

on the Use of Copyrighted Works in Education and Research."

**RESPONSE:**

    Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 36:**     Admit that pursuant to Article III(B)(1) of the

Statutes of Georgia State University, Provost Henry is responsible for the provision of "library

support" to instructors.

**RESPONSE:**

    Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 37:**     Admit that the provision, operation and/or

maintenance of the ERes system at GSU would fall under the "library support" responsibilities

delineated in the previous Request.

**RESPONSE:**

    Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 38:**     Admit that Provost Henry receives, or has received,

reports from the library staff that include statistics describing usage of the ERes system.

**RESPONSE:**

    Subject to Defendants' General Objections, Defendant denies this request.

**REQUEST FOR ADMISSION NO. 39:**     Admit that Provost Henry has been furnished with

and read a copy of the Amended Complaint in this action, including all exhibits.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that he has been furnished with a copy of the Complaint, has reviewed the Complaint, and has been informed by counsel regarding the substance therein.

***Requests for J.L. Albert, GSU Associate Provost for Information Systems and Technology (herinafter "Associate Provost Albert")***

**REQUEST FOR ADMISSION NO. 40:** Admit that Associate Provost Albert is aware of the existence of the ERes system.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 41:** Admit that Associate Provost Albert is aware that GSU faculty place Course Reading Materials on the ERes system for students to access and read.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that the GSU library makes the ERes system available for faculty to place excerpts of course material that satisfy a fair use analysis in accordance with the USG Policy on Copyright in Education and Research.

**REQUEST FOR ADMISSION NO. 42:** Admit that Associate Provost Albert is responsible for the operation and maintenance of the ERes system at GSU or that he has supervisory authority over the responsible person(s).

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that he is responsible for the technical operation and maintenance of the ERes system at GSU, but denies that he has any other responsibilities or supervisory authority with respect to the ERes system.

417942.1

**REQUEST FOR ADMISSION NO. 43:**     Admit that Associate Provost Albert is responsible for providing support to GSU faculty and staff in the use of the uLearn course management system or that he has supervisory authority over the responsible person(s).

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that he has supervisory authority for the GSU staff who support the GSU faculty and staff in the use of the uLearn course management system.

**REQUEST FOR ADMISSION NO. 44:**     Admit that IS&T staff under the supervision of Associate Provost Albert provide assistance and training in the use of the ERes system to GSU faculty.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant denies this request and specifically denies that IS&T staff provide assistance and training in the use of the ERes system to GSU faculty.

**REQUEST FOR ADMISSION NO. 45:**     Admit that IS&T staff under the supervision of Associate Provost Albert provide assistance and training in the use of the uLearn system to GSU faculty.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that IS&T staff provide technical assistance and training in the use of the uLearn system to GSU faculty under the supervision of Associate Provost Albert but denies that IS&T staff provide any other assistance and training to GSU faculty with respect to uLearn.

**REQUEST FOR ADMISSION NO. 46:**     Admit that Associate Provost Albert is responsible for setting the budget of the IS&T department.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 47:**     Admit that the IS&T department budget provides funding for computer hardware and/or software used (1) to operate the uLearn system; (2) to operate faculty and/or departmental internet web pages; and (3) to scan course materials for posting on ERes.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that the IS&T department budget provides funding for computer hardware and/or software used to operate the faculty and/or departmental internet web pages hosted on GSU servers and the equipment for scanning excerpts of course materials for posting on ERes, but denies that the IS&T department budget provides funding for computer hardware and/or software used to operate the uLearn system.

**REQUEST FOR ADMISSION NO. 48:**     Admit that Associate Provost Albert is responsible for the operation and maintenance of the computer hardware and software used to provide individual web pages for particular instructors and academic departments at GSU or that he has supervisory authority over the responsible person(s).

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that he is responsible for the operation and maintenance of the computer hardware and software used to provide individual web pages hosted on GSU servers for particular instructors and academic departments at GSU.

**REQUEST FOR ADMISSION NO. 49:** Admit that Associate Provost Albert has supervisory authority over the Information Systems and Technology ("IS&T") staff who are responsible for scanning copyrighted works in order to post them on ERes.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant denies this request and specifically denies that IS&T staff are responsible for scanning copyrighted works in order to post them on ERes.

**REQUEST FOR ADMISSION NO. 50:** Admit that Associate Provost Albert reports to Provost Henry.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 51:** Admit that Associate Provost Albert has the authority to order that specific GSU faculty and departmental web pages be removed from GSU servers, including if required to do so by the Court.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant denies this request.

**REQUEST FOR ADMISSION NO. 52:** Admit that Associate Provost Albert has the authority to order that copyrighted works may be scanned for placement on ERes only if done so in compliance with policies rules set by (a) the State of Georgia Board of Regents; (b) Georgia State University; or (c) a court-ordered injunction.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant denies this request.

**REQUEST FOR ADMISSION NO. 53:**     Admit that Associate Provost Albert has the

authority to discipline IS&T staff for violations of policies of the Board of Regents and/or GSU.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits this request.

**REQUEST FOR ADMISSION NO. 54:**     Admit that Associate Provost Albert has been

furnished with and read a copy of the Amended Complaint in this action, including all exhibits.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admits that he has been furnished

with a copy of the Complaint and has been informed by counsel regarding the substance therein.

