IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CAMBRIDGE UNIVERSITY PRESS, *et al.*, | § § § | |
| Plaintiffs, | § | |
| v. | § § | Case No. 1:08-CV-1425-ODE |
| MARK P. BECKER, in his official capacity as Georgia State University President, *et al.*, | § § § | |
| Defendants. | § § § § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION AND SUPPORTING MEMORANDUM OF LAW

Defendants MARK P. BECKER, in his official capacity as Georgia State University President, *et al.* (collectively, "Defendants"), through their undersigned counsel, hereby respond to Plaintiffs Cambridge University Press; Oxford University Press, Inc.; and SAGE Publications, Inc.'s ("Plaintiffs'") Motion for Partial Reconsideration and Supporting Memorandum of Law (Dkt. 237) ("Plaintiffs' Motion") and show the Court the following in opposition thereof:

Plaintiffs are before the Court again, this time seeking reconsideration of the Court's Order related to the same issues addressed or implicated in many prior briefs, *i.e.*, whether Defendants infringed Plaintiffs' copyrights. (Dkt. 141-66, 185-

96, 202-04, 206-15, 219, 221-33.)  Plaintiffs' most recent submission is the fifty-fourth docket entry on this subject, and falls far short of the high burden they must carry to justify a motion for reconsideration.  Further, their arguments are, as stated previously and held by this Court, without justification.

## I.    <u>BACKGROUND</u>

### A.    <u>Court's Order</u>

When faced with cross-motions for summary judgment, a district court is not required to grant judgment as a matter of law to one side or the other; rather, the court is to evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.  *Invacare Corp. v. Healthdyne Techns., Inc*., 968 F. Supp. 1578, 1582 (N.D. Ga. 1997) (Cooper, J.) (citing *Heublein, Inc. v. United States*, 996 F.2d 1455 (2d Cir. 1993)).  That is precisely what this Court did here.

After evaluating each party's multiple briefs, this Court correctly found that there were undisputed material facts:  (1) Defendants are officials of Georgia State University ("Georgia State") and the University System of Georgia (September 30 Order, Dkt. 235 at 7); (2) "The Board of Regents has general supervisory authority over Georgia State's operations" (*id.*); (3) "the Current Policy encourages instructors to make fair use determinations and to use the fair use doctrine as a

means of using copyrighted works in their courses" (*id.* at 17); (4) Georgia State as an entity is not capable of copying or reproducing copyrighted materials or making the individual fair use determinations" (*id.* at 19); and (5) Georgia State cannot be held directly liable for actions of the individual instructors (*id.*).

Based on these undisputed material facts, this Court properly and correctly granted Defendants' Motion for Summary Judgment on direct infringement.  In its order partially granting Defendants' motion (Dkt. 160), this Court appropriately found that no evidence was presented that shows that "Defendants can be held directly liable for copyright infringement which could have occurred after the 2009 Copyright Policy was enacted."  (Dkt. 235 at 19.)  This Court also rightly found that, as a matter of law and based on the evidence before it, Plaintiffs cannot establish that Defendants can be held directly liable for actions of the individual instructors through a respondeat superior theory.  (*Id.*)  As the Court noted, "Plaintiffs cite no case in which a party was held directly liable, as opposed to indirectly liable, for copyright infringements of another through the doctrine of respondeat superior." (*Id.* at 18.)

## B.   <u>Plaintiffs' Motion</u>

Plaintiffs' Motion argues that reconsideration of the September 30 Order is warranted because "the Order erroneously rejected Plaintiffs' argument that

employers are strictly liable for direct copyright infringement committed by their employees under respondeat superior."[1]  (Dkt. 237 at 1, 6.)

## II.   ARGUMENT AND CITATIONS OF AUTHORITY

### A.   Plaintiffs Have Not Met Their Burden to Warrant Reconsideration

Motions for reconsideration bear a high threshold of proof, which Plaintiffs have not met.

