Case 1:08-cv-01425-ODE Document 249 Filed 12/28/10 Page 1 of 5

FILED IN CHAMBERS
U.S.D.C. - Atlanta

DEC 28 2010

By: James N. Hatten, Clerk
_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS; OXFORD UNIVERSITY PRESS, INC.; SAGE PUBLICATIONS, INC.<br><br>        Plaintiffs,<br><br>v.<br><br>MARK P. BECKER, in his official capacity as President of Georgia State University; RISA PALM, in her official capacity as Senior Vice President for Academic Affairs and Provost of Georgia State University; J.L. ALBERT, in his official capacity as Georgia State University Associate Provost for Information Systems and Technology; NANCY SEAMANS, in her official capacity as Dean of Libraries at Georgia State University; ROBERT F. HATCHER, in his official capacity as Vice Chair of the Board of Regents of the University System of Georgia; KENNETH R. BERNARD, JR., JAMES A BISHOP, FREDERICK E. COOPER, LARRY R. ELLIS, FELTON JENKINS, W. MANSFIELD JENNINGS, JR., JAMES R. JOLLY, DONALD M. LEEBERN, JR., WILLIAM NESMITH, JR., DOREEN STILES POITEVINT, WILLIS J. POTTS, JR., WANDA YANCEY RODWELL, KESSEL STELLING, JR., BENJAMIN J. TARBUTTON, III, RICHARD L. TUCKER, ALLAN VIGIL, and LARRY WALKER, in their official capacities as members of the Board of Regents of the University System of Georgia<br><br>        Defendants. | CIVIL ACTION NO.<br>1:08-CV-1425-ODE |

ORDER

This copyright infringement action, brought under 17 U.S.C. §§ 101 et seq., is before the Court on Plaintiffs' Motion for Partial Reconsideration [Doc. 237] of this Court's September 30, 2010 Order [Doc. 235] denying Plaintiffs' motion for summary judgment and

granting Defendants' motion for summary judgment in part and denying it in part. Defendants have responded in opposition [Doc. 241] and Plaintiffs have filed a reply [Doc. 244].

For the following reasons, Plaintiffs' Motion for Partial Reconsideration [Doc. 237] is GRANTED. Upon reconsideration, Defendants' motion for summary judgment as to Plaintiffs' copyright infringement identified as Claim One is DENIED; provided, however, that Plaintiffs' stated label of Count One as a "direct infringement" claim is STRICKEN. Claim One may proceed but not as a direct infringement claim. The issues of discovery raised in Plaintiffs' Motion for Partial Reconsideration were addressed at a scheduling conference on November 5, 2010; that portion of Plaintiffs' Motion for Partial Reconsideration is DISMISSED AS MOOT.

I. Background

Plaintiffs, publishers of academic works, brought this suit against Defendants, officials associated with Georgia State University ("Georgia State") and/or the University System of Georgia, alleging copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 101 et seq. Plaintiffs have stated their copyright infringement claims under 17 U.S.C. § 106 as three separate claims for relief: (1) direct copyright infringement; (2) contributory copyright infringement; and (3) vicarious copyright infringement.

Plaintiffs allege that Defendants infringed their copyrights by providing students access to copyrighted materials through electronic systems and the internet without obtaining permission from the copyright owner. Defendants argue that they cannot be held directly liable for this alleged infringement because none of the Defendants actually performed the alleged infringing activities, namely the

2

scanning, copying, displaying and/or distributing of Plaintiffs' copyrighted works without permission.[1] The named Defendants also did not make the fair use determinations as to the copied works. In turn, Plaintiffs assert that Defendants are directly liable through the doctrine of respondeat superior because Defendants are responsible for and have authority over the employees who allegedly did the scanning, copying, displaying, and/or distributing.

II. Analysis

A prima facie case of direct copyright infringement requires a showing that (1) Plaintiffs own a valid copyright in the work(s) and (2) Defendants copied protected elements from the work(s). Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Peter Letterese & Assocs. v. World Inst. of Scientology Enters., 533 F.3d 1287, 1300 (11th Cir. 2008).

In its September 30, 2010 Order, this Court determined that respondeat superior applies in the copyright context as a basis for finding indirect liability, not direct liability. Because Plaintiffs' First Claim in Plaintiffs' First Amended Complaint, paragraphs 47-51 is arguably based on respondeat superior (e.g., ". . . hundreds of professors employed by Georgia State have compiled thousands of copyrighted works, made them available for electronic distribution, and invited students to download, view and print such

---

[1] Plaintiffs' First Claim does explicitly allege that "By scanning, copying, displaying and distributing Plaintiffs' copyrighted material . . ., Defendants' conduct constitutes infringement of Plaintiffs' copyrights . . ." (Plaintiffs' First Amended Complaint, paragraph 48). Plaintiffs themselves admit that the named Defendants did no scanning, copying, displaying or distributing.

materials without permission from the copyright owners." [First Amended Complaint, paragraph 3 which is incorporated by reference via paragraph 47]) but is labeled "First Claim - Direct Copyright Infringement in Violation of 17 U.S.C. § 106 (Against All Defendants)," the Court granted Defendants' motion for summary judgment on Claim One. The Order, at page 18, made it clear that "Respondeat superior is a theory enabling the imposition of <u>indirect</u> liability . . ." (emphasis in original).

Plaintiffs' arguments in their Motion for Partial Reconsideration suggest that they either missed the point of the Court's Order or chose to ignore it. Plaintiffs argue that "respondeat superior applies" in their case, as though the Court had held that it could not apply. The problem lies in Plaintiffs' labeling of Claim One as a "direct infringement" claim.

Plaintiffs erred in splitting their cause of action for copyright infringement into three separate claims, with one such claim (Claim One) being a "direct infringement" claim. Nonetheless, after reconsideration, this Court DENIES Defendants' motion for summary judgment as to Plaintiffs' copyright infringement claim, pled in Count One, to the extent that it is based on a theory of <u>indirect</u> infringement.[2] Therefore, Plaintiffs' Claim One and also Claim Three (contributory copyright infringement claim) remain for trial.

Plaintiffs' Motion for Partial Reconsideration also makes a statement concerning the Order on the summary judgment motions which

---

[2] Plaintiffs' reliance on the <u>Ex Parte Young</u> line of cases does not broaden their copyright infringement cause of action. Rather, in some cases <u>Ex Parte Young</u> may avoid the bar of sovereign immunity where otherwise it would be applicable.

4

warrants correction or clarification. On page 6 of their Motion for Partial Reconsideration, Plaintiffs state: "The Court also made a factual finding that 'any employee who partook in any alleged infringement was acting within the scope of his/her employment,'" citing page 18 of the summary judgment Order. It should be noted that the Order on the summary judgment motions made no findings of fact at all. Also, Plaintiffs mis-quote the Order. Two statements in the Order at pages 17-18 are to the effect that employees who made fair use determinations or who made copies of copyrighted materials would <u>likely</u> be acting within the scope of their employment.

III. <u>Conclusion</u>

For the reasons stated above, Plaintiffs' Motion for Partial Reconsideration [Doc. 237] is GRANTED. Upon reconsideration, Defendants' motion for summary judgment as to Plaintiffs' Claim One, construed as an indirect infringement claim, is DENIED. Defendants' motion for summary judgment as to Claim One, construed as a direct infringement claim, is GRANTED.

SO ORDERED, this 28 day of December, 2010.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE