UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARK P. BECKER, in his official capacity as Georgia State University President, et al., <br><br> Defendants. | Civil Action File <br> No.1:08-CV-1425-ODE |

**MOTION TO RE-OPEN THE RECORD ON REMAND**

On October 17, 2014, the Eleventh Circuit Court of Appeals issued its opinion in this case, vacating the injunction, declaratory relief, and expenses that had been awarded and remanding for further proceedings consistent with its opinion. The Court of Appeals directed this Court to modify its analysis of three of the four fair-use factors, including by "affording the fourth factor additional weight in [the] overall fair use calculus" (Opinion at 107). Following issuance of the Eleventh Circuit's mandate on February 9, 2015, the case is now before this Court for further proceedings consistent with the Eleventh Circuit's opinion.

1306608.1

1

To ensure that the remand proceedings are efficient and consistent with the Eleventh Circuit's opinion and with the doctrine of *Ex parte Young*, Plaintiffs respectfully move this Court to re-open the record on remand and offer the following views concerning the remand for the Court's consideration.

First, appropriate injunctive relief must be based on an updated factual record. This Court has held that pursuant to the doctrine of *Ex parte Young*, this suit, by which Plaintiffs seek *prospective* injunctive relief from a *continuing* violation of federal law by a state actor (GSU), is not barred by the Eleventh Amendment. *See Cambridge Univ. Press v. Becker*, 863 F. Supp. 2d 1190, 1205-10 (N.D. Ga. 2012); *Ex parte Young*, 209 U.S. 123, 159-60 (1908). The 2009 record on which this Court's decision was based is now more than five years old. In order to ensure that any post-remand injunction comports with the requirements of *Ex parte Young*, the Court must take account of the relevant facts as they currently exist so that the Court can fashion relief that addresses "on-going and continuous" violations of federal law, rather than conduct that occurred several years ago.

A Court may re-open the fact record on remand where the record has become stale and the issue before the Court is whether to order prospective injunctive relief. *See, e.g.*, *Loyd v. Alabama Dep't of Corrections*, 176 F.3d 1336,

1342 (11th Cir. 1999) (finding abuse of discretion in district court's refusal to conduct evidentiary hearing on current prison conditions to determine whether "current and ongoing" violations of prisoners' rights required denying motion to terminate permanent injunction); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 799 (4th Cir. 2001) ("A prospective injunction is entered only on the basis of current, ongoing conduct that threatens future harm.").[1]

Evidence of GSU's ongoing conduct (*e.g.* its use of E-Reserves during the most recent academic terms) is required in order to determine whether there are continuing violations of copyright law under the Eleventh Circuit's analytical framework and, if so, the extent of any such violations.  We recommend that this proceed pursuant to the protocol established by the Court following the 2009

---

[1] *See also Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 819 (4th Cir. 1991) (reversing the grant of an injunction and remanding the case "without prejudice to the right of the plaintiff to premise its motion on new or changed circumstances"); *Apple, Inc. v. Samsung Elec. Co.*, No. 11-CV-01846, 2012 WL 2527044, at *3 (N.D. Cal. July 2, 2012) ("[W]here the appellate court issues a broad mandate on remand, or when the record on appeal is three or four years old, reopening the record is appropriate"); *MercExchange LLC v. eBay, Inc.*, 467 F. Supp. 2d 608, 611 (E.D. Va. 2006) ("Based on the prospective nature of the relief sought, as well as the significant time lapse subsequent to this court's denial of MercExchange's original motion for an injunction," new evidence on remand was appropriate).

update of the University Copyright Policy after this suit was filed.[2] As the Court will recall, Defendants first provided a report of works made available through the E-Reserves system for selected academic terms. Then, on August 11, 2010, the Court issued an order directing Plaintiffs:

> [T]o file … a list of each Georgia State University course taught during the 2009 Maymester, the Summer 2009 semester, or the Fall 2009 semester for which excerpts from an allegedly infringed work was assigned, the copyright for which is owned by one of the Plaintiffs. This list of courses must be grouped by semester and include [all information detailed within the Order]. The Court DIRECTS Defendants to respond within ten (10) days after Plaintiffs file the material… [R]esponse must include [all information detailed within the Order].

*See* Docket Entries 226, 227.

 Following this protocol, Plaintiffs would identify those works, if any, that they contend were infringed by copies made available through E-Reserves and for which a fair-use analysis must be conducted. Defendants then would produce copies of the syllabi and other relevant documents for the courses in which such works were offered.

Plaintiffs propose that they then provide the Court with the works, proof of legal or beneficial ownership of the copyright to such works, and the evidence the

---

[2] Although Plaintiffs continue to believe the work-by-work approach the Court adopted was inappropriate, they acknowledge that it was endorsed by the Eleventh Circuit.

1306608.1

Eleventh Circuit identified as relevant to the Court's analysis of the four fair-use factors, such as the availability of a digital license for the relevant works. Defendants then would provide any evidence they contend supports their argument that their copying of such works is protected by fair use.

Second, once the "evidentiary record" is closed, the parties would submit briefs addressing the implications of the Eleventh Circuit's ruling for this Court's fair-use analysis and provide argument supporting their positions on fair use and any other issues they believe relevant to the Court's ruling. Plaintiffs believe the Court would then be in a position to make its fair-use determinations and fashion an appropriate injunction for prospective relief from any continuing violations by GSU found by the Court.

For the foregoing reasons, Plaintiffs request that the Court grant their motion to re-open the record on remand and permit updating of the record and subsequent briefing as described above.

Respectfully submitted, this 24th day of February, 2015.

/s/ John H. Rains IV
Edward B. Krugman
Georgia Bar No. 429927
John H. Rains IV
Georgia Bar No. 556052

BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, Georgia  30309
(404) 881-4100

                                   R. Bruce Rich (*pro hac vice*)
                                   Randi Singer (*pro hac vice*)
                                   Jonathan Bloom (*pro hac vice*)
                                   Todd D. Larson (*pro hac vice*)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

                                   ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing **MOTION TO RE-OPEN THE RECORD ON REMAND** with the Clerk of Court using the CM/ECF filing system which will send e-mail notification of such filing to opposing counsel as follows:

All Counsel of Record

This 24th day of February, 2015.

/s/ John H. Rains IV
John H. Rains IV

1306608.1