UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CAMBRIDGE UNIVERSITY PRESS; | ) | |
| OXFORD UNIVERSITY PRESS, INC.; | ) | |
| SAGE PUBLICATIONS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action File No. |
| | ) | 1:08-CV-1425-ODE |
| v. | ) | |
| | ) | |
| MARK P. BECKER, in his official | ) | |
| Capacity as President of Georgia State | ) | |
| University, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO RE-OPEN THE RECORD ON REMAND**

Nothing in the Eleventh Circuit Court of Appeals' mandate suggests—nor does *Ex parte Young* require—that this Court reopen the record.  Indeed, despite over a century of *Ex parte Young* precedent, Plaintiffs do not cite (and Defendants did not find) a single case dictating that a district court do so in a case like this.

The record here was fully developed at trial and is complete, and from it, this Court can determine, as mandated by the Eleventh Circuit, whether the University System of Georgia Copyright Policy ("the Policy") has resulted in "ongoing and continuing misuse of the fair use defense."  The Policy and the

evidence adduced at trial remain relevant.  Reopening the record would unduly

burden this Court and Defendants, and declining to do so would in no way

prejudice Plaintiffs.  Plaintiffs Motion to Re-open the Record on Remand, Dkt. No.

489 ("Motion"), should be denied.

<u>BACKGROUND</u>

The Eleventh Circuit confirmed much of this Court's fair use analysis.[1]  The

Court of Appeals agreed that the issue here is the Policy.  *Cambridge II* at 1237,

1246, 1254.  In addressing that issue, the Court of Appeals affirmed that this Court

correctly performed a work-by-work fair use analysis.  *Id*. at 1259.

The Court of Appeals specifically addressed many elements of this Court's

analysis of the specific fair use factors.  With reference to the first factor, the

Eleventh Circuit confirmed this Court's determination that Defendants' use is of a

non-profit educational nature that Congress intended the fair use defense to allow

under certain circumstances. *Id*. at 1267.  Regarding factor two, the Eleventh

Circuit recognized that the works are not fictional, and held that the District

Court's conclusion favoring fair use need be addressed only when an excerpt,

---

[1] Defendants refer to *Cambridge Univ. Press v. Patton,* 863 F. Supp. 2d 1190 (N.D. Ga. 2012) as "*Cambridge I;*" and *Cambridge Univ. Press v. Patton*, 769 F.3d 1232 (11th Cir. 2014) as "*Cambridge II.*"

2

already in evidence, "contained evaluative, analytical, or subjectively descriptive material that surpasses the bare facts or derives from the author's own experience or opinions." *Id.* at 1283.  With reference to factor three, the Eleventh Circuit stated:

> [W]e find that the District Court properly considered whether the individual instances of alleged infringement were excessive in relation to Defendants' pedagogical purpose, properly measured the amounts taken in all cases based on the length of the entire book and properly declined to tie its analysis under the third factor to the classroom Guidelines or the coursepack cases.

*Id.* at 1275.  Regarding the fourth factor, the Eleventh Circuit agreed that there was no evidence of lost book sales, and that "the District Court properly took license availability into account in determining whether the fourth factor weighed for or against fair use." *Id.* at 1279.

This Court's fair use rulings were made after an initial discovery period, a separate discovery period (focused on three academic terms) and a nearly month long trial that included testimony from many GSU professors, GSU administrators, publishers, and an expert.  Despite the resultant extensive record, Plaintiffs now seek to reopen the record on remand.

ARGUMENT

In support of their motion, Plaintiffs once again recycle their argument that the sought-after prospective injunctive relief necessitates more and more-recent evidence.[2]  Both the Eleventh Circuit and this Court have addressed that argument previously, disagreeing with Plaintiffs' contention.[3]  Plaintiffs essentially argue (without support) that the passage of time renders the existing record inadequate and therefore it must be updated to account for "the most recent academic terms." Motion at 3.  By that logic, cases implicating *Ex parte Young* remanded from an appeal would nearly always require reopening of the record.

---

[2] *Compare* Motion at 3 ("Evidence of GSU's ongoing conduct (*e.g.* its use of E-Reserves during the *most recent* academic terms) is *required*[.]") (emphasis added), *with* Pls.' Mot. for Partial Recons. & Supporting Mem. of Law, Dkt. No. 237 at 19-20 (asking Court to reconsider its Sept. 30, 2010 Order in order to expand the discoverable evidence to include 2010 and beyond); *see also* Pls.' Mem. of Law in Supp. of Their Post-Trial Proposed Declaratory J. & Permanent Inj., Dkt. No. 426 at 526.

