IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CAMBRIDGE UNIVERSITY PRESS; | ) | |
| OXFORD UNIVERSITY PRESS, INC.; | ) | |
| SAGE PUBLICATIONS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action File No. |
| | ) | 1:08-CV-1425-ODE |
| v. | ) | |
| | ) | |
| MARK P. BECKER, in his official | ) | |
| Capacity as President of Georgia State | ) | |
| University, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' REMAND BRIEF AND TO DISREGARD DECLARATION WITH INCORPORATED MEMORANDUM IN SUPPORT

Defendants respectfully move pursuant to Federal Rules of Civil Procedure 26 and 37; Federal Rules of Evidence 401-403; and the Court's sound discretion to: (a) strike any portions of Plaintiffs' Remand Brief (Dkt. 500; "Pls. Br.") that recite or rely on any statements in the Declaration of Debra J. Mariniello (Dkt. 499-1; the "Declaration") (*e.g.*, at 6, 20, 35-41, 46-51, 54-55, 58, and 61); and disregard and not consider the statements in the Declaration in the Court's reevaluation of this case upon

remand (*see* Dkt. 495).

## I.  <u>BACKGROUND</u>

On April 22, 2015, this Court denied Plaintiffs' motion to reopen the record on remand.  Dkt. No. 495.  Nonetheless, on June 1, 2015 without leave, Plainitffs filed a Notice of Filing including the Declaration, and repeatedly referenced the Declaration in Plaintiffs' Remand Brief.  Dkt. No. 500. The Declaration purports to "evidence that licenses for digital use of seventeen works published by Cambridge University Press . . . and Oxford University Press . . . were available through [Copyright Clearance Center]" during the three 2009 academic terms at issue in this case. (Dkt. 499-1 ¶ 2.)

This Court previously found—correctly, according to the Eleventh Circuit— that the trial evidence did not support a finding that "digital excerpts [were] available . . . for [these] seventeen works." *See Cambridge Univ. Press v. Patton*, Nos. 12-14676 & 12-15147, slip. op. at 35, 100-01 ("*Cambridge*").  Plaintiffs offer a single sentence of ostensible justification: to address "gaps in the record" that exist because of an "absence of . . . precedent[] at the time of trial[] requiring . . . the specific license-availability showing this Court set forth in its ruling . . . ." (Pls. Br. at 5.)

Plaintiffs' justification fails for several reasons, including that Plaintiffs did adduce at trial just such licensing evidence.  Regardless, the record in the case is closed.  Plaintiffs have not sought leave to file the Declaration.  To the contrary, their

motion to reopen was denied.  Accordingly, any references to the Declaration in Plaintiffs' Remand Brief, and any statements made in reliance upon it, are improper and such statements should not be considered.

## II. <u>ARGUMENT</u>

At the outset, Plaintiffs' contention that they did not present at trial the digital licensing information included in the Declaration because, at that time, there was no "precedent" indicating a need to produce such evidence is without merit.

The importance of determining the availability of licenses for digital excerpts of the accused works during the 2009 academic terms was unquestionable. Plaintiffs' own theory of the case rendered such evidence relevant, and the District Court rightly obligated Plaintiffs to produce it. *See Cambridge* at 101-02 & n.43 ("Plaintiffs [advocate] that the availability of licenses shifts the factor four fair use analysis in their favor. Therefore, it was appropriate for them to be called upon to show that CCC provided in 2009 reasonably efficient, reasonably priced, convenient access to the particular excerpts [in question].")  Accordingly, this Court should, as the Eleventh Circuit rightly did, disregard Plaintiffs' argument they were not sufficiently aware of their burden and hold them accountable to the established trial record. *See Cambridge II* at 99-100 & n.33 (*e.g.*, "Plaintiffs were—or should have been—aware that the relevant evidentiary question was whether a market existed at the time of the

purported infringements.").

More importantly, the Declaration is not in evidence.  The record in this case is closed.  Submission of the Declaration without leave of court and in the face of the Court's April 22 Order is a transparent attempt to supplement the trial record without concern for the rigors of cross-examination or procedural correctness. The prejudice to GSU is obvious: "[T]he unfairness to [Defendants] which would result from the Court considering this new [information] is obvious; [Defendants have] had no opportunity to cross-examine . . . on [it]." *Mars, Inc. v. Coin Acceptors, Inc.*, No. 90-49(JCL), 2004 WL 4999044, *2 (D.N.J. Aug. 12, 2004). Plaintiffs are effectively treating the Declaration as being in evidence, but it is not.

