IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CAMBRIDGE UNIVERSITY PRESS, *et al.*, | § § § | |
| Plaintiffs, | § | |
| v. | § § | Case No. 1:08-CV-1425-ODE |
| MARK P. BECKER, in his official capacity as Georgia State University President, *et al.*, | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE

Defendants respectfully submit this reply in support of their Motion to Strike Portions of Plaintiffs' Remand Brief and to Disregard Declaration (Dkt. 502).

## I. INTRODUCTION

More than four years after trial, Plaintiffs now attempt to supplement the trial record with information contained in the Debra J. Mariniello Declaration ("Declaration"), and unpersuasively try to justify this tardy action by distorting the Eleventh Circuit's Opinion and miscasting this Court's Local Rules. As demonstrated in Defendants' Opening Memorandum and further amplified here, this Court should disregard the Declaration and strike any statements in the Remand Brief made in reliance on it (including, *e.g.*, on pages 6, 20, 35-41, 46-51, 54-55, 58, and 61).

First, the Declaration is not part of the record in this case, nor should it be, and Plaintiffs' attempts to make this *proffered* evidence part of the record are substantively erroneous and procedurally improper.[1]  Second, Plaintiffs' use of the Declaration at this stage circumvents the important protections provided by Federal Rules of Civil Procedure, contravenes the purposes of the Rules and principles of finality, and prejudices Defendants.  Third, Plaintiffs' contention that the Eleventh Circuit's opinion modified the license-availability standard applied by the District Court, thereby necessitating the late-submitted Declaration (*see* Dkt. 500 at 5) is without merit.

## II. <u>ARGUMENT</u>

### A. The Declaration Is Not Part of the Record and the Local Rules Do Not Dictate Otherwise.

Contrary to Plaintiffs' contention, the Declaration is not simply a "limited supplementation of the trial record" presented to fill purported "gaps" in the existing record.  (Dkt. 504 at 5.)  As Plaintiffs acknowledge (*id.* at 1), this Court already considered the parties' evidence related to license availability (including, *e.g.*, evidence regarding excerpt-permissions income actually paid and the

---

[1] The Declaration is "proffered" evidence in name only.  Proffered evidence is inadmissible unless and until the Court rules otherwise.  *See* Fed. R. Evid. 103. Here, despite the absence of any motion, Plaintiffs' Remand Brief treats the proffered Declaration as if it is in evidence and part of the record in this case.  (*See, e.g.*, Dkt. 500 at 6, 20, 35-41, 46-51, 54-55, 58, and 61.)

testimony of two CCC representatives and representatives for Cambridge and Oxford) and concluded that, specifically with regard to these seventeen works, "Plaintiffs' proof encounter[ed] difficulties" that were not overcome, *see Cambridge Univ. Press v. Becker*, 863 F. Supp. 2d 1190, 1213-14, 1238-39 (N.D. Ga. 2012) ("*Cambridge I*"); *see also Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1240 & n.3 (11th Cir. 2014) ("*Cambridge II*").   The Eleventh Circuit described the Court's analysis as "a careful investigation of the evidence in the record" that "properly considered the availability of digital permissions in 2009." *Cambridge II*, 769 F.3d at 1281.[2]  Plaintiffs' Declaration that purports to provide additional, late-submitted "evidence" of licenses available during the three 2009 academic terms at issue in this case, is merely an out-of-time submission.  (Dkt. 499-1 ¶ 2.)

Furthermore, the Eleventh Circuit stated that "Plaintiffs were—or should have been—aware that the relevant evidentiary question was whether a market existed at the time of the purported infringements," *Cambridge II*, 769 F.3d at

---

[2]  Plaintiffs admit that they believed that they had adduced at trial sufficient evidence of licensing availability for all works at issue.  (*See* Dkt. 500 at 5 n.2; Dkt. 504 at 1, 5.)  Even so, Plaintiffs do not state whether they offer the most recent Mariniello Declaration as supplemental expert testimony (*see* Dkt.124-2) or supplemental factual testimony (*see* Dkt. 163) in response to Defendants' Notice of Introducing Deposition Testimony (Dkt. 382). Regardless, Plaintiffs offer no explanation for why any such evidence was not submitted earlier by this witness, regardless of the capacity in which she testified.

1278 n.33, and explicitly rejected Plaintiffs' argument that "the District Court erred in finding that digital licenses for many of the works in question were unavailable in 2009," holding that "it was reasonable for the District Court to find that a lack of direct evidence of availability indicated that licenses were unavailable," *id.* at 1279. The Declaration is merely a many-years-late attempt to correct a failure to present sufficient evidence at trial.

