UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAMBRIDGE UNIVERSITY PRESS, et al.,<br><br>  Plaintiffs,<br><br>  *v.*<br><br>MARK P. BECKER, in his official capacity as Georgia State University President, et al.,<br><br>  Defendants. | Civil Action File<br>No.1:08-CV-1425-ODE |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
PROPOSED DECLARATORY JUDGMENT
AND PERMANENT INJUNCTION**

On May 11, 2012, the Court ruled that Defendants had infringed certain of Plaintiffs' copyrights by distributing (and causing to be distributed) excerpts of copyrighted works without permission through the Electronic Reserves ("ERes") and uLearn systems at Georgia State University ("GSU"). The Court so ruled notwithstanding Defendants' adoption of a new copyright policy several years earlier after this case was first filed.

On March 31, 2016, the Court issued a remand ruling (the "March 31 Order") again finding that Defendants had infringed certain of Plaintiffs'

1428999.1

copyrights by distributing (and causing to be distributed) excerpts of copyrighted works without permission through the ERes system. The Court directed Plaintiffs to file, within twenty days, "the proposed text of any injunctive or declaratory relief they seek, together with the rationale supporting their request." March 31 Order (Dkt. No. 510) at 212. The Court also stated that should Plaintiffs wish to "present additional evidence in support of a request for injunctive relief," they should "indicate with specificity what that evidence would be and how it would assist the Court in determining what injunctive relief, if any, to prescribe." *Id.*

## BACKGROUND

Following the Court's May 11, 2012 ruling (Dkt. No. 423), Plaintiffs submitted a detailed proposed injunction that incorporated the substance of the Court's fair use analysis as well as compliance-related procedures and a request for a declaratory judgment, along with supporting justifications. *See* Dkt. No. 426. In its August 10, 2012 Order (Dkt. No. 441), the Court rejected "the highly regimented type of injunctive relief Plaintiffs propose[d]" on the ground that "fair use analysis is fact intensive … [and] [t]here is no single formulation which would cover all cases." Dkt. No. 441 at 10-11. The Court further found that Defendants had tried to comply with copyright law and that that there was, therefore, "insufficient reason to impose a burdensome and expensive regimen of record-

keeping and report-making based on the totality of the circumstances." *Id.* at 11. Accordingly, rather than imposing either specific fair use guidelines or certification/reporting requirements or ordering specific modifications to the copyright compliance policies in place at GSU, the Court instead simply ordered Defendants to maintain copyright policies for GSU "not inconsistent with the Court's Order of May 11, 2012 and this Order" and to "disseminate to faculty and relevant staff at Georgia State the essential points of th[e] Court's rulings." *Id.*

On appeal, the Eleventh Circuit found this Court's fair use analysis to be erroneous in several respects, as summarized in this Court's March 31 Order; vacated the permanent injunction that had been issue by this Court; and remanded the case. *See Cambridge Univ. Press v. Patton*, 769 F.3d 1232 (11th Cir. 2014); March 31 Order at 5-10. Thereafter, on February 24, 2015, Plaintiffs filed a motion with this Court seeking to reopen the record on remand in order to supplement the 2009-focused trial record with evidence concerning unlicensed use of Plaintiffs' works at GSU during recent semesters. *See* Dkt. No. 489. The purpose of Plaintiffs' motion was to permit the Court to evaluate fair use and, consistent with the *Ex parte Young* doctrine and the Eleventh Circuit's opinion in this case, to fashion appropriate injunctive relief based on GSU's current practices, given that the trial record evidence was then some five years old. Plaintiffs also

sought leave to demonstrate the availability of digital licenses for works currently being used without permission at GSU, including works as to which the Court had found that no such licenses were available in 2009 (which was not, in fact, true of any of those works). Plaintiffs believed that refreshing the record as to digital license availability was essential if the Court were to make accurate fair use determinations, especially given the Eleventh Circuit's new requirement that a digital license be shown to be available for each work in order to establish market harm and its emphasis on the importance of factor four in the overall fair use determination, given the severe threat of market substitution by GSU's non-transformative use of these works.

Defendants opposed the motion, asserting that "the 'ongoing and continuous' requirement of *Ex parte Young* does not require an ongoing supplementation of the record after trial or after an appeal," Dkt. No. 492 at 6, and that the supplementation requested by Plaintiffs would be "grossly burdensome." *Id.* at 7.

The Court denied Plaintiffs' motion on the ground that it "[put] the cart before the horse." Dkt. No. 494 at 4. In the Court's view, it was necessary first "to determine, consistent with the Court of Appeals' rulings, whether Defendants' uses of Plaintiffs' works … are protected by the fair use defense." After those

determinations were made, the Court stated, it would "then determine what future course of action is appropriate." *Id.*

In its remand ruling, the Court held that the Court of Appeals' ruling called for a number of modifications to its fair use approach. *See* March 31 Order at 11-14. Nevertheless, despite the Eleventh Circuit's instruction to, *inter alia*, (i) abandon this Court's mechanistic approach to the fair use analysis; (ii) treat factor two as neutral or as weighing against fair use, rather than as favoring fair use in every case; and (iii) assign "relatively great" weight to the market harm factor, taking into account the consequences of conduct like GSU's becoming "unrestricted and widespread," the Court found fair use as to *more* works (by one – *Power Elite*) than it did in its original decision.

