```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF GEORGIA
                           ATLANTA DIVISION

CAMBRIDGE UNIVERSITY PRESS,    )
ET AL,                         )
                               )
             Plaintiffs,       )
        v.                     )   CIVIL ACTION
                               )   FILE NO. 1:08-CV-01425
                               )
CARL V. PATTON, ET AL,         )
                               )
             Defendants.       )
_____)


-----------------------------------------------------------------

                BEFORE THE HONORABLE ORINDA D. EVANS
                     TRANSCRIPT OF PROCEEDINGS
                         DECEMBER 12, 2016

-----------------------------------------------------------------


APPEARANCES:

For the Plaintiff:        JONATHAN BLOOM
                          EDWARD BRYAN KRUGMAN
                          Attorneys at Law

For the Defendant:        STEPHEN M. SCHAETZEL
                          ANTHONY B. ASKEW
                          Attorneys at Law


         Proceedings recorded by mechanical stenography
           and computer-aided transcript produced by

                 JANA B. COLTER, RMR, CRR, CRC
                  Realtime Systems Administrator
                     Official Court Reporter
                       2394 U.S. Courthouse
                     75 Ted Turner Drive, SW
                     Atlanta, Georgia  30303
                         (404) 215-1456
```

```
 1                     DECEMBER 12, 2016
 2                        2:09 P.M.
 3                          -  -  -
 4                     P R O C E E D I N G S
 5                          -  -  -
 6         THE COURT:  Good afternoon, everybody.
 7         MR. SCHAETZEL:  Good afternoon.
 8         MR. BLOOM:  Good afternoon, Your Honor.
 9         THE COURT:  How are you?
10         MR. SCHAETZEL:  Good, thanks.
11         THE COURT:  How are my old friends?
12         MR. SCHAETZEL:  Getting older.
13         THE COURT:  Yeah, I know, aren't we?  We all are, for
14   sure.
15         As you all know, this is set down for a hearing on
16   the defendant's motion for production of the plaintiffs'
17   billing records.  I've read the briefs that y'all have filed,
18   and let me tell you what's -- what I'm thinking at this point.
19         I am assuming that the -- well, maybe I shouldn't
20   assume this.  I am assuming that the bill that the defendants
21   wish to have approved by the Court would be inclusive of the
22   attorneys' fees expended before the last go-around; in other
23   words, what I'm thinking is after I initially ruled on the
24   merits, the defendants, I believe, sought to collect fees.
25   And I think you all reached some type of agreement about what
```

1  those fees would be, or what reasonable fees would be.  Not an
2  agreement, I understand the plaintiffs didn't agree that they
3  should pay any fees.
4          But putting that aside for just a moment, my best
5  recollection is that y'all informed me that you had come to an
6  agreement about what the amount, the reasonable amount would
7  be and that that is the amount of attorneys' fees that was
8  taxed originally as part of the judgment.  Feedback?
9          MR. SCHAETZEL:  Your Honor, on behalf of the
10 defendant, GSU Board of Regents, I'm Steve Schaetzel.  And I
11 think the way we think of it, Your Honor, is consistent with
12 Ms. Singer's comments at a previous hearing before the Court,
13 she indicated -- Ms. Singer's counsel for the plaintiff
14 publishers.
15         THE COURT:  Right.
16         MR. SCHAETZEL:  And she indicated that they were not
17 going to challenge either the rate nor the amount of hours,
18 which I think leads to ultimately the conclusion that for that
19 original amount in terms of fees, if you will, there was at
20 least no contest, if not no -- if not an agreement that that
21 was a reasonable amount.
22         THE COURT:  Right, right.  So in my mind, there's no
23 need to plow that ground again.
24         Do y'all agree, Mr. Bloom?
25         MR. BLOOM:  Yeah, Your Honor, if I might.  You'll

1  recall there was some litigation over -- some dispute over
2  certain categories of the fee request that defendants made
3  back after Your Honor's post-trial ruling.  And so we disputed
4  some of those, and the Court accepted certain of our arguments
5  and arrived at a determination of a reasonable amount of fees
6  and costs.  And those amounts were then, after that, those
7  issues had been litigated was part of Your Honor's judgment.
8          And then obviously, as Your Honor knows, the case
9  went up to the Eleventh Circuit, which vacated both the merits
10 ruling and the fee award that was based on it.
11         THE COURT:  Correct.
12         MR. BLOOM:  And as a result, Your Honor, we think as
13 we sit here now, it's appropriate for the Court to revisit in
14 light of the Eleventh Circuit's ruling whether that prior
15 award which rested on the Court's finding that the --
16         THE COURT:  But why should -- I don't know why we
17 need to revisit it.  I mean, if y'all agreed to it originally
18 as to the issue of the reasonableness of the amount --
19         MR. BLOOM:  Yeah, if I might, Your Honor.  The reason
20 is because circumstances subsequently changed.  In our view,
21 the Eleventh Circuit materially changed the applicable law and
22 we believe changed the extent to which the defendants at that
23 point could be considered the prevailing party or the extent
24 to which their advocacy was successful.
25         THE COURT:  Yeah, but see I'm not talking now