*Requests for the Board of Regents Defendants:*

**REQUEST FOR ADMISSION NO. 55:**     Admit that pursuant to Article I, § 1 of the Statutes

of Georgia State University, all GSU operations are subject to the supervisory authority of the

Board of Regents Defendants.

**RESPONSE:**

Subject to Defendants' General Objections, Defendants admit that GSU is subject to the

supervisory authority of the Board of Regents Defendants but specifically deny that GSU is

subject to such authority pursuant to the Statutes of Georgia State University.

**REQUEST FOR ADMISSION NO. 56:**     Admit that the Board of Regents Defendants elect

the President of GSU.

**RESPONSE:**

Subject to Defendants' General Objections, Defendants admit this request.

**REQUEST FOR ADMISSION NO. 57:** Admit that the President of GSU serves at the pleasure of the Board of Regents Defendants.

**RESPONSE:**

Subject to Defendants' General Objections, Defendants admit this request.

**REQUEST FOR ADMISSION NO. 58:** Admit that the Board of Regents Defendants are responsible for providing and maintaining the computer hardware and software which operates the uLearn course management system at GSU or have supervisory authority over the responsible person(s).

**RESPONSE:**

Subject to Defendants' General Objections, Defendants admit this request.

**REQUEST FOR ADMISSION NO. 59:** Admit that the Board of Regents Defendants have the ability to order the removal of specific materials posted on uLearn and/or specific uLearn pages, including if required to do so by the Court.

**RESPONSE:**

Subject to Defendants' General Objections, Defendants admit this request.

**REQUEST FOR ADMISSION NO. 60:** Admit that the Board of Regents Defendants have the authority to order that copyrighted works may be distributed electronically at GSU only if done so in compliance with policies and/or rules set by (a) themselves; (b) Georgia State University; or (c) a court-ordered injunction.

**RESPONSE:**

Subject to Defendants' General Objections, Defendants admit this request.

**REQUEST FOR ADMISSION NO. 61:**     Admit that the Board of Regents Defendants have the authority to order that library personnel produce a report of ERes activity for a given time period if so ordered by the Court, including reports to monitor compliance with any court-ordered injunction.

**RESPONSE:**

Subject to Defendants' General Objections, Defendants admit this request.

**REQUEST FOR ADMISSION NO. 62:**     Admit that the Board of Regents Defendants encourage and facilitate the use of electronic course material distribution in part to attract new students to University System of Georgia institutions and to retain students enrolled at University System of Georgia institutions.

**RESPONSE:**

Subject to Defendants' General Objections, Defendants admit that they encourage University System of Georgia institutions to utilize current technology for the educational environment to attract and retain students and facilitate the use of course management systems to University System of Georgia institutions.

**REQUEST FOR ADMISSION NO. 63:**     Admit that the Board of Regents Defendants are responsible for allocating funding to University System of Georgia institutions, including GSU.

**RESPONSE:**

Subject to Defendants' General Objections, Defendants admit this request.

**REQUEST FOR ADMISSION NO. 64:**     Admit that the Board of Regents Defendants are responsible for determining when funding should be provided to GSU from the Board, as well as how much funding is appropriate.

**RESPONSE:**

Subject to Defendants' General Objections, Defendants admit this request.

**REQUEST FOR ADMISSION NO. 65:**     Admit that the Board of Regents Defendants have the authority to approve or reject the decisions of GSU administrators relating to promotion and tenure of faculty.

**RESPONSE:**

Subject to Defendants' General Objections, Defendants admit this request.

**REQUEST FOR ADMISSION NO. 66:**     Admit that the Board of Regents Defendants have been furnished with and read a copy of the Amended Complaint in this action, including all exhibits.

**RESPONSE:**

Subject to Defendants' General Objections, Defendant admit that they have been furnished with a copy of the Complaint and have been informed by counsel regarding the substance therein.

Respectfully submitted this 13th day of May, 2009.

.

THURBERT E. BAKER        033887
Attorney General

R. O. LERER        446962
Deputy Attorney General

DENISE E. WHITING-PACK    558559
Senior Assistant Attorney General

MARY JO VOLKERT
Georgia Bar No. 728755
Assistant Attorney General

/s/ *Kristen A. Swift*
King & Spalding LLP
Anthony B. Askew
Georgia Bar No. 025300
Special Assistant Attorney General
Stephen M. Schaetzel
Georgia Bar No. 628653
Kristen A. Swift
Georgia Bar No. 702536

**Attorneys for Defendants**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CAMBRIDGE UNIVERSITY PRESS,
et al.,

                    Plaintiffs,

          -*vs*.-

CARL V. PATTON, in his official capacity as
Georgia State University President, et al,

                    Defendants.

Civil Action File
No.1:08-CV-1425-ODE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of May, 2009, the foregoing

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF**

**REQUESTS FOR ADMISSION** were served by electronic mail, as agreed by the parties on the

following counsel of record:

Edward B. Krugman
krugman@bmelaw.com
Georgia Bar No. 429927
Corey F. Hirokawa
hirokawa@bmelaw.com
Georgia Bar No. 357087

BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Telephone:     (404) 881-4100
Facsimile:      (404) 881-4111

R. Bruce Rich
Randi Singer
Todd D. Larson

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:     (212) 310-8000
Facsimile:      (212) 310-8007

                    */s/ Kristen A. Swift*
                    Kristen A. Swift