Motions for reconsideration "shall not be filed as a matter of routine practice" and should only be filed when "absolutely necessary."  LR 7.2E, NDGa.; *see also Isotec Int'l, Inc. v. Stankiewicz Int'l Corp.*, No. 04-cv-788, 2006 WL 1553829, at *1 (N.D. Ga. May 30, 2006) (Forrester, J.) ("A motion for reconsideration is an extraordinary remedy.").   "Such absolute necessity arises where there is '(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.'" *The Coca-Cola Co. v. Pepsi-Cola Co.*, 500 F. Supp. 2d 1364, 1367 (N.D. Ga. 2007) (Story, J.) (quoting *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (Martin, J.)); *see also Adams v. IBM Corp.*, No. 05-cv-3308, 2007 WL

---

[1]  Plaintiffs' second ground for reconsideration—that the Court's limit on the uses at issue with regard to the remaining claim (Dkt. 237 at 19-25)—was addressed by the Court's Nov. 5, 2010 Order (Dkt. 240), and therefore is not addressed here.

14293, at *1 (N.D. Ga. Jan. 2, 2007) (Thrash, J.); *Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc*., 972 F. Supp. 665, 674 (N.D. Ga. 1997) (Hull, J.).

It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through--rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc*., 99 F.R.D. 99, 101 (E.D. Va. 1983) (quoted in *Weitz Co. v. Transp. Ins. Co*., No. 08-23183, 2009 WL 1636125, at *1 (S.D. Fla. June 11, 2009) and *Vidinliev v. Carey Int'l, Inc.*, No. 07-CV-762, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008) (Thrash, J.)).  Indeed, "[g]iven the narrow scope of motions for reconsideration in this Court, there are a variety of circumstances under which a motion for reconsideration is inappropriate." *Enwonwu v. Trans Union, LLC,* No. 03-CV-282, 2005 WL 1420857, at *2 (June 1, 2005) (Evans, J.); *see also P.E.A.C.H. v. U.S. Army Corps of Eng'rs,* 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (O'Kelley, J.).  A motion for reconsideration should not, for example, be used to tell the court how it "'could have done it better' the first time." *Enwonwu,* 2005 WL 1420857, at *2  (internal quotation marks omitted).  It also should not "present the court with arguments already heard and dismissed or . . . repackage familiar arguments to test whether the court will change its mind." *Id.*  Nor can a motion for reconsideration "'offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless

a reason is given for failing to raise the issue at an earlier stage in the litigation.'"
*Id.*

Plaintiffs have not shown newly discovered evidence, a change in controlling law, or clear error.  Indeed, Plaintiffs merely repackage their prior direct liability theory and claim "clear error in hopes that this Court will change its mind.  (Dkt. 237 at 6-7.)  Plaintiffs are not entitled to a reconsideration of this Court's earlier ruling on such grounds, and this Court need not exercise its sound discretion, *see Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dept. of Health and Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000), to grant this extraordinary remedy, *Whitesell Corp. v. Electrolux Home Prods., Inc.*,  No. CV 103-050, 2010 WL 4025943, at *7 (S.D. Ga. Oct. 13, 2010) (Bowen, J.) (indicating the grant of a motion to reconsider is an extraordinary remedy to be employed sparingly) (citing *Region 8 Forest Servs. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993)).  "In considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions."  *Id*.  In the absence of any valid reason for reconsideration, the balance here militates in favor of denial.

Indeed, having obtained only limited success through the arguments in their original motion for summary judgment (Dkt. 142) and in opposition to Defendants'

(Dkt. 185), Plaintiffs—without any explanation or suggestion why any arguments could not have been raised earlier—simply ask that the Court exercise its discretion to reopen the matter and consider new legal theories.   But Plaintiffs' Motion presents no persuasive factual or legal basis for the Court to do so under the circumstances.   Rather, Plaintiffs could have raised all such arguments regarding direct infringement during summary judgment briefing.

Plaintiffs now argue that "Defendants are strictly liable for any direct copyright infringements committed by GSU employees within the scope of their employment regardless of whether they personally participated in, contributed to, or benefited from the infringement."   (Dkt. 237 at 7.)   The Court's holding that Defendants could not be held directly liable for the actions of individual instructors was directly on point.   Plaintiffs simply argue that it was "erroneous."   (*Id.* at 6.)

To paraphrase Judge Birch, this constitutes a second—but untimely—bite at the apple.   *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).   The Court should not entertain these untimely arguments now and can rest this Order entirely on that procedural basis.   Besides, no error was committed—to the contrary, the Court followed the case law to the letter.