[3] *See, e.g.*, *Cambridge II* at 1259-60. ("address[ing] the District Court's overarching fair use methodology" and "find[ing] that the District Court's work-by-work approach—in which the District Court considered whether the fair use defense excused representative sample of instances of alleged infringement in order to determine the need for injunctive relief—was the proper one."); Dec. 28, 2010 Order, Dkt. No. 249 at 2 (denying this argument in Dkt. No. 237 as moot following Nov. 5, 2010 conference).

4

The purpose of the Eleventh Circuit's remand is to have this Court revise its legal analysis of certain fair use issues; not to rectify a purportedly incomplete or inadequate factual record. *See Cambridge II* at 1283-84. In such situations, it is proper for a district court to decide the case on the existing record, and decline to reopen it. *See, e.g.*, *Hennessy v. Schmidt*, 583 F.2d 302 (7th Cir. 1978). Like here,[4] the issue on remand in *Hennessy* had been fully litigated at trial. Where the purpose of the remand is merely application of the legal standard to the facts, already in evidence, a district court does not abuse its discretion by declining to reopen the record.

A. Neither *Ex Parte Young* Nor *Cambridge II* Support Re-Opening the Record

A reopening of the record is not required by either the doctrine of *Ex parte Young* or *Cambridge II*. To ensure that an injunction comports with the requirements of *Ex parte Young*, the Court must find that the injunction is prospective in nature and not the functional equivalent of money damages. *Summit Medical Associates v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999). Although the

---

[4] As noted by the Eleventh Circuit, the Policy was amended only to comply with this Court's May 11, 2012 Order. *Cambridge II* at 1252; Defs.' Opp. to Pls.' Req. for Injunctive R. at 15, *Cambridge I* (Dkt. No. 432).

Court should consider whether the federal law violation to be addressed by the injunction is "ongoing and continuous," the "ongoing and continuous" requirement of *Ex parte Young* does not require an ongoing supplementation of the record after trial or after an appeal. The "ongoing and continuous requirement merely distinguishes between cases where the relief sought is prospective in nature, *i.e.,* designed to prevent injury that will occur in the future, and cases where relief is retrospective." *Id*. at 1338. "Thus, where there is a threat of future enforcement [of the federal law violation] that may be remedied by prospective relief, the ongoing and continuous requirement has been satisfied." *Id*. Since Defendants continue to operate within the Policy, any injunctive relief that this Court holds as appropriate and necessary will be prospective in nature. Accordingly, the "ongoing and continuing" requirement is met, and a reopening of the record is not required by *Ex parte Young*.

The Eleventh Circuit's Opinion in *Cambridge II* also does not require a reopening of the record. There is no explicit instruction to reopen the record on remand in the Opinion. The Eleventh Circuit simply remanded "for further proceedings consistent with [its] opinion." *Cambridge II* at 1284. Without a specific instruction to reopen the record on remand, this Court has discretion as to

6

whether to reopen the record.  *See*, *e.g., State Industries, Inc. v. Mor-Flo Industries, Inc*., 948 F.2d 1573, 1577 (Fed. Cir. 1991).

      B.     <u>Re-Opening the Record Would Be Burdensome and Prejudicial</u>

Since neither *Ex parte Young* nor *Cambridge II* require a reopening of the record, it is within this Court's discretion whether to reopen the record on remand. *See, e.g., Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 551 (U.S. 1983) ("On remand, the decision on whether to reopen the record should be left to the sound discretion of the trial court").  A court considering reopening the factual record should therefore consider "the burden which would be placed on the parties and their witnesses, undue prejudice which might result by a refusal to take new testimony, and considerations of judicial economy."  *Skehan v. Board of Trustees*, 590 F.2d 470, 478 (3d Cir. 1978).

The process of re-opened discovery that Plaintiffs propose would be grossly burdensome—requiring Defendants to, among other things, collect substantial electronic and paper records and acquire the sworn statements of a yet-undetermined number of faculty and staff.  *See* Motion at 4-5.  The Court would then have to use its finite resources to start anew analyzing new individual allegations of infringement—and would (according to Plaintiffs' plan) have to do

so *without* the benefit of trial testimony on such things as the pedagogical purposes of the alleged uses.  *Id.*  There is no identifiable "efficiency in the proposed procedure," *see id*. at 2, or in any such reopening of the record.

Moreover, Plaintiffs' Motion does not make any claims of prejudice to Plaintiffs.  Nor could Plaintiffs do so.  The Court will recall that Plaintiffs declined Defendants' offer to stay this case during initial implementation of the Policy.  *See* Dkt. No. 58 at 6; Dkt. No 87 at 6-12.  Having elected to proceed, Plaintiffs should not now be heard to complain of the record they insisted on presenting to this Court in the first place.