Courts routinely reject efforts to inject new evidence in post-trial briefing; to hold otherwise would place Defendants at a critical disadvantage and thwart established protections against hearsay. *See, e.g.*, *Skydive Ariz., Inc. v. Quattrochi,* 704 F. Supp. 2d 841, 846 (D. Ariz. 2010), *rev'd in part on other grounds*, 673 F.3d 1105 (9th Cir. 2012) (excluding pursuant to Rule 37(c), new expert report introduced in post-trial motion; "producing an expert report for the first time, during post-trial proceedings . . . is highly unorthodox, completely inappropriate, and makes a mockery of the rules."). Likewise, in this case, the Court should not consider the statements in the post-trial Declaration.  *See, e.g.*, *Kothmann Enters., Inc. v. Trinity Indus., Inc.*, 455

F. Supp. 2d 608, 616 n.6 (S.D. Tex. 2006) (granting motion to strike insofar as the post-trial brief referred to evidence not admitted.); *Tristrata Tech., Inc. v. ICN Pharms., Inc.*, 314 F. Supp. 2d 356, 358-59 (D. Del. 2004) (granting motion to strike post-trial declaration because plaintiff "has had no opportunity to test the reliability of the statements in the [untimely] Declaration through discovery or cross-examination").

The Publishers' Motion to Re-Open the Record Upon Remand (Dkt. 489; Dkt. 493) sought to supplement the trial record, including with licensing information. (*See* Dkt. 493 at 4.) The Court declined to do so at this stage of the proceeding. (Dkt. 495 at 2.) Plaintiffs attempted end-run around the Court's express ruling via a "Notice of Filing" should not be accepted.

## III.    <u>CONCLUSION</u>

Defendants respectfully request that their Motion be granted, that any portions of Plaintiffs' Remand Brief that recite or rely on statements in the Declaration be stricken, and that the Declaration not be considered by this Court in its remand analysis.

Respectfully submitted this 11th day of July, 2015.

SAMUEL S. OLENS
Georgia Bar No. 551540
Attorney General

W. WRIGHT BANKS, JR.
Georgia Bar No. 036156
Deputy Attorney General

MARY JO VOLKERT
Georgia Bar No. 728755
Assistant Attorney General

MEUNIER CARLIN & CURFMAN LLC

*/s/ Stephen M. Schaetzel*

Stephen M. Schaetzel
Special Assistant Attorney General
Georgia Bar No. 628653
Anthony B. Askew
Special Assistant Attorney General
Georgia Bar No. 025300
Lisa C. Pavento
Georgia Bar No. 246698
John W. Harbin
Georgia Bar No. 324130
Meunier Carlin & Curfman LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: (404) 645-7700
Fax: (404) 645-7707
Email:  sschaetzel@mcciplaw.com
          taskew@mcciplaw.com
          lpavento@mcciplaw.com
          jharbin@mcciplaw.com


Katrina M. Quicker
Special Assistant Attorney General
Georgia Bar No. 590859
BAKER HOSTETLER
1180 Peachtree Street NE, Suite 1800
Atlanta, GA 30309-7512
Telephone: (404) 459-0050
Facsimile: (678) 459-5734
Email:  kquicker@bakerlaw.com

*Counsel for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to L.R. 5.1C and 7.1D of the Northern District of Georgia, that the foregoing Defendants' Motion To Strike Portions Of Plaintiffs' Remand Brief And To Exclude Declaration Testimony With Incorporated Memorandum In Support complies with the font and point selections approved by the Court in L.R. 5.1C. The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

*/s/ Stephen M. Schaetzel*
Stephen M. Schaetzel
Special Assistant Attorney General
Georgia Bar No. 628653
Meunier Carlin & Curfman LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: (404) 645-7700
Fax: (404) 645-7707
Email: sschaetzel@mcciplaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS; ) | |
| OXFORD UNIVERSITY PRESS, INC.; ) | |
| SAGE PUBLICATIONS, INC., ) | |
| ) | |
|       Plaintiffs, ) | |
| ) | Civil Action File No. |
| ) | 1:08-CV-1425-ODE |
| v. ) | |
| ) | |
| MARK P. BECKER, in his official ) | |
| Capacity as President of Georgia State ) | |
| University, et al. ) | |
| ) | |
| ) | |
|       Defendants. ) | |
| _____) | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 11th day of July 2015, I have

electronically filed the foregoing Defendants' Motion To Strike Portions Of

Plaintiffs' Remand Brief And To Disregard Declaration With Incorporated

Memorandum In Support using the CM/ECF system which will automatically

send an e-mail notification of such filing to the following attorneys of record:

Edward B. Krugman
*krugman@bmelaw.com*
Georgia Bar No. 429927
John H. Rains IV
Georgia Bar No. 556052

9

BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street NW, Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

R. Bruce Rich
Jonathan Bloom
Randi Singer
Todd D. Larson
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*/s/ Stephen M. Schaetzel*
Stephen M. Schaetzel
Special Assistant Attorney General
Georgia Bar No. 628653
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Phone: (404) 645-7700
Fax: (404) 645-7707
Email: sschaetzel@mcciplaw.com