What's more is that the newly produced information appears to have been readily available since before the time of trial; according to the Declaration, the information included therein was obtained by performing a simple search in the CCC rights and works database for the relevant works-at-issue. (*See* Dkt. 499-1 ¶ 4.) At trial, Plaintiffs merely chose to move forward on other evidence; that is a choice they must live with now.

Plaintiffs attempt to differentiate their late submission from those in the cases cited in Defendants' Motion by saying that they "do not seek reargument" or "seek to introduce a previously undisclosed report." (Dkt. 504 at 5-6.) Yet their Remand Brief is nothing but reargument based in large part upon this new submission (*see* Dkt. 500), and Ms. Mariniello, in particular, served as an expert in this case, offering testimony on the breadth of the CCC repertory and the costs and availability of digital licenses for identified works (*e.g.*, Dkt. 163 at 14-18).

Plaintiffs' reliance on Local Rule 7.1(A)(1) is misplaced. Local Rule 7.1(A)(1) addresses what is required when presenting factual evidence in support of a *motion*. LR 7.1(A)(1), NDGa. Plaintiffs, however, did <u>not</u> make a motion; they filed a brief in response to this Court's order to do so and filed a Notice essentially telling the Court that the Declaration is now part of the record. (*See* Dkt. 500; Dkt. 499 at 1.) Had Plaintiffs complied with the Local Rules, as they now suggest they do, they would have either treated the Declaration as merely proffered evidence (*i.e.*, not in evidence) and <u>not</u> referred to it in their Remand Brief, or attached the proffered Declaration to their Motion to Re-Open the Record (Dkt. 489) and <u>not</u> submitted it *in place of* a proper motion.

Local Rule 7.1(A)(1) governing motion practice does not justify the post-trial filing of biased, untested, hearsay evidence and reliance upon it as though it were part of the long-closed trial record. Consequently, the Court should disregard the Declaration in its entirety, and strike any statements in the Remand Brief made in reliance on that Declaration.

**B. Entry of the Declaration Into Evidence at This Late Stage Runs Counter to the Protections and Efficiencies Provided by the Federal Rules of Civil Procedure.**

Plaintiffs have, without leave and without invitation, submitted a brand new, untested declaration on a subject they argued about strongly before the Eleventh

Circuit, and rely upon it heavily in their remand brief, yet remarkably contend, that the Declaration "in no way prejudices Defendants."  (Dkt. 504 at 6.)  To the contrary, Plaintiffs' belated attempt to supplement the trial record circumvents the Federal Rules governing discovery and evidence, contravenes the purposes of the Rules and principles of finality, and would unreasonably burden Defendants and this Court.

If parties could routinely after-the-fact submit any evidence they forgot or failed to adduce at trial—when they had opportunity to do so and there was reason to know and understand the significance (or potential significance) of the evidence—cases would never end.  Plaintiffs had the opportunity to present evidence of these purported licenses (Dkt. 499-1 ¶¶ 5-6)—through deposition witnesses, through trial witnesses, through discovery responses, in document productions—and they chose not to.  *See Cambridge I*, 863 F. Supp. 2d at 1238[3] ("Cambridge and Oxford's witnesses did not specifically identify which of their works at issue here were available for licensing through CCC in 2009."); *see also*

---

[3] As the Court pointed out, Plaintiffs' evidence not only failed to support their position, but actually demonstrated the opposite of what Plaintiffs desire to show. *See, e.g.*, *Cambridge I*, 863 F. Supp. 2d at 1238 ("Cambridge's representative, Frank Smith, testified that Cambridge does not allow excerpts of certain categories of books to be licensed through CCC.  He specifically mentioned reference books and language books, including English as a second language books.  He was not asked to identify which of Cambridge's books were available for licensed excerpts in 2009.").

*Cambridge II*, 769 F.3d at 1281 (discussing deficiencies in the evidence presented by Plaintiffs).

Federal Rule of Civil Procedure 26 requires a party to disclose in advance of trial any evidence that "it may present at trial other than solely for impeachment," Fed. R. Civ. P. 26(a)(3), which provides the other party with not only the opportunity to timely object and keep out improper evidence, but with a level playing field at trial.  The importance of Rule 26 is underscored by the penalties for failure to properly disclose under the Rule as enumerated in Rule 37(c), and include exclusion of the evidence altogether.  In their Remand Brief, Plaintiffs use the Declaration as trial evidence, even though it was never provided to Defendants during discovery, even though Defendants thus were never able to test the reliability of the evidence through deposition or cross-examination at trial, and even though Defendants' expert was never able to consider it.  Following the principles of Rule 26 and the corresponding dictates of Rule 37(c)(1), the Court may—and should—prohibit Plaintiffs from using this evidence because Plaintiffs' late production is neither "substantially justified" nor "harmless."  Fed. R. Civ. P. 37(c)(1)(C); *see In re Delta/AirTran Baggage Fee Antitrust Litig*., 846 F. Supp. 2d 1335, 1357-58 (N.D. Ga. 2012) (describing standards).