Now that the Court has made its fair use determinations on remand, it has, as noted, invited Plaintiffs to address appropriate relief and to identify any additional evidence that would assist the Court in determining appropriate injunctive relief, if any. Plaintiffs set forth their views on these issues below.

# ARGUMENT AND CITATION OF AUTHORITY

## I. PLAINTIFFS ARE ENTITLED TO A DECLARATORY JUDGMENT AND A PERMANENT INJUNCTION

The Court's finding that Defendants infringed some of Plaintiffs' copyrights and that the infringement was caused by Defendants' copyright policy requires the issuance of a declaratory judgment and a permanent injunction to prevent future infringement of Plaintiffs' works.

1. A declaratory judgment is "an appropriate means of determining intellectual property rights" where an actual controversy exists as to whether a party is infringing a copyright. *See generally Baisden v. I'm Ready Prods., Inc.*, 804 F. Supp. 2d 549, 551-52 (S.D. Tex. 2011); 28 U.S.C. § 2201(a). Based on the Court's infringement determinations, Plaintiffs request a declaration that Defendants infringed the works identified in the Court's March 31 Order.

2. The Court's finding that Defendants infringed certain of Plaintiffs' copyrights also merits permanent injunctive relief. The Copyright Act authorizes the Court to grant an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "[A]n injunction is appropriate when there is a past infringement and a substantial likelihood of future infringement." *New World Music Co. v. Tampa Bay Downs,*

1428999.1

*Inc.*, No. 8:07-cv-398-T-33TBM, 2009 WL 35184, at *9 (M.D. Fla. Jan. 6, 2009) (internal quotation marks and citation omitted); *see also Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 632-33 (S.D.N.Y. 2011) (entering permanent injunction to prevent future copyright infringement); *Stygian Songs v. Johnson*, 776 F. Supp. 2d 233, 238 (N.D. Tex. 2011) (entering permanent injunction requiring defendant to acquire license before future public performances of copyrighted music).

In rejecting the detailed injunction proposed by Plaintiffs in 2012, the Court indicated its preference for a "hands off" approach to injunctive relief that would entrust Defendants to modify their policies and practices as necessary to implement the Court's ruling.  Now, however, that the Eleventh Circuit has required modification of various aspects of this Court's fair use analysis, Plaintiffs believe an injunction embodying those modifications is warranted.   In addition, should the Court deny Plaintiffs' request for additional fact-finding (see below), or should additional fact-finding reveal continuing violation of the Order by GSU, Plaintiffs believe modest compliance procedures similar to those set forth in Plaintiffs' 2012 proposed injunction would be warranted.   A proposed injunction reflecting these views is attached hereto as Exhibit 1.

1428999.1

Additional fact-finding is reasonable and appropriate because the evidence before the Court concerning copyright compliance practice at GSU and digital license availability is indisputably stale, reflecting practices that are now seven years old. Plaintiffs continue to believe that limited additional fact-finding concerning current unlicensed usage of Plaintiffs' works at GSU, as well as concerning the availability of digital licenses for any such works, is warranted to ensure that injunctive relief is tailored to current conduct at GSU. The evidence sought is as described in Plaintiffs' motion to reopen the record, *see* Dkt. No. 489 at 3-5, and Plaintiffs renew that request now.

Should Defendants change their position and contest the propriety of injunctive relief, they should bear the burden of coming forward with evidence demonstrating that such relief is not necessary or appropriate. Defendants should then have an opportunity to contest, and address the legal import of, any such evidence and to elicit such additional evidence as may be needed to do so.

## CONCLUSION

Plaintiffs disagree with the Court's remand ruling, and they reserve all rights of appeal in connection with that ruling as embodied in any final order the Court issues. Nevertheless, based on the findings the Court has made, Plaintiffs submit

that their proposed declaratory judgment and permanent injunction should be entered.

Respectfully submitted this 20th day of April, 2016.

/s/ John H. Rains IV
Edward B. Krugman
Georgia Bar No. 429927
John H. Rains IV
Georgia Bar No. 556052

BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street NW
Suite 3900
Atlanta, Georgia  30309
(404) 881-4100

R. Bruce Rich (*pro hac vice*)
Randi W. Singer (*pro hac vice*)
Jonathan Bloom (*pro hac vice*)
Todd D. Larson (*pro hac vice*)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

*Attorneys for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that this document complies with the font and point selections set forth in Local Rule 5.1.  This document was prepared in Times New Roman 14 point font.

/s/ John H. Rains IV
John H. Rains IV

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PROPOSED DECLARATORY JUDGMENT AND PERMANENT INJUNCTION** with the Clerk of Court using the CM/ECF filing system which will send e-mail notification of such filing to opposing counsel as follows:

John W. Harbin, Esq.
Natasha H. Moffitt, Esq.
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia  30309

Katrina M. Quicker, Esq.
BALLARD SPAHR, LLP
999 Peachtree Street, Suite 1000
Atlanta, Georgia  30309

Anthony B. Askew, Esq.
Stephen M. Schaetzel, Esq.
MCKEON, MEUNIER, CARLIN & CURFMAN, LLC
817 W. Peachtree Street, Suite 900
Atlanta, Georgia 30308

Mary Jo Volkert, Esq.
Assistant State Attorney General
40 Capitol Square
Atlanta, Georgia 30334

This 20th day of April, 2016.

                                          /s/ John H. Rains IV
                                          John H. Rains IV