1  about -- well, maybe I --
2       MR. BLOOM: Your Honor, if I might just refer the
3  Court for its consideration to what the Eleventh Circuit said
4  in the *Norman* case, which we've cited in our brief.
5       THE COURT: I'm very familiar with the *Norman* case.
6  You don't need to do that.
7       MR. BLOOM: Okay. But --
8       THE COURT: But what we're really talking about
9  initially here is what amount of hours is reasonable for a
10 certain amount of work and the reasonableness of the hourly
11 fees charged.
12      MR. BLOOM: Right.
13      THE COURT: And it seems to me that we plowed that
14 ground initially before the Eleventh Circuit -- they did
15 vacate the fee award, of course, I know that.
16      MR. BLOOM: Right, right.
17      THE COURT: Because they had vacated the underlying
18 judgment ordering judgment on its merits.
19      MR. BLOOM: Right. Correct.
20      THE COURT: But here we are again needing to look at
21 the reasonableness of fees that were charged, and I don't
22 really see why it's necessary to again determine the
23 reasonableness of the fees charged by the defendants for work
24 that was done before the Eleventh Circuit's reversal.
25      MR. BLOOM: Right. No, I understand the Court's

1  question.  If I might just make the following point, which is
2  that we're not asking the Court to revisit either the
3  reasonableness of the fees or the hours expended.  Our
4  argument as to why we think an adjustment of that prior award
5  is appropriate is based on a point the Court made -- the
6  Eleventh Circuit made in *Norman*, which is that it's
7  appropriate to adjust the results of that lodestar calculation
8  depending on the degree of success of the party.  And the
9  Court said if the result was partial or limited success, the
10 lodestar may be reduced to an amount that's not excessive.
11 And it specifically referred to adjustments for what it called
12 unsuccessful theories.
13         Now, we think that at least to some extent, the
14 Eleventh Circuit did not accept defendants' advocacy and ruled
15 in a way that was in some respects favorable to the
16 plaintiffs, although obviously there was no final
17 determination made by the Eleventh Circuit as to who
18 ultimately would prevail.
19         So we think based on that movement in the law and the
20 standard articulated in *Norman* that it's appropriate for the
21 Court to say, well, actually, defendants did not succeed to
22 the extent I believe they did.
23         THE COURT:  But when you talk about the lodestar, you
24 are talking about the reasonable --
25         MR. BLOOM:  Correct.

```
 1              THE COURT:  -- hourly rate times the number of hours
 2   worked.
 3              MR. BLOOM:  That's correct.  And what Norman --
 4              THE COURT:  And it seems to me that there is no need
 5   to go back to that old timeframe and revisit what's the
 6   reasonable amount of hours and the reasonable fees.  What
 7   you're talking about is adjusting the lodestar, and that can
 8   be done, yes, maybe so, but again, why should we go back and
 9   go pore over time entries?
10              MR. BLOOM:  And I'm not suggesting that, Your Honor,
11   just to be clear.  I agree with the Court --
12              THE COURT:  Okay.
13              MR. BLOOM:  -- in that regard.
14              THE COURT:  Okay.
15              MR. BLOOM:  I'm simply saying that based on the
16   Eleventh Circuit's appraisal of the merits, it's appropriate
17   to then take that lodestar and say well, this situation has
18   changed somewhat, defendants were not as successful as they
19   were based on the Court's ruling.
20              THE COURT:  I understand what you're saying.
21              MR. BLOOM:  Yeah, that's all.
22              THE COURT:  Now let's talk about what we're going to
23   do going forward.
24              The defendants would like the plaintiffs to produce
25   billing records.  And I -- in my mind, there's no need to do
```