**B.     There Is No Respondeat Superior Liability for State Government in the Copyright Context**

Plaintiffs allege that direct liability can be imposed through the principle of respondeat superior, and, as such, Plaintiffs need only show direct infringement by Defendants' employees acting within the scope of their employment to establish Defendants' direct liability.   (Dkt. 237 at 9-10 (citing, *inter alia*, *Sygma Photo News, Inc. v. High Soc'y Magazine, Inc.*, 596 F. Supp. 28, 33 (S.D.N.Y. 1984), *aff'd*, 778 F.2d 89, 92 (2d Cir. 1985)).)   To support their argument, Plaintiffs' cite various cases that actually undermine their position.   And contrary to Plaintiffs' assertion, as described in the case law, in copyright, the agency principles of respondeat superior developed into vicarious infringement, not direct infringement. *See Louis Vuitton Malletier, S.A. v. Akonic Solutions, Inc*., 591 F. Supp. 2d 1098, 1109 (N.D. Cal. 2008) (citing *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F. 3d 788, 802 (9th Cir. 2007)).

*1.     Respondeat Superior Cannot Support the Injunctive Relief Plaintiffs Seek*

When a plaintiff sues a state official in his official capacity, the suit represents simply "'another way of pleading an action against an entity of which [the named official] is an agent.'"   *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. N.Y. City Dep't of Soc. Servs*., 436 U.S. 658, 690 (1978)); *see*

*also Hill v. DeKalb Reg. Youth Det. Ctr.*, 40 F.3d 1176, 1184 n.16 (11th Cir. 1994); *Ritchie v. Wickstrom*, 938 F.2d 689, 691 (6th Cir. 1991).  Thus, an action against a government official in his official capacity is an action against the government itself and liability is therefore limited; it cannot rest on mere respondeat superior theory—that one of the defendants supervised the one who acted—for proof.  *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (holding Sheriff not liable on basis of *vicarious* liability for the acts or omissions of his deputies).   In other words, supervisory government officials cannot be held vicariously liable solely on the basis of their employer-employee relationship.  *See Kline v. North Tex. State Univ.*, 782 F.2d 1229, 1234 (5th Cir. 1986); *see also Reeves v. Thigpen*, 879 F. Supp. 1153, 1178 (M.D. Ala. 1995) (respondeat superior is an insufficient basis to hold a state agency liable for prospective injunctive relief).

Rather, an official may be held liable only if (1) he is personally involved in the acts causing a constitutional deprivation or (2) a sufficient causal connection exists between his act and the constitutional violation.  *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987).   To hold supervisory officials accountable for the acts of their subordinates, one must establish "more than a simple ratification of an

impermissible act when the ratification is based on independent legitimate reasons." *Bowen v. Watkins*, 669 F.2d 979, 988 (5th Cir. 1982). Negligence does not suffice. *See Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir. 1989); *Meriwether v. Coughlin*, 879 F.2d 1037, 1048 (2d Cir. 1989); *Howard v. Adkinson*, 887 F.2d 134, 137-38 (8th Cir. 1989). To prevail, Plaintiffs must show that the named individuals were "*personally involved*" in the alleged violations, *see Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980), or "affirmatively adopt[ed] policies which are wrongful or illegal." *Vela v. White*, 703 F.2d 147, 153 (5th Cir. 1983). And while failure to supervise can suffice, it only applies if that failure amounts to gross negligence or deliberate indifference, as opposed to "ordinary negligence, inadvertence or managerial incompetence." *Kline*, 782 F.2d at 1235 (citing *Bowen*, 669 F.2d at 988).

Contrary to Plaintiffs' position, the named defendants are not and cannot be directly liable under a theory of respondeat superior for the action of their employees without "personally participat[ing] in, contribut[ing] to, or benefit[ing] from the infringement." (*See* Dkt. 237 at 7.) No causal line between the Defendants and the claimed copyright infringement was shown. *See, e.g., Durmer v. O'Carroll,* 991 F.2d 64, 69 n.14 (3d Cir. 1993) (holding § 1983 liability cannot be proven through the doctrine of respondeat superior); *Taylor v. List,* 880 F.2d

1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor *participated in or directed* the violations, or knew of the violations and failed to act to prevent them."); *West v. Atkins,* 487 U.S. 42, 48 (1988) (stating the plaintiff must show that the defendant was personally involved in the deprivation); *Kentucky*, 473 U.S. at 166 (stating the plaintiff must show that the official's conduct caused the deprivation of a federally protected right).   Plaintiffs did not and cannot prove that any of the named defendants did something or failed to do something which he ought to have done or refrained from doing, to proximately cause violation of Plaintiffs' copyrights. *See Bowen*, 669 F.2d at 988-89.