Indeed, only Defendants would be prejudiced by the burden of proceeding in this manner.  Given that the Policy is still in place, it is far more reasonable to proceed on the record, as established (and as sanctioned by the Eleventh Circuit, *see Cambridge II* at 1283-84 (directing this Court to reevaluate fair use factors two and three and re-balance all the factors of the existing evidence in light of the Eleventh Circuit's opinion)).

The Eleventh Circuit's and this Court's thorough disposition of the legal and factual arguments advanced over years of litigation—including almost a month of trial testimony—simply cannot be a dry run for Plaintiffs' "second go" at whole

8

new allegations of infringement.[5]  In fact, Plaintiffs point to nothing that warrants

reopening this case on remand.

    C.  Plaintiffs' Authority Is Inapposite

The case law cited by Plaintiffs likewise does not support the Motion.

Plaintiffs first attempt to square *Loyd v. Alabama Department of*

*Corrections*, 176 F.3d 1336 (11th Cir. 1999), with the facts of the present case.  In

*Loyd*, the district court abused its discretion when, while considering a motion to

terminate an existing two-and-a-half-year-old consent decree and injunction, it

refused to grant an evidentiary hearing to the party advocating continuing the

prospective relief.  176 F.3d at 1342.  The Prison Litigation Reform Act (PLRA)

governing the consent decree and injunction required that "[t]he party opposing

termination must be given the opportunity to challenge or supplement the findings

of the monitor and to present evidence concerning the scope of the challenged

relief and whether there are 'current and ongoing' violations of federal rights in the

---

[5] Although Plaintiffs propose that all new allegations be raised and facts be
presented on a written record, with argument briefing, Plaintiffs notably propose
that Defendants be denied their right to a trial and cross-examination on such new
allegations.  Motion at 4-5.  Defendants oppose not only Plaintiffs' assertion that
the record should be reopened, but also the specific plan for reopening that
Plaintiffs propose.

prison" that would justify denying the motion to terminate. *Id.* The district court had based its opinion on the monitor's reports (as little as two months old), but had failed to give the defender of the prospective relief the opportunity to put forth other evidence or challenge the findings included in the report. *Id.* That failure was an abuse of discretion. *Id.*

*Loyd* was not about generally bringing a case "up to date," as Plaintiffs imply, but about the rights of the defender of existing prospective relief to bring forth current evidence to defend its continued existence under the authority of a statute requiring the same. Not only does the holding not apply to yet-to-be-granted prospective relief (as here), it does not even extend to termination proceedings regarding non-PLRA consent decrees. *See R.C. v. Walley*, 270 Fed. App'x 989, 991 (11th Cir. 2008). Plaintiffs' reliance on *Loyd* is misplaced because *Loyd* involved an unrelated federal statute that itself required the district court to consider the current conditions before terminating an injunction.

The Fourth Circuit case of *Lyons Partnership, L.P. v. Morris Costumes, Inc*., 243 F.3d 789 (4th Cir. 2001), is also of no help to Plaintiffs. The cherry-picked statement upon which Plaintiffs rely is dicta and discussed in the context of the inability to assert a laches defense against a claim for injunctive relief. *See Lyons*,

10

243 F.3d at 799.  There is no laches issue in the instant case.

Neither does the smattering of cases Plaintiffs string cite support reopening the record.  Contrary to Plaintiffs' representation, *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802 (4th Cir. 1991), does not stand for generally reopening a record upon remand when a prospective injunction is at issue.  Motion at 2-3 & n.1.  In *Direx*, the district court granted a *preliminary* injunction using the wrong legal standard and based on a finding of potential harm "at least a year down the road, maybe two or three years down the road."  952 F.2d at 816, 819.  Because a preliminary injunction should only be granted on the basis of "present or immediate need," upon remand, the district court was directed to apply the proper legal standard and make any necessary findings of fact, which, by definition, would have to include "new or changed circumstances."  *Id.*

The Eastern District of Virginia's well-known decision in *MercExchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608 (E.D. Va. 2006) is also of no help to the Plaintiffs.  The *MercExchange* case was on remand from the U.S. Supreme Court after that Court re-defined the standards for determining the propriety of injunctive relief in patent infringement cases.  In light of that significant change in the law, and "based on…the fact that both parties rely heavily on factual developments

11

occurring subsequent to this court's denial of MercExchange's original motion for injunction," the district court deemed it necessary to reopen the record. *Id*. at 626. Unlike *MercExchange*, in this case, there has been no change in the applicable law of fair use, and the parties do not rely heavily on recent factual developments. In fact, neither party has any need to rely on other facts since the present record has been fully developed and remains relevant.