Moreover, if, as they now contend, Plaintiffs thought that "this Court announced [in its findings and conclusions (Dkt. 423)] a *new* requirement" for proof "that *digital* licenses and not simply licenses were readily available for excerpts of each of the works at issue during 2009" (Dkt. 504 at 1 (first emphasis added)), then they could have moved this Court for further consideration within 28 days following judgment under Rule 52(b).  Fed. R. Civ. P. 52(b) ("On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly.").  They did not.  And the time to do so has long since passed, foreclosing any opportunity for additional evidence on the issue.  *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1129 (11th Cir. 1994) ("Timeliness constitutes a jurisdictional dimension central to both the notice of appeal and the motion for reconsideration. … [A]n untimely filed motion to alter or amend cannot invoke a trial court's jurisdiction.").  Plaintiffs' have waived their contention, and nothing in the Eleventh Circuit's opinion undoes that waiver.

### C. The Eleventh Circuit's Opinion Did Not Change the Standard and Neither Invites Nor Requires Entry of the Declaration Into the Record.

Plaintiffs' proclamation that the Court of Appeals modified this Court's "digital license-availability standard," thereby inviting "evidence from Plaintiffs of

digital license availability for particular works in 2009" (Dkt. 504 at 1) is incorrect.

Plaintiffs cite a single passage of the appellate decision—a passage that arguably

does not even refer to Plaintiffs—that they contend modified this Court's factor-

four analysis.   (*See* Dkt. 504 at 3-4 (citing *Cambridge II*, 769 F.3d at 1280).)

Plaintiffs, however, fail to acknowledge the opinion's next several paragraphs in

which the Court of Appeals explains:

> Although the District Court did not articulate its approach to the
> evidentiary burden on license availability in exactly [the same
> manner], the District Court did essentially what we have described . . .
> requir[ing] Plaintiffs to put on evidence as to the availability of digital
> permissions in 2009, and Plaintiffs provided such evidence for some
> of the works in question but not for others.
> . . .
>
> The District Court engaged in a careful investigation of the evidence
> in the record, properly considered the availability of digital
> permissions in 2009, and appropriately placed the burden of going
> forward with the evidence on this issue on Plaintiffs.  **Accordingly,
> we find that *the District Court did not err* in its application of the
> fourth factor**.

*Cambridge II*, 769 F.3d at 1280-81 (emphasis added).  Nowhere in its opinion did

the Court of Appeals announce a "modified" standard that requires or invites

submission of the Declaration as Plaintiffs contend.  To the contrary, the Eleventh

Circuit expressly found no error.

    Plaintiffs' argument that the new Declaration "evidence" was not presented

at trial because, at the time of trial, there was no "precedent" indicating a need to

produce evidence of digital licenses (Dkt. 500 at 5) is incorrect and irrelevant.  At the time of trial, the *Texaco* decision was not only well known, but repeatedly relied on by Plaintiffs.  (*See* Dkt. 423 at 72-78 (citing *Am. Geophysical Union v. Texaco, Inc.*, 60 F.3d 913 (2d Cir. 1995)).)  Moreover, at trial, the importance of determining the availability of digital licenses for the accused works during the 2009 academic terms was clear.  In fact, as the Eleventh Circuit recognized, Plaintiffs' own theory of the case rendered such evidence relevant.  *See Cambridge II*, 769 F.3d at 1236-37 ("Plaintiffs are advocates of the theory that the availability of licenses shifts the factor four fair use analysis in their favor.  Therefore, it was appropriate for them to be called upon to show that CCC provided in 2009 reasonably efficient, reasonably priced, convenient access to the particular excerpts which are in question in this case."); *see also id.* at 1278 n.33 (stating, *inter alia*, that "Plaintiffs were—or should have been—aware that the relevant evidentiary question was whether a market existed at the time of the purported infringements.").  Throughout the case, in reliance on *Texaco*, Plaintiffs argued that factor four was in their favor because there was a "workable market for institutional users to obtain licenses" for digital copies of the excerpts.  *Cambridge I*, 863 F. Supp. 2d at 1236.  By asserting that creating digital copies of the excerpts substituted for existing (at the time of the alleged infringement) licenses to the

excerpts, Plaintiffs were obligated to produce evidence to support their assertion. *See id.* at 1236-37.  They did not.[4]

Accordingly, and as explained in Defendants' Motion to Strike, this Court should, as the Eleventh Circuit rightly did, reject Plaintiffs' argument they were not sufficiently aware of their burden and hold them accountable to their established trial record.