1  that for the time covered by the old bill, what we've already
2  been through.  So what date would that mean -- do y'all recall
3  what the cutoff date was on the last go-around?
4          MR. SCHAETZEL:  Off the top of my head, I do not,
5  Your Honor.  Bear with me, I might be able to produce it.
6          THE COURT:  Now, what the plaintiffs are saying is
7  that they should not have to produce their billing records
8  unless and until the Court determines that those billing
9  records would be helpful to the Court.  That's my
10 understanding of your position, right?
11         MR. BLOOM:  Yeah.  Yes, basically, Your Honor, but we
12 believe that it may be appropriate in the Court's discretion
13 to look at our billing records, but only if it makes a
14 determination that the defendants have made their threshold
15 showing of adequately justifying the hours that they're
16 seeking to recover from the plaintiffs.
17         And as we made clear in our papers, we think those
18 are excessive on their face and that the requisite showing,
19 for example, of why it was necessary for multiple senior and
20 junior lawyers to perform certain tasks was justified.
21         So we think that they have not sort of crossed the
22 threshold of making the showing that the Eleventh Circuit's
23 held as necessary for them to even, you know, be entitled to
24 look at our billing records because our billing records cannot
25 make that showing for them, so we think they've fallen short

```
 1  of sort of that threshold.
 2          THE COURT:  It seems to me that this case is --
 3  uniquely concerns the fair use defense.  Of course the
 4  defendants have the burden of proof on that.  But I believe
 5  both sides have been totally dedicated to addressing the fair
 6  use defense.  And so it would seem to me that what the -- the
 7  amount of work the plaintiffs have done that is devoted to
 8  that topic would probably be helpful to the Court in
 9  determining whether the overall amount of work the defendants
10  have done on that topic is reasonable.  What I'm saying is I
11  think -- I really think that it is likely that the plaintiffs
12  are going to have to produce those records in some form.  It
13  may just be a question of when.
14          I think what we need to do first is set a date for
15  the hearing.  And, Vicki, could you pick a date that's about a
16  month from now?  Well, maybe a month and a half.
17          MR. BLOOM:  Your Honor, may I just make a point, a
18  slightly different point?
19          THE COURT:  Yes, sir.
20          MR. BLOOM:  Thank you.  I just wanted to sort of put
21  this entire set of issues in context, if I might.  Believe it
22  or not, after all these years, I think the Court's aware of
23  this, the winner of this case has yet to be determined and
24  both the remand decision as well as specifically the decision
25  to award attorneys' fees are now up at the Eleventh Circuit.
```

1  And for that reason, defendants strongly believe that the most
2  appropriate course of action for the Court at this point,
3  given the strong interest in judicial economy, is to deny
4  defendants' motions without prejudice until the appeal is
5  resolved, until we see whether the fee award survives the
6  appeal, without prejudice to their --
7              THE COURT:  Well, you know, I have thought about
8  that.  Why not just wait and see.  But here's the problem, as
9  you -- as we've talked about earlier in the hearing, we're all
10 getting older and time is going by and that's the kind of
11 issue that it's probably easier to address it now than later.
12 That's my thought.
13             MR. BLOOM:  Well, yeah, Your Honor, as --
14             THE COURT:  Especially since it doesn't seem to me
15 that the parties are interested in reaching some kind of
16 agreement on this issue.
17             MR. BLOOM:  Well, Your Honor --
18             THE COURT:  In fact, it doesn't look to me like y'all
19 have tried hard at all, either side.
20             MR. BLOOM:  Well, Your Honor, I think -- I appreciate
21 the fact that the Court is prepared apparently to dig into
22 this task, which, you know, will involve sort of a painstaking
23 review of the defendants' time records.  And we, as I said,
24 believe that the Court need not undertake that task.
25 Defendants will in no way be prejudiced by a deferral of that