### 2.    The Cases Plaintiffs Cite Undermine Their Argument

The cases Plaintiffs' cite do not support their theory.  For example, Plaintiffs cite *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963), for the proposition that "the law holds the employer strictly liable for the direct infringements committed by its employees through the doctrine of respondeat superior."  (Dkt. 237 at 8.)   The *Shapiro* Court, however, employed *vicarious liability*, not direct; created a two-part test for determining vicarious liability; and noted only that the concept was an outgrowth of the agency principles of respondeat superior.  *See Shapiro*, 316 F.2d at 307-08; *see also Banff Ltd. v. Ltd.,*

*Inc.*, 859 F. Supp. 1103, 1107 (S.D.N.Y. 1994) (calling *Shapiro* the "leading case on vicarious copyright infringement" and indicating that for vicarious liability there must be actual control, not just the potential to control).

Similarly, the district court in *Sygma* found secondary liability on "[t]he principles of contributory infringement and respondeat superior" *rather than* direct liability, and cited *Shapiro*. *Sygma,* 596 F. Supp. at 33. The Second Circuit likewise relied on *Shapiro* in ruling that "[a]ll persons and corporations who participate in, exercise control over, or benefit from the infringement are jointly and severally liable as copyright infringers," thereby calling out the precise elements to prove *vicarious* liability. *Sygma,* 778 F.2d at 92.

In *Letterese & Associates, Inc. v. World Institute of Scientology Enterprises, International,* the district court "assumed" liability and ruled that the infringement was barred by laches and use was permissible under the fair use doctrine. 533 F.3d 1287, 1293, 1298 (11th Cir. 2008). The Eleventh Circuit determined that there were genuine issues of material fact on those defenses and remanded for further proceedings. *Id.* at 1293, 1323. It did not hold "defendant Scientology organizations directly liable for copying of plaintiff's book by their employees," as Plaintiffs suggest. *See id.*; *see also* Dkt. 237 at 8. And in *Harper & Row Publishers, Inc. v. Nation Enterprises*, the publication was liable for its own

publication of the copyrighted work, not, as Plaintiffs claim, for direct infringement by [the] employee editor" (Dkt. 237 at 8) who wrote the piece that contained the copyrighted material.  471 U.S. 539 (1985).

Finally, Plaintiffs contend that *Sparks*—a case this Court relied on for finding respondeat superior liability is indirect liability—actually held that if an employee accused of harassment was acting within the scope of his employment, the employer would be strictly and directly liable for the harassment ("without the need for any additional showing"), and, thus, Defendants should be strictly and directly liable for the alleged infringements of the instructors.  (Dkt. 237 at 9 n.3 (citing *Sparks v. Pilot Freight Carriers, Inc.*, 830 F.2d 1554, 1559 (11th Cir. 1987))).  Plaintiffs' interpretation of *Sparks* is error.  *See Huddleston v. Roger Dean Chevrolet, Inc.*, 845 F.2d 900, 904 (11th Cir. 1988) ("In order to establish direct liability, that is, that defendant knew or should have known of the harassment but failed to respond with prompt and effective action, plaintiff must show that she 'complained to higher management of the problem or . . . demonstrate that the harassment was so pervasive that an inference of constructive knowledge arises.'").

Abrogation of Plaintiffs' proposition was recognized by *Turner v. Randolph County, N.C.*,  912 F. Supp. 182, 185 (M.D.N.C. 1995) (citing *Busby v. City of*

*Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)).  Similarly, another court noted the "[a]pplication of the rule of *Sparks*, however, is limited."  *Cabaniss v. Coosa Valley Med. Ctr.*, No. 93-PT-2710-E, 1995 WL 241937, at *22 (N.D. Ala. Mar. 20, 1995).  Indeed, the *Cabaniss* court ruled that "to establish respondeat superior liability, plaintiff must show that the employer 'knew or should have known of the harassment in question and failed to take prompt remedial action.'"  *Id.* (citing *Henson v. City of Dundee*, 682 F.2d 897, 905 (11th Cir. 1982)).