Finally, in *Apple, Inc. v. Samsung Elecs. Co*., No. 11-CV-01846, 2012 U.S. Dist. LEXIS 91646 (N.D. Cal. July 2, 2012), the district court made the statement quoted by Plaintiffs' when it distinguished the *MercExchange* case from its own. *Id*. at *19-20.  The California district court then went on to hold that its record was correctly <u>not</u> reopened.  *Id*. at *20.  Similar to *Apple*, the record here should not be reopened.  Doing so would place a large burden on the Defendants and this Court, would prejudice the Defendants by denying their right to a trial, and would not serve the interest of the parties or the Court given the existence of a complete and relevant record.  Having previously insisted on proceeding to trial, Plaintiffs would not be unduly prejudiced by this Court's refusal to reopen the very record that Plaintiffs sought.

Moreover, the Eleventh Circuit specifically rejected Plaintiffs' arguments

12

that evidence from the three academic terms in 2009 was insufficient to fashion

prospective injunctive relief.  Plaintiffs argued that "the status of licensing in 2009

has no bearing on the question of whether GSU's copyright policy going forward

should require an investigation of whether a license is available." *Cambridge II* at

1279, n.33.  The Eleventh Circuit responded by stating that availability of licensing

at the time of the alleged infringement is "the relevant evidence" to be considered

in the work-by-work analysis.  *Id.*  Therefore, the existing record of the alleged

infringements comprises the proper basis from which to fashion relief, if any.

<u>CONCLUSION</u>

Defendants submit this Court should deny Plaintiffs' Motion.  Instead,

Defendants respectfully request that the Court set a briefing schedule that allows

the parties to address the issues in light of the Eleventh Circuit's Opinion.

Respectfully submitted, this 13th day of March, 2015.

> Samuel S. Olens
> Georgia Bar No. 551540
> Attorney General
> W. Wright Banks, Jr.
> Georgia Bar No. 036156
> Deputy Attorney General
> Denise E. Whiting-Pack
> Georgia Bar No. 558559
> Assistant Attorney General
> Mary Jo Volkert
> Georgia Bar No. 728755
> Assistant Attorney General
> Office of the Georgia Attorney General
> 40 Capitol Square
> Atlanta, Georgia 30334
> Telephone: (404) 656-3300
>
> /s/ Stephen M. Schaetzel
> Stephen M. Schaetzel
> Special Assistant Attorney General
> sschaetzel@mcciplaw.com
> Georgia Bar No. 628653
> Anthony B. Askew

14

Special Assistant Attorney General
taskew@mcciplaw.com
Georgia Bar No. 025300
Lisa C. Pavento
lpavento@mcciplaw.com
Georgia Bar No. 246698
Meunier Carlin & Curfman, LLC
999 Peachtree Street, N.E., Suite 1300
Atlanta, Georgia 30309
Telephone: (404) 645-7700
Facsimile: (404) 645-7707

John W. Harbin
Mary Katherine Bates
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, Georgia 30309
Tel: (404) 572-4600

Katrina M. Quicker
Special Assistant Attorney General
Baker & Hostetler LLP
1180 Peachtree Street NE, Suite 1800
Atlanta, Georgia 30309
Tel: (404) 459-0050

Attorneys for Defendants

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to L.R. 5.1B and 7.1D of the Northern District of

Georgia, that the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS'**

**MOTION TO RE-OPEN THE RECORD ON REMAND** complies with the font

and point selections approved by the Court in L.R. 5.1B. The foregoing pleading

was prepared on a computer using 14-point Times New Roman font.

/s/ Stephen M. Schaetzel
Stephen M. Schaetzel

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CAMBRIDGE UNIVERSITY PRESS;<br>OXFORD UNIVERSITY PRESS, INC.;<br>SAGE PUBLICATIONS, INC., | ) <br> ) <br> ) <br> ) | |
| Plaintiffs | ) <br> ) | CIVIL ACTION NO.<br>1:08-CV-1425-ODE |
| v. | ) <br> ) | |
| MARK P. BECKER, in his official<br>capacity as President of Georgia State<br>University, et al. | ) <br> ) <br> ) <br> ) | |
| Defendants | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 13th day of March 2015, I have electronically filed the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO RE-OPEN THE RECORD ON REMAND** using the CM/ECF system which will automatically send an e-mail notification of such filing to the attorneys of record.

/s/ Stephen M. Schaetzel
Stephen M. Schaetzel

17