## III.    CONCLUSION

Plaintiffs' argument of a "new standard" is unavailing.  Having themselves placed the issue of digital license availability squarely before the Court in this case, Plaintiffs had a full and fair opportunity to develop and pursue evidence of digital licenses during discovery and at trial.

Local Rule 7.1(A)(1) does not allow Plaintiffs to submit or rely on biased, untested, hearsay statements first presented long after the trial record closed.  Their use of the Declaration now though it is part of the record further circumvents the important protections provided by Federal Rules of Civil Procedure, contravenes the purposes of the Rules and principles of finality, and prejudices Defendants by

---

[4] Plaintiffs, in fact, produced digital license availability evidence for many other works, and Plaintiffs' counsel represented to the Court that they had investigated the availability of digital licenses for all of these works and would point the Court to such evidence.  *See Cambridge I*, 863 F. Supp. 2d at 1236-38; *see also* Dkt. 406 Tr. 8/10 *et seq*.

denying them the opportunity to challenge the information.  Accordingly, any statements by Plaintiffs made in reliance on this proffered Declaration in their Remand Brief and any other submissions or representations to the Court should be stricken.

Respectfully submitted this 10th day of August, 2015.

SAMUEL S. OLENS
Georgia Bar No. 551540 Attorney General

W.WRIGHT BANKS, JR.
Georgia Bar No. 036156 Deputy Attorney General

MARY JO VOLKERT
Georgia Bar No. 728755 Assistant Attorney General

*/s/Katrina M. Quicker/*
Anthony B. Askew
Georgia Bar No. 025300
Special Assistant Attorney General
Stephen M. Schaetzel
Special Assistant Attorney General Georgia Bar No. 628653
John W. Harbin
Georgia Bar No. 324130
Lisa C. Pavento
Georgia Bar No. 246698
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street, N.W., Suite 1300
Atlanta, Georgia 30309
Phone: (404) 645-7700
Fax: (404) 645-7707

Email:  taskew@mcciplaw.com
         sschaetzel@mcciplaw.com
         jharbin@mcciplaw.com
         lpavento@mcciplaw.com

Katrina M. Quicker
Special Assistant Attorney General
Georgia Bar No. 590859
BAKER HOSTETLER LLP
1180 Peachtree Street NE, Suite 1800
Atlanta, GA 30309-7512
Telephone: (404) 459-0050
Facsimile: (404) 459-5734
Email: kquicker@bakerlaw.com

*Counsel for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to L.R. 5.1B and 7.1D of the Northern District of Georgia, that the foregoing DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE complies with the font and point selections approved by the Court in L.R. 5.1B.  The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

> */s/ Katrina M. Quicker*
> Katrina M. Quicker
> (Ga. Bar No. 590859)
> Special Assistant Attorney General
> Georgia Bar No. 590859
> BAKER HOSTETLER
> 1180 Peachtree Street NE, Suite 1800
> Atlanta, GA 30309-7512
> Telephone: (404) 459-0050
> Facsimile: (404) 459-5734
> Email: kquicker@bakerlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CAMBRIDGE UNIVERSITY PRESS, *et al.*, | § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Case No. 1:08-CV-1425-ODE |
| MARK P. BECKER, in his official capacity as Georgia State University President, *et al.*, | | |
| Defendants. | | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 10th day of August, 2015, I have electronically filed the DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Edward B. Krugman
krugman@bmelaw.com
Georgia Bar No. 429927
Corey F. Hirokawa
hirokawa@bmelaw.com
Georgia Bar No. 357087
John H. Rains IV
Georgia Bar No. 556052

BONDURANT, MIXSON &
ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA  30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

R. Bruce Rich
Randi Singer
Todd D. Larson

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*/s/ Katrina M. Quicker*
Katrina M. Quicker
(Ga. Bar No. 590859)
Special Assistant Attorney General
Georgia Bar No. 590859
BAKER HOSTETLER
1180 Peachtree Street NE, Suite 1800
Atlanta, GA 30309-7512
Telephone: (404) 459-0050
Facsimile: (404) 459-5734
Email: kquicker@bakerlaw.com