1  ruling.  And if the Court were to issue a fee award while the
2  appeal is pending, that would then require plaintiffs not only
3  to have to post a bond, but to, in all likelihood, initiate a
4  second appeal, all of which may prove to be unnecessary.
5          And just so the Court's aware, very briefly, I mean,
6  we're arguing at the Eleventh Circuit, and our opening brief
7  was filed last month, not only that reversal on the merits
8  would remove the basis for a fee award, but that -- even if
9  the Eleventh Circuit were to affirm Your Honor's fair use
10 determinations, we believe that under Eleventh Circuit law,
11 given the Court's finding of several infringements and the
12 award of an injunction to plaintiffs, that plaintiffs are the
13 prevailing party as a matter of law.  But even if that's not
14 the case --
15         THE COURT:  I'm rolling my eyes.
16         MR. BLOOM:  But even -- but, Your Honor, even if --
17 even if defendants were properly considered the prevailing
18 party, we believe it's quite clear under *Kirtsaeng* that
19 awarding attorneys' fees to defendants was an abuse of
20 discretion.  So we're making at least three levels of
21 argumentation.
22         THE COURT:  I understand your arguments, and I'm --
23 you know, I'm ready to do what I -- do my part to -- what
24 little I can do at this point to try to move this matter
25 forward.

```
 1                  So, let's see, we need a date, Vicki.
 2            COURTROOM DEPUTY:  How long are we going to need?
 3   About how long do we need for the hearing?
 4            THE COURT:  I'd say several hours.
 5            COURTROOM DEPUTY:  How about Friday February 3rd at
 6   11:00?
 7            THE COURT:  Anybody got a problem with that?
 8            MR. BLOOM:  I'm sorry, I didn't hear you.
 9            COURTROOM DEPUTY:  Friday, February 3rd at 11:00.
10            MR. SCHAETZEL:  That date will work for our side, the
11   defendants, thank you.
12            THE COURT:  Okay.  All right.  Then --
13            MR. BLOOM:  I believe so.
14            THE COURT:  I want for defendants to provide
15   defendants' billing records to the plaintiffs a week before
16   that hearing.  And I want for y'all to make sure that they are
17   covered by the confidentiality order.  I think we have one.
18            MR. KRUGMAN:  I think you may have said it backwards.
19            MR. BLOOM:  Yes, Your Honor, did you mean to say
20   plaintiffs provide defendants with their billing records?
21            THE COURT:  No.
22            MR. BLOOM:  No, okay.  Pardon me.
23            THE COURT:  No.  You all, as I understand it, the
24   defendants have not yet provided any records to the plaintiff;
25   is that correct?
```

1     MR. SCHAETZEL:  I believe that's incorrect.
2     THE COURT:  Okay.
3     MR. SCHAETZEL:  I believe we have provided with our
4  fee request and prior to that all of our billing records.  Is
5  that correct, we've provided --
6     MR. ASKEW:  Yeah.
7     THE COURT:  Okay.  You may be right.  I don't recall
8  seeing any billing records myself.  But you wouldn't
9  necessarily file them with the Court, I guess.
10    MR. SCHAETZEL:  Exactly.
11    MR. BLOOM:  Your Honor, just to clear this up, we did
12 receive billing records from the defendants with their fee
13 request.  And our review of those records was what prompted us
14 to challenge the fee request.
15    THE COURT:  Okay.  All right.  So okay.  So what I
16 want is this:  I want for the plaintiffs to bring with them to
17 the hearing your billing records.  And I may very well require
18 that they be turned over at that time.  And if I do that, then
19 we'll have to, you know, maybe take -- have another hearing a
20 week after that.  And I, you know, honestly, I'd have to tell
21 you that I sort of think that we're going to wind up -- you're
22 going to wind up providing them to the other side.  As I said,
23 I -- it's hard for me to believe that it's not going to be
24 relevant, but we'll see.
25    Okay.  Anything else?  Any questions?

```
1            MR. SCHAETZEL:  None from our side, Your Honor.
2            MR. BLOOM:  No.  Thank you for your time, Your Honor.
3            THE COURT:  All right.  Thank you.  Nice to see you.
4            MR. SCHAETZEL:  Thank you.
5            MR. KRUGMAN:  Thank you, Your Honor.
6            COURTROOM DEPUTY:  All rise.  The Court will stand in
7   recess.
8            (Whereupon, the proceedings were adjourned at 2:29
9   p.m.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    REPORTERS CERTIFICATE
 2
 3
 4        I, Jana B. Colter, Official Court Reporter for the
 5   United States District Court for the Northern District of
 6   Georgia, with offices at Atlanta, do hereby certify:
 7        That I reported on the Stenograph machine the
 8   proceedings held in open court on December 12, 2016, in the
 9   matter of CAMBRIDGE UNIVERSITY PRESS, ET AL V. CARL V. PATTON,
10   ET AL, Case No. 1:08-CV-01425; that said proceedings in
11   connection with the hearing were reduced to typewritten form
12   by me; and that the foregoing transcript (14 pages) is a true
13   and accurate record of the proceedings.
14        This the 19th day of December, 2016.
15
16
17
18                              _____
                           /s/  Jana B. Colter, RMR, CRR, CRC
19                              Official Court Reporter
20
21
22
23
24
25
```