Recognizing the limited holding of *Sparks*, the court in *Sullivan v. Lake Region Yacht & Country Club, Inc.*, ruled that "an employer is only liable for sexual harassment by one of its supervisors, under a theory of respondeat superior. 'Consequently, the plaintiff cannot prevail unless she can show that her employer 'knew or should have known of the harassment in question and failed to take prompt remedial action.'"  996 F. Supp. 1463, 1465 (M.D. Fla. Mar 18, 1998) (citing *Sparks*, 830 F.2d at 1557 and quoting *Henson*, 682 F.2d at 904).

None of the case law cited by Plaintiffs in its motion for reconsideration addresses, distinguishes, or contradicts the legal support justifying the Court's Order.  Nor does anything presented in Plaintiffs' Motion cast doubt on this Court's decision to grant Defendants' Motion for Summary Judgment of no direct infringement.  Both parties extensively briefed the facts and law on this and other

issues.  The latest pleading presents new issues that could have been timely raised without demonstrating a clear and obvious error in the Court's Order. There is nothing more to consider or reconsider.  Defendants submit that Plaintiffs' Motion should be denied.

## III.   <u>CONCLUSION</u>

Plaintiffs have failed to set forth sufficient grounds on which this Court should reconsider its grant of summary judgment of direct infringement to Defendants.  In particular, Plaintiffs have not shown any intervening change in controlling law, any new evidence, any error in this Court's summary judgment rulings, or any persuasive argument that this Court's summary judgment rulings resulted in any injustice, manifest or otherwise.  To the contrary, as shown by Plaintiffs' reliance on case law that actually supports the Court's Order, there is no error here.  All of the arguments laid out by Plaintiffs in their motion were previously and exhaustively briefed by the parties, or could have been, and considered by this Court.  As such, Plaintiffs' Motion for Partial Reconsideration should be denied.

Respectfully submitted this 8th day of November, 2010.

THURBERT E. BAKER        033887
Attorney General

R. O. LERER              446962
Deputy Attorney General

DENISE E. WHITING-PACK  558559
Senior Assistant Attorney General

MARY JO VOLKERT
Georgia Bar No. 728755
Assistant Attorney General

*/s/ Katrina M. Quicker*
Anthony B. Askew
Georgia Bar No. 025300
Special Assistant Attorney General
Stephen M. Schaetzel
Georgia Bar No. 628653
Kristen A. Swift
Georgia Bar No. 702536
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA 30309
(404) 572-4600
(404) 572-5135 (fax)

Katrina M. Quicker
Georgia Bar No. 590859
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309
(678) 420-9330
(678) 420-9301 (fax)

***Attorneys for Defendants***

- 16 -

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to L.R. 5.1B and 7.1D of the Northern District of Georgia, that the foregoing Defendants' Response to Plaintiffs' Motion for Partial Reconsideration and Supporting Memorandum of Law complies with the font and point selections approved by the Court in L.R. 5.1B.  The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

*/s/ Katrina M. Quicker*
Katrina M. Quicker
Georgia Bar No. 590859
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309
(678) 420-9330
(678) 420-9301 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CAMBRIDGE UNIVERSITY PRESS, *et al.*, | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Case No. 1:08-CV-1425-ODE |
| MARK P. BECKER, in his official capacity as Georgia State University President, *et al.*, | | |
| Defendants. | | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this 8th day of November, 2010, I have electronically filed the foregoing Defendants' Response to Plaintiffs' Motion for Partial Reconsideration and Supporting Memorandum of Law with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Edward B. Krugman
krugman@bmelaw.com
Georgia Bar No. 429927
Corey F. Hirokawa
hirokawa@bmelaw.com
Georgia Bar No. 357087
John H. Rains IV
Georgia Bar No. 556052

BONDURANT, MIXSON &
ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA  30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

R. Bruce Rich
Randi Singer
Todd D. Larson

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*/s/ Katrina M. Quicker*
Katrina M. Quicker
Georgia Bar No. 590859
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309
(678) 420-9330
(678) 420-9